COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
JAMIE D. ROBERTSON (326003)
(jdrobertson@cooley.com)
4401 Eastgate Mall
San Diego, California  92121
Telephone:    (858) 550-6000
Facsimile:     (858) 550-6420

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE #1 AND JOHN DOE #2,<br><br>         Plaintiffs,<br><br>    v.<br><br>TWITTER, INC.,<br><br>         Defendants. | Case No. 3:21-cv-00485-JCS<br><br>**DEFENDANT TWITTER, INC.'S RESPONSE TO PLAINTIFFS' *EX PARTE* APPLICATION FOR EXTENSION OF LENGTH FOR MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:    Honorable Joseph C. Spero |

Defendant Twitter, Inc. ("Twitter") offers a response to Plaintiffs' *Ex Parte* Application for Extension of Length for Memorandum of Law in Opposition to Defendants' Motion to Dismiss (the "*Ex Parte* Application," ECF No. 51), and will defer to the Court's judgment. Twitter notes two points regarding Plaintiffs' request—(i) the *Ex Parte* Application is procedurally improper under Civil Local Rule 7-10, and (ii) the *Ex Parte* Application does not explain how or why any page extension is necessary.

Civil Local Rule 7-10 mandates that an *ex parte* application "include a citation to a statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Civil L.R. 7-10. Yet the *Ex Parte* Application here does not cite any "statute, rule or order" that authorizes it, which "alone [] justif[ies] denial." *Bertuccio v. San Benito Cty*, 2013 WL 2147421, at *3 (N.D Cal. May 15, 2013) ("The motion **must** include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." (emphasis added)); *Garrison v. Oracle Corp.*, 159 F. Supp. 3d. 1044, 1061 (N.D. Cal. 2016) (striking *ex parte* motion because it "does not cite to any authority permitting the filing of an *ex parte* motion").

And, even if the Court considers the *Ex Parte* Application, it does not articulate why ten additional pages of briefing is required.[1] Courts have established page limits for sound reasons: "Judicial economy and concise argument are purposes of the page limit." *Aircraft Technical Publishers v. Avantext, Inc.*, 2009 WL 3833573, at *1 (N.D. Cal. Nov. 16, 2009) (ordering plaintiff to refile its summary judgment motion that may "not [] exceed twenty-five pages"). Here, Plaintiffs have failed to explain how or why any page extension—let alone ten additional pages—would serve judicial economy, encourage concise argument, or is necessary. The *Ex Parte* Application claims that the "length and complexity of the issues" warrants additional pages but does not point to any specific issue to explain how or why that is so. The *Ex Parte* Applications also avers that much of Plaintiffs' current draft "consists of direct quotes and paraphrases of Defendants' Motion to Dismiss," but that problem can be fixed simply by replacing such quotes and paraphrases with references to the page and line numbers of Defendants' Motion to Dismiss.

---

[1] The proper mechanism for Plaintiffs' requested relief would have been a motion for administrative relief under Civil Local Rule 7-11. *See* Civil L.R. 7-11.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2    **DEFENDANT TWITTER, INC.'S RESPONSE TO**
     ***EX PARTE* APPLICATION**
     Case No. 3:21-cv-00485-JCS

Twitter respectfully submits this response and defers to the Court. Twitter requests that in the event the Court grants the *Ex Parte* Application, the Court also grants Twitter an equal number of additional pages for its anticipated reply.

Dated: June 7, 2021                                          COOLEY LLP

By: */s/ Kyle C. Wong*
      Kyle C. Wong

*Attorneys for Defendant*
*Twitter, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT TWITTER, INC.'S RESPONSE TO
*EX PARTE* APPLICATION
Case No. 3:21-cv-00485-JCS