COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
JAMIE D. ROBERTSON (326003)
(jdrobertson@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
TWITTER, INC.

NATIONAL CENTER ON SEXUAL
EXPLOITATION
Benjamin W. Bull*
Peter A. Gentala*
Danielle Bianculli Pinter*
Christen M. Price*
1201 F St NW, Suite 200
Washington, D.C., 20004
Telephone: (202) 393-7245
lawcenter@ncose.com

THE HABA LAW FIRM, P.A.
Lisa D. Haba*
Adam A. Haba*
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com
adamhaba@habalaw.com

THE MATIASIC FIRM, P.C.
Paul A. Matiasic (SBN 226448)
Hannah E. Mohr (SBN 294193)
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 675-1089
matiasic@mjlawoffice.com

Attorneys for Plaintiffs
*Admitted Pro Hac Vice

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE #1 AND JOHN DOE #2,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TWITTER, INC.,<br><br>　　　　Defendants. | Case No. 3:21-cv-00485-JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date:　August 6, 2021<br>Hearing Time:　9:30 a.m.<br>Judge:　Honorable Joseph C. Spero |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS

The parties to the above-entitled action (the "Parties"), having met and conferred through their counsel via telephone on July 16, 2021, submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

The Parties agree that Twitter has been properly served and that there are no issues regarding personal jurisdiction or venue. Twitter's principal place of business is in California. The Parties agree that this Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

## II. FACTS ALLEGED

Plaintiffs allege the following: In 2017, Plaintiffs were both 13 years old boys when they were tricked and blackmailed by unknown Traffickers into sending explicit photos and videos of themselves using Snapchat, an online messaging application. For a period of time, Plaintiffs were sex trafficked by the unknown Traffickers. Sometime after, Plaintiffs cut off contact with the Traffickers. On or about January 19 or 20, 2020, Plaintiffs learned that a compilation video(s) depicting their exploitation and trafficking (the "Videos") had been posted on Twitter by unknown individuals. Plaintiff John Doe #1 and his mother reported the Videos to Twitter using Twitter's reporting process three times beginning on January 21, 2020. Twitter requested proof of John Doe #1's identity and age in order to investigate the claims. Plaintiff John Doe #1 submitted a picture of his driver's license that same day, verifying that he was a minor. Plaintiff John Doe #1 emailed Twitter about the Videos and notified Twitter that they were created from harassment and threats. John Doe #1's mother separately emailed Twitter about removing the Videos as well. On January 28, 2020, Twitter informed Plaintiff John Doe #1 that it had reviewed the Videos, did not find a violation of its policies, and would not be taking any action to remove the Videos. Sometime after, John Doe #1's mother contacted an agent of the United States Department of Homeland Security ("DHS"), who sent Twitter a request to take down the Videos. On or about January 29, 2020, after Twitter received the request from DHS, Twitter removed the Videos.

Based on these alleged facts, Plaintiffs brings the following claims against Twitter:

- Violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS

1591(a)(1) and 1595 (Count I);

- Benefitting From a Sex Trafficking Venture in Violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591(a)(2) and 1595 (Count II);
- Violation of Duty to Report Child Sexual Abuse Material, 18 U.S.C. §§ 2258A and 2258B (Count III);
- Civil Remedies for Personal Injuries Related to Sex Trafficking and Receipt and Distribution of Child Pornography, 18 U.S.C. §§ 1591, 2252A, and 2255 (Count IV);
- California Products Liability (Count V);
- Negligence (Count VI);
- Gross Negligence (Count VII);
- Negligence Per Se (Count IIX);
- Negligent Infliction of Emotional Distress (Count IX);
- Distribution of Private Sexually Explicit Materials, Cal. Civ. Code §1708.85 (Count X);
- Intrusion Into Private Affairs (Count XI);
- Invasion of Privacy Under the California Constitution, Article I, Section I (Count XII).

Twitter disputes all the allegations in Plaintiffs' First Amended Complaint ("FAC") and denies any liability under any claim, asserted or otherwise.

**III.   LEGAL ISSUES**

The legal issues to be decided are (1) whether Twitter is entitled to immunity from all of Plaintiffs' claims under Section 230 of the Communications Decency Act ("CDA § 230"), 47 U.S.C. § 230, and (2) whether the FAC establishes all the elements of Plaintiffs' claims for violation of 18 U.S.C. §§ 1591, 1595, 2252A, 2255, and 2258A, 2258B, violation of California Business and Professions Code § 17200, California products liability, negligence, gross negligence, negligence per se, and negligent infliction of emotional distress, Cal. Civ. Code § 1708.85, intrusion into private affairs, and invasion of privacy.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS

### IV. MOTIONS

Twitter's motion to dismiss the original Complaint, which was filed on March 10, 2021, Dkt. No. 38, was rendered moot by Plaintiffs' filing of the FAC on April 7, 2021, Dkt. Nos. 39, 43. Twitter filed a motion to dismiss Plaintiffs' FAC on May 7, 2021, which is now fully briefed. Dkt. Nos. 48, 55, 59. A hearing on that motion is set for August 6, 2021 at 9:30 a.m.

### V. AMENDMENT OF PLEADINGS

Plaintiffs reserve their right to file the appropriate motion and seek to amend their complaint, should circumstances arise. Twitter believes that the pleadings should not be amended again and reserves the right to oppose any motion to amend brought by Plaintiffs.

### VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII. DISCLOSURES

During the Rule 26(f) conference, the Parties agreed to defer initial disclosures until a ruling on Twitter's pending motion to dismiss. The Parties agreed that in the event the Court allows any of Plaintiffs' claims to survive, the Parties would exchange initial disclosures within seven days following entry of the Court's order.

### VIII. DISCOVERY

The Parties have also agreed that discovery should be stayed and no discovery plan should be adopted until after the Court rules on Twitter's motion to dismiss. The Parties believe such a stay is warranted because (1) Section 230, if applicable, grants immunity not only from liability but also from the burdens of litigation, including discovery, and (2) a stay during the time it will take for the Court to decide Twitter's pending motion to dismiss will promote judicial economy and avoid the potential waste of the Parties' resources.

### IX. CLASS ACTIONS

This is not a class action.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS

**X.    RELATED CASES**

There are no related cases.

**XI.   RELIEF**

Plaintiffs are seeking relief by way of the following: (1) preliminary and permanent injunctive relief to prohibit Defendant from continuing to engage in the acts alleged herein, (2) compensatory damages, (3) restitution and disgorgement of all profits and unjust enrichment stemming from the distribution of the Videos, (4) punitive damages, (5) attorney's fees, costs, and expenses, and (6) statutory damages.

Twitter does not see any relief as appropriate or warranted.

**XII.  SETTLEMENT AND ADR**

The Parties are considering whether ADR or settlement discussions will be fruitful at this time.

**XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have consented to assignment of this case to a Magistrate Judge.

**XIV.  OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**XV.   NARROWING OF ISSUES**

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time, other than those presented in Defendants' pending motion to dismiss. The Parties will continue to meet and confer about any issues that might be narrowed.

**XVI.  EXPEDITED TRIAL PROCEDURE**

The Parties agree that this action need not proceed on an expedited basis.

**XVII. SCHEDULING**

On April 14, 2021, this Court entered an order setting the briefing schedule for Twitter's motion to dismiss. Dkt. Nos. 45. The Initial Case Management Conference and the hearing on Twitter's motion to dismiss is now set for August 6, 2021.

The Parties have agreed that all activity in this suit, other than that necessary to resolve

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS

Twitter's motion to dismiss, should be stayed pending disposition of that motion. The Parties further agree that it is premature to establish dates for designation of experts, discovery cutoff, pretrial conference and trial.

### XVIII. TRIAL

The Parties have not formulated a view on trial at this time.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have complied with Civil Local Rule 3-15 by filing a Certificate of Interested Parties.

### XX. PROFESSIONAL CONDUCT

All attorneys of record for the respective Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. OTHER MATTERS

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: July 30, 2021

COOLEY LLP

/s/ Michael Rhodes
Michael G. Rhodes (116127)
Kyle C. Wong (224021)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone: (415) 693-2000
Email: rhodesmg@cooley.com
Email: kwong@cooley.com

Linh K. Nguyen (305737)
Jamie D. Robertson (326003)
4401 Eastgate Mall
San Diego, California 92121
Telephone: (858) 550-6000
Email: lknguyen@cooley.com
Email: jdrobertson@cooley.com

*Attorneys for Defendant Twitter, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS

| | |
|---|---|
| Dated: July 30, 2021 | THE MATIASIC FIRM, P.C. |
| | /s/ Paul Matiasic |
| | Paul A. Matiasic (226448) |
| | Hannah E. Mohr (294193) |
| | 4 Embarcadero Center, Suite 1400 |
| | San Francisco, CA 94111 |
| | Telephone: (415) 675-1089 |
| | Email: matiasic@mjlawoffice.com |
| | |
| | NATIONAL CENTER ON SEXUAL EXPLOITATION |
| | Benjamin W. Bull (*Admitted Pro Hac Vice*) |
| | Peter A. Gentala (*Admitted Pro Hac Vice*) |
| | Danielle Bianculli Pinter (*Admitted Pro Hac Vice*) |
| | Christen M. Prince (*Admitted Pro Hac Vice*) |
| | 1201 F St NW, Suite 200 |
| | Washington, D.C. 20004 |
| | Telephone: (202) 393-7245 |
| | Email: lawcenter@ncose.com |
| | |
| | THE HABA LAW FIRM, P.A. |
| | Lisa D. Haba (*Admitted Pro Hac Vice*) |
| | Adam A. Haba (*Admitted Pro Hac Vice*) |
| | 1220 Commerce Park Dr., Suite 207 |
| | Longwood, FL 32779 |
| | Telephone: (844) 422-2529 |
| | Email: lisahaba@habalaw.com |
| | adamhaba@habalaw.com |
| | |
| | *Attorneys for Plaintiffs John Doe #1 and #2* |

## **ATTESTATION**

*Filer's Attestation:* Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, Linh Nguyen hereby attests that concurrence in the filing of this document has been obtained.

| | |
|---|---|
| Dated: July 30, 2021 | COOLEY LLP |
| | |
| | /s/ *Linh K. Nguyen* |
| | Linh K. Nguyen |
| | |
| | Attorneys for Defendant Twitter, Inc. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
Case No. 3:21-cv-00485-JCS