1   COOLEY LLP
    MICHAEL G. RHODES (116127)
2   (rhodesmg@cooley.com)
    KYLE C. WONG (224021)
3   (kwong@cooley.com)
    101 California Street, 5th Floor
4   San Francisco, CA 94111-5800
    Telephone:    (415) 693-2000
5   Facsimile:    (415) 693-2222

6   LINH K. NGUYEN (305737)
    (lknguyen@cooley.com)
7   JAMIE D. ROBERTSON (326003)
    (jdrobertson@cooley.com)
8   4401 Eastgate Mall
    San Diego, California 92121
9   Telephone:    (858) 550-6000
    Facsimile:    (858) 550-6420

10

11  Attorneys for Defendant
    TWITTER, INC.

12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16

17  JOHN DOE #1 AND JOHN DOE #2,          Case No. 3:21-cv-00485-JCS

18              Plaintiffs,               **DEFENDANT TWITTER, INC.'S ANSWER TO
                                          PLAINTIFFS' FIRST AMENDED COMPLAINT**
19          v.
                                          Judge: Honorable Joseph C. Spero
20  TWITTER, INC.,

21              Defendants.

22

23

24

25

26

27

28

Defendant Twitter, Inc. ("Twitter") hereby answers Plaintiffs John Doe #1 and John Doe #2's ("Plaintiffs") First Amended Complaint (Dkt. 39, the "FAC").  Except as otherwise expressly admitted herein, Twitter denies each allegation in the FAC, including any heading meant to be construed as an allegation.  Twitter repeats those headings here for organizational purposes only. Each response in this Answer is made subject to the following limitations.  First, the responses do not constitute an acknowledgement or admission of the validity or relevance of any allegation. Second, where Twitter states that it lacks knowledge or information sufficient to form a belief about the truth of an allegation, Twitter reserves the right to argue that the allegation is true or false based on the evidence.

<u>**ANSWER TO ALLEGATIONS**</u>

The introductory paragraph on pages 2 and 3 of the FAC, contains introductory statements to which no response is required.  To the extent any response is required, Twitter admits that the identified causes of action were originally asserted in the FAC, but that all causes of action except Count II (18 U.S.C. §§ 1591(a)(2) and 1595) were dismissed with prejudice by the Court in its August 19, 2021 Order (Dkt. 69).  Twitter denies the remaining allegations set forth in this paragraph.

<u>**INTRODUCTION**</u>

1.      In response to paragraph 1, the allegations in this paragraph consist of Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

2.      In response to paragraph 2, the allegations in this paragraph consist of Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

3.      In response to paragraph 3, the allegations in this paragraph consist of Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

4.      In response to paragraph 4, Twitter admits that, as of July 27, 2021, it has 206 million average monetizable daily active users.  The remaining allegations in this paragraph consist

of Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

5.     In response to paragraph 5, Twitter denies the allegations in this paragraph.

6.     In response to paragraph 6, Twitter lacks knowledge or information sufficient to form a belief as to the allegation in the first sentence of this paragraph and on that basis Twitter can neither confirm nor deny.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions and characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

7.     In response to paragraph 7 and the accompanying footnotes, Twitter admits that Congress passed the Communications Decency Act in 1996.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions to which no response is required.  To the extent a response is required, Twitter denies the allegations to the extent they mischaracterize, or are incomplete or inconsistent with the cited sources.

8.     In response to paragraph 8 and the accompanying footnote, Twitter admits that Congress passed a bill known as Fight Online Sex Trafficking Act ("FOSTA") and Stop Enabling Sex Traffickers Act ("SESTA") in 2018 and that the quoted material in paragraph 8 appears at the source cited in footnote 3.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions and characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

9.     In response to paragraph 9 and the accompanying footnotes, Twitter admits that the quoted material appears in the source cited in footnotes 4 and 5 but has been taken out of its complete context.  Twitter denies the remainder of the allegations in this paragraph.

## JURISDICTION AND VENUE

10.     In response to paragraph 10, Twitter admits that it is a business with its main headquarters and operations in California.  Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning Plaintiffs, and on that ground can neither confirm nor deny them.  The remaining allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Twitter denies the allegations

therein.

11.     In response to paragraph 11, the allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is required, Twitter admits that Plaintiffs assert federal claims against Twitter.

12.     In response to paragraph 12, the allegations in this paragraph state a legal conclusion, to which no response is required.  To the extent a response is required, the Court dismissed Plaintiffs' state law claims with prejudice, so no answer is required.  (Dkt. 69.)

13.     In response to paragraph 13, Twitter admits that it is headquartered in San Francisco, California.  The remaining allegations in this paragraph state a legal conclusion, to which no response is required.  To the extent a response is required, Twitter does not contest venue in this Court.

## PARTIES

### A.     Plaintiffs

14.     In response to paragraph 14, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations concerning the relationship between Jane Doe and John Doe #1, and on that ground can neither confirm nor deny them.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions and characterization regarding certain documents filed in this action to which no response is required; to the extent a response is required, Twitter denies the allegations to the extent they mischaracterize, or are incomplete or inconsistent with the docket or documents filed in this action.

15.     In response to paragraph 15, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

16.     In response to paragraph 16, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

17.     In response to paragraph 17, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

them.

18.    In response to paragraph 18, Twitter admits that Plaintiffs sought to proceed in this action under pseudonyms.   The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims which do not require a response; to the extent a response is required, Twitter can neither confirm nor deny them.

19.    In response to paragraph 19, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

20.    In response to paragraph 20, the allegations in this paragraph consist of Plaintiffs' legal conclusions and characterizations regarding certain documents filed in this action to which no response is required.   To the extent a response is required, Twitter denies the allegations to the extent they mischaracterize, or are incomplete or inconsistent with the docket or documents filed in this action.

**B.    Defendant**

21.    In response to paragraph 21, Twitter admits it is a Delaware corporation with its principal office or place of business at 1355 Market Street, Suite 900, San Francisco, CA 94103. Twitter denies the remaining allegations in this paragraph.

22.    In response to paragraph 22, Twitter admits that it owns and operates the website www.twitter.com.

<u>**FACTS**</u>

**THE TWITTER PLATFORM, BUSINESS MODEL, AND CONTENT MODERATION POLICIES AND PRACTICES**

23.    In response to paragraph 23 and the accompanying footnote, Twitter admits that, as of July 27, 2021, it has 206 million average monetizable daily active users.   Paragraph 23 cites third-party statements for the remaining allegations and the cited source speaks for itself, so no response is required.   To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the figures reported by the cited third-party and on that basis denies them.

24.     In response to paragraph 24 and the accompanying footnotes, Twitter admits that it reported positive net income and that it employs approximately 4,900 full-time employees as of December 31, 2019, as noted in the Company's Form 10-K filed with the SEC on February 19, 2020.  Paragraph 24 cites third-party statements for the remaining allegations and the cited source speaks for itself, so no response is required.  To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the figures reported by the cited third-party and on that basis denies them.

25.     In response to paragraph 25 and the accompanying footnote, Twitter admits that the allegations in this paragraph purport to characterize Twitter's revenue as reported in its Form 10-Q filed with the SEC on October 30, 2020.  The cited source speaks for itself, so no response is required.  To the extent a response is required, Twitter denies the allegations to the extent they mischaracterize, or are incomplete or inconsistent with the cited source.

26.     In response to paragraph 26, Twitter admits that its platform allows users to communicate online in brief posts that are called "Tweets," which are limited to 280 characters and can include photos, videos, GIFs, and voice recordings.  Twitter denies the remaining allegations in this paragraph.

27.     In response to paragraph 27, Twitter admits that when a Twitter user reposts another user's Tweet it is known as "Retweeting."  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

28.     In response to paragraph 28, Twitter admits the allegations in this paragraph.

29.     In response to paragraph 29 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 10 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

30.     In response to paragraph 30, Twitter admits that it generates revenue through advertising services and data licensing.  Twitter denies the remaining allegations in this paragraph.

31.     In response to paragraph 31 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 11 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

32.     In response to paragraph 32 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 12 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

33.     In response to paragraph 33 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 13 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

34.     In response to paragraph 34, Twitter admits that it collects certain information from users consistent with its publicly available and operative Privacy Policy.  Twitter denies the allegations in this paragraph to the extent they are incomplete, mischaracterize or are inconsistent with Twitter's Privacy Policy.

35.     In response to paragraph 35 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 14 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

36.     In response to paragraph 36, Twitter admits the allegations in this paragraph.

37.     In response to paragraph 37, Twitter admits the allegations in this paragraph.

38.     In response to paragraph 38, the allegations in this paragraph consist of Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is

required, Twitter denies the allegations therein.

39.     In response to paragraph 39, Twitter admits it collects and uses data relating to the activity of Twitter users on its platform in a manner outlined in Twitter's operative Terms of Service, Privacy Policy, and any other applicable policies.  Twitter denies the remaining allegations in this paragraph.

40.     In response to paragraph 40 and the accompanying footnote, Twitter admits that it uses a metric known as "monetizable daily active usage" as that term is defined in the Company's most recent Form 10-Q filed with the SEC on July 27, 2021.  Twitter denies the remaining allegations in this paragraph.

41.     In response to paragraph 41 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 16 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

42.     In response to paragraph 42, Twitter admits that it takes enforcement actions against content on the Twitter platform as outlined in the Twitter User Agreement.  Twitter denies the remaining allegations in this paragraph.

43.     In response to paragraph 43 and the accompanying footnote, Twitter admits that it takes enforcement actions against content on the Twitter platform as outlined in the Twitter User Agreement.  Paragraph 43 cites an online article for the remaining allegations and the cited source speaks for itself, so no response is required.  To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the information reported by the cited third-party and on that basis denies them.

44.     In response to paragraph 44, Twitter admits that, among other actions, it may ban or limit the visibility of content on Twitter's platform in accordance with the Twitter User Agreement. The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

45.     In response to paragraph 45 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 18 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

46.     In response to paragraph 46 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnotes 18 and 19 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

47.     In response to paragraph 47 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 20 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

48.     In response to paragraph 48, Twitter admits the allegations in this paragraph.

49.     In response to paragraph 49 and the accompanying footnote, the allegations in this paragraph purport to characterize an online article written by a third-party.  Twitter admits that the article can be found at the URL in footnote 21.  To the extent a further response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the information and on that basis denies them.

50      In response to paragraph 50, Twitter denies the allegations in this paragraph.

51.     In response to paragraph 51, Twitter admits that the quoted material was Tweeted by the account @jack on January 13, 2021 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

**TWITTER AND SEXUAL EXPLOITATION MATERIAL**

52.     In response to paragraph 52, Twitter admits it generates revenue from the sale of advertising services and data licensing, among other services.   Twitter denies the remaining allegations.

53.     In response to paragraph 53, the allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

54.     In response to paragraph 54, Twitter denies the allegations.

55.     In response to paragraph 55 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 22 but has been taken out of its complete context.   The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

56.     In response to paragraph 56 and the accompanying footnote, Twitter admits that it has a zero-tolerance child sexual exploitation policy and that the quoted material appears in the source cited in footnote 23 but has been taken out of its complete context.   The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

57.     In response to paragraph 57 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 24 but has been taken out of its complete context.   The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

58.     In response to paragraph 58 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 25 but has been taken out of its complete context.   Twitter denies the remaining allegations in this paragraph.

59.     In response to paragraph 59, the allegations in this paragraph purport to characterize an uncited report written by a third-party.   The report speaks for itself, so no response is required.

To the extent a response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the information reported by the third-party and on that basis denies them.

60.     In response to paragraph 60 and the accompanying footnote, Twitter admits that it is a signatory to the Five Country Ministerial's Voluntary Principles to Counter Online Child Sexual Exploitation and Abuse.  Twitter admits that the quoted material appears in the source cited in footnote 60 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

61.     In response to paragraph 61, Twitter denies the allegations in this paragraph.

62.     In response to paragraph 62, the allegations consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required Twitter denies the allegations therein.

63.     In response to paragraph 63, the allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

64.     In response to paragraph 64 and the accompanying footnote, Twitter admits the allegations in this paragraph.

65.     In response to paragraph 65 and the five accompanying footnotes, Twitter admits the allegations in this paragraph.

66.     In response to paragraph 66 and the accompanying footnote, the allegations in this paragraph consist of Plaintiffs' characterization of their allegations, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

67.     In response to paragraph 67, Twitter admits it has procedures in place to report child sexual exploitation content that it has identified on its platform to NCMEC and/or law enforcement. The remaining allegations in this paragraph consist of Plaintiffs' characterizations of their allegations to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

68.     In response to paragraph 68, the allegations in this paragraph purport to characterize

an encounter between Twitter and an unknown third-party without identifying the specific source or date associated with the encounter.  As such, Twitter lacks sufficient information to confirm the allegations and, on that basis, denies them.

69.     In response to paragraph 69, the allegations in this paragraph purport to characterize an encounter between Twitter and an unknown third-party without identifying the specific source or date associated with the encounter.  As such, Twitter lacks sufficient information to confirm the allegations and, on that basis, denies them.

*Child Pornography or Child Sexual Abuse Material*

70.     In response to paragraph 70, Twitter denies the allegations in this paragraph.

71.     In response to paragraph 71, the allegations in this paragraph consist of Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

72.     In response to paragraph 72 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 30 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

73.     In response to paragraph 73 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 31 but has been taken out of its complete context.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

74.     In response to paragraph 74, Twitter admits that it utilizes type-ahead or autocomplete technology in search, including with respect to hashtags.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

75.     In response to paragraph 75 and the accompanying footnote, the allegations in this paragraph purport to characterize an online article.  Twitter admits that the article can be found at

the URL in footnote 32.  To the extent a further response is required, Twitter lacks knowledge or information sufficient to form a belief as to the basis for the information in the article and on that basis denies them.  The remaining allegations consist of Plaintiffs' characterizations of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

76.     In response to paragraph 76, Twitter admits that promoted Tweets and/or advertisements are shown intermixed between Tweets.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

77.     In response to paragraph 77, the allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

78.     In response to paragraph 78, Twitter admits that it typically does not block hashtags, but it may prevent hashtags that violate the Twitter User Agreement from trending.  The remaining allegations consist of Plaintiffs' characterizations of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

79.     In response to paragraph 79, the allegations in this paragraph consist of Plaintiffs' characterizations of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

*Twitter's Search-Suggestion Feature*

80.     In response to paragraph 80, Twitter admits that its platform utilizes type-ahead or autocomplete technology in its search tools that users may use to find specific content.  Twitter denies the remaining allegations in this paragraph.

81.     In response to paragraph 81, the allegations in this paragraph consist of Plaintiffs' characterization of their claims to which no response is required; to the extent response is required, Twitter denies the allegations therein.

82.     In response to paragraph 82, Twitter denies the allegations and characterizations in this paragraph.

83.     In response to paragraph 83, Twitter admits that it is aware of the #megalinks hashtag.  Twitter denies the remaining allegations in this paragraph.

84.     In response to paragraph 84, Twitter admits that it has a "zero-tolerance" policy against Child Sexual Exploitation content.   Twitter denies the remaining allegations in this paragraph.

**THE TRAFFICKING OF JOHN DOE #1 AND JOHN DOE #2**

85.     In response to paragraph 85, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

86.     In response to paragraph 86, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

87.     In response to paragraph 87 and the accompanying footnote, Twitter admits that the blog can be found at the URL in footnote 33.  Twitter lacks knowledge or information sufficient to form a belief as to the truth for the remaining allegations and on that basis can neither confirm nor deny them.

88.     In response to paragraph 88, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

89.     In response to paragraph 89, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

90.     In response to paragraph 90, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

91.     In response to paragraph 91, Twitter lacks sufficient knowledge and information to

1  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

2  them.

3        92.    In response to paragraph 92, the allegations in this paragraph consist of Plaintiffs'

4  legal conclusions and characterization of their claims, which do not require a response; to the extent

5  a response is required, Twitter denies the allegations therein.  Twitter lacks sufficient knowledge

6  and information to form a belief as to the truth of the remaining allegations in this paragraph, and

7  on that ground can neither confirm nor deny them.

8        93.    In response to paragraph 93, Twitter lacks sufficient knowledge and information to

9  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

10  them.

11        94.    In response to paragraph 94, Twitter lacks sufficient knowledge and information to

12  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

13  them.

14        95.    In response to paragraph 95, Twitter lacks sufficient knowledge and information to

15  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

16  them.

17        96.    In response to paragraph 96, Twitter lacks sufficient knowledge and information to

18  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

19  them.

20        97    In response to paragraph 97, Twitter lacks sufficient knowledge and information to

21  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

22  them.

23        98.    In response to paragraph 98, Twitter lacks sufficient knowledge and information to

24  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

25  them.

26        99.    In response to paragraph 99, Twitter lacks sufficient knowledge and information to

27  form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

28  them.

100.     In response to paragraph 100, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and on that ground can neither confirm nor deny them.

**CSAM DEPICTING JOHN DOE #1 AND JOHN DOE #2 IS DISTRIBUTED ON TWITTER**

101.     In response to paragraph 101, Twitter admits that the report reproduced in this paragraph was submitted to Twitter on December 25, 2019.   Twitter denies the remaining allegations in this paragraph.

102.     In response to paragraph 102, Twitter admits that the report reproduced in paragraph 101 was assigned claim number 0136403334.  Twitter denies that it did not take action against the @StraightBross account.  Twitter suspended the @StraightBross account on January 28, 2020.

103.     In response to paragraph 103, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

104.     In response to paragraph 104, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

105.     In response to paragraph 105, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

106.     In response to paragraph 106, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

107.     In response to paragraph 107, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

108.     In response to paragraph 108, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny

them.

109.    In response to paragraph 109, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

110.    In response to paragraph 110, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

111.    In response to paragraph 111, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

112.    In response to paragraph 112, Twitter admits that on or around January 20, 2020, it received a communication regarding the Twitter user @fitmalesblog and that this report was assigned case number 0139512883.  Twitter lacks sufficient knowledge and information to confirm or deny whether the communication was sent by Plaintiff John Doe #1.  The remaining allegations in this paragraph are Plaintiffs' characterizations of the allegations, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

113.    In response to paragraph 113, Twitter admits that in response to case number 0139512883, Twitter responded on January 21, 2020, with the quoted text in this paragraph.

114.    In response to paragraph 114, Twitter admits that on January 22, 2020, it received an email containing the quoted text.  Twitter lacks sufficient knowledge and information to confirm or deny the remaining allegations in this paragraph.

115.    In response to paragraph 115, Twitter admits that on January 22, 2020, it received a communication regarding the Twitter accounts @StraightBross and @fitmalesblog.  Twitter lacks sufficient knowledge and information to confirm or deny whether the communication was sent by the mother of Plaintiff John Doe #1.  The remaining allegations in this paragraph are Plaintiffs' characterization of their claims, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

116.    In response to paragraph 116, Twitter admits the allegations in this paragraph.

117.    In response to paragraph 117, Twitter admits the allegations in this paragraph.

118.    In response to paragraph 118, Twitter admits that on January 22, 2021, it received a complaint that referenced a law enforcement report.  Twitter lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations, and on that ground can neither confirm nor deny them.

119.    In response to paragraph 119, Twitter admits that it received a communication containing the quoted email on January 26, 2020.  Twitter lacks sufficient knowledge and information to confirm or deny whether the communication was sent by the mother of Plaintiff John Doe #1.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of the allegations, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

120.    In response to paragraph 120, Twitter admits that in response to case number 0139512883, Twitter responded on January 28, 2020, with the quoted text in this paragraph.

121.    In response to paragraph 121, the allegations in this paragraph refer to alleged statements by unknown third parties, for which no response is required.  To the extent a response is required, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

122.    In response to paragraph 122, the allegations in this paragraph consist of Plaintiffs' characterization of their allegations, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

123.    In response to paragraph 123, Twitter admits that on January 28, 2020, it received a communication containing the quoted language.  Twitter lacks sufficient knowledge and information to confirm or deny whether the communication was sent by Plaintiff John Doe #1.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their allegations, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

124.    In response to paragraph 124, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding the number of views and Retweets, in

part, because it is unclear to which videos this paragraph refers, and on that ground can neither confirm nor deny them.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their allegations to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

125.    In response to paragraph 125, Twitter admits that the @StraightBross account was suspended on January 28, 2020, at which point content posted by the account would no longer be visible on the Twitter platform.  Twitter further admits that the @fitmalesblog account was suspended on January 30, 2020, at which point the content posted by the account would no longer be visible on the Twitter platform.  Twitter lacks sufficient knowledge and information to form a belief regarding what specific content is being referenced in this allegation, and on that ground can neither confirm nor deny the allegation.  The remaining allegations in this paragraph consist of Plaintiffs' characterization of their allegations, which do not require a response; to the extent a response is required, Twitter denies the allegations therein.

126.    In response to paragraph 126 and the accompanying footnote, Twitter admits that the quoted material appears in the source cited in footnote 35 but has been taken out of its complete context.  Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph, and on that ground can neither confirm nor deny them.

127.    In response to paragraph 127, Twitter reported the @fitmalesblog account to NCMEC on January 30, 2020.  Twitter lacks sufficient knowledge and information to form a belief regarding what specific content is being referenced in this allegation, and on that ground can neither confirm nor deny the allegation

128.    In response to paragraph 128, Twitter admits that it received a communication from the U.S. Department of Homeland Security, Investigations regarding content associated with the @fitmalesblog account on January 30, 2020 and suspended the account the same day on January 30, 2020.  Twitter lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in this paragraph, and on that ground denies them.

129.    In response to paragraph 129, Twitter suspended the @StraightBross user account on January 28, 2020 and the @fitmalesblog user account on January 30, 2020 and the

@fitmalesblog account was reported to NCMEC on January 30, 2020.  Twitter denies the remaining allegations in this paragraph.

130.    In response to paragraph 130, Twitter admits that the @StraightBross account had previously been reported through the CSAM reporting portal.  Twitter denies that it had previously identified CSAM on the @StraightBross account in connection with the previous report.

131.    In response to paragraph 131 and the accompanying footnote, Twitter admits that it did not block the IP addresses associated with the user account @StraightBross.  As discussed in Twitter's Help Center, Twitter does not have a practice of blocking IP addresses associated with user accounts that have violated the Twitter User Agreement because IP blocking is generally ineffective at stopping unwanted behavior, and may falsely prevent legitimate accounts from accessing our service.  Twitter admits that an account @BrossStraight was created on Twitter's platform on January 18, 2020.  Twitter suspended the account @BrossStraight on January 21, 2021.  The remaining allegations consist of Plaintiffs' characterization of their claims to which no response is required; to the extent a response is required, Twitter denies the allegations therein.

132.    In response to paragraph 132, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

## **CLAIMS ALLEGED**

## **COUNT I**

**VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, 18 U.S.C. §§ 1591(a)(1) AND 1595**

133.    In response to paragraph 133, Twitter denies this paragraph as moot with respect to Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

134.    In response to paragraph 134, Twitter denies this paragraph as moot with respect to Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

135.    In response to paragraph 135, Twitter denies this paragraph as moot with respect to

1   Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
2   prejudice of this claim.  (*See* ECF No. 69.)

3        136.    In response to paragraph 136, Twitter denies this paragraph as moot with respect to
4   Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
5   prejudice of this claim.  (*See* ECF No. 69.)

6        137.    In response to paragraph 137 Twitter denies this paragraph as moot with respect to
7   Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
8   prejudice of this claim.  (*See* ECF No. 69.)

9        138.    In response to paragraph 138, Twitter denies this paragraph as moot with respect to
10  Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
11  prejudice of this claim.  (*See* ECF No. 69.)

12       139.    In response to paragraph 139, Twitter denies this paragraph as moot with respect to
13  Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
14  prejudice of this claim.  (*See* ECF No. 69.)

15       140.    In response to paragraph 140, Twitter denies this paragraph as moot with respect to
16  Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
17  prejudice of this claim.  (*See* ECF No. 69.)

18       141.    In response to paragraph 141, Twitter denies this paragraph as moot with respect to
19  Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
20  prejudice of this claim.  (*See* ECF No. 69.)

21       142.    In response to paragraph 142, Twitter denies this paragraph as moot with respect to
22  Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
23  prejudice of this claim.  (*See* ECF No. 69.)

24       143.    In response to paragraph 143, Twitter denies this paragraph as moot with respect to
25  Plaintiffs' claim under 18 U.S.C. §§ 1591(a)(1) and 1595 in light of the Court's dismissal with
26  prejudice of this claim.  (*See* ECF No. 69.)

27
28

## COUNT II

**BENEFITING FROM A SEX TRAFFICKING VENTURE IN VIOLATION OF THE**

**TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT, 18 U.S.C.**

**§§ 1591(a)(2) AND 1595**

144.     In response to paragraph 144, Twitter admits that Plaintiffs purport to incorporate by reference the allegations in all prior and subsequent paragraphs in the FAC.  Twitter re-alleges and incorporates by reference its answers to all prior and subsequent paragraphs.

145.     In response to paragraph 145, no answer is required to the allegations that state legal conclusions.  To the extent an answer to those allegations is required, Twitter denies them.

146.     In response to paragraph 146, no answer is required to the allegations that state legal conclusions.  To the extent an answer to those allegations is required, Twitter denies them.

147.     In response to paragraph 147, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

148.     In response to paragraph 148, no answer is required to the allegations that state legal conclusions.  To the extent an answer to those allegations is required, Twitter denies them.

149.     In response to paragraph 149, Twitter lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

150.     In response to paragraph 150, no answer is required to the allegations that state legal conclusions.  To the extent an answer to those allegations is required, Twitter denies them.  Twitter also lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground can neither confirm nor deny them.

151.     In response to paragraph 151, no answer is required to the allegations that state legal conclusions.  To the extent an answer to those allegations is required, Twitter denies them.  Twitter also lacks sufficient knowledge and information to form a belief as to the truth of the allegations, and on that ground denies them.

152.     In response to paragraph 152, Twitter admits that in January 2020, it received

1   several communications concerning the @StraightBross and @fitmalesblog accounts, some of

2   which also linked to specific content.  Twitter lacks sufficient knowledge and information to form

3   a belief as to whether the reported content is the "CSAM depicting John Doe #1 and John Doe #2"

4   and on that basis Twitter can neither confirm nor deny the allegation.  The remaining allegations

5   consist of Plaintiffs' characterization of their claims to which no response is required; to the extent

6   a response is required, Twitter denies the allegations therein.

7          153.    In response to paragraph 153, no answer is required to the allegations that state legal

8   conclusions.  To the extent an answer to those allegations is required, Twitter denies them.

9          154.    In response to paragraph 154, no answer is required to the allegations that state legal

10  conclusions.  To the extent an answer to those allegations is required, Twitter denies them.

11         155.    In response to paragraph 155, no answer is required to the allegations that state legal

12  conclusions; to the extent an answer to those allegations is required, Twitter denies them.  Twitter

13  lacks sufficient knowledge and information to form a belief as to the truth of the remaining

14  allegations, and on that ground can neither confirm nor deny them.

15  <u>**COUNT III**</u>

16  **VIOLATION OF DUTY TO REPORT CHILD SEXUAL ABUSE MATERIAL, 18 U.S.C.**

17  **§§ 2258A AND 2258B**

18         156.    In response to paragraph 156, Twitter denies this paragraph as moot with respect to

19  Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

20  prejudice of this claim.  (*See* ECF No. 69.)

21         157.    In response to paragraph 157, this paragraph is moot with respect to Plaintiffs' claim

22  under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with prejudice of this claim;

23  to the extent a response is required, Twitter admits the allegations in this paragraph.  (*See* ECF No.

24  69.).

25         158.    In response to paragraph 158, Twitter denies this paragraph as moot with respect to

26  Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

27  prejudice of this claim.  (*See* ECF No. 69.)

28         159.    In response to paragraph 159, Twitter denies this paragraph as moot with respect to

1   Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

2   prejudice of this claim.  (*See* ECF No. 69.)

3        160.    In response to paragraph 160, Twitter denies this paragraph as moot with respect to

4   Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

5   prejudice of this claim.  (*See* ECF No. 69.)

6        161.    In response to paragraph 161, Twitter denies this paragraph as moot with respect to

7   Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

8   prejudice of this claim.  (*See* ECF No. 69.)

9        162.    In response to paragraph 162, Twitter denies this paragraph as moot with respect to

10  Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

11  prejudice of this claim.  (*See* ECF No. 69.)

12       163.    In response to paragraph 163, Twitter denies this paragraph as moot with respect to

13  Plaintiffs' claim under 18 U.S.C. §§ 2258A and 2258B in light of the Court's dismissal with

14  prejudice of this claim.  (*See* ECF No. 69.)

15  <u>**COUNT IV**</u>

16  **CIVIL REMEDIES FOR PERSONAL INJURIES RELATED TO SEX TRAFFICKING**

17  **AND RECEIPT AND DISTRIBUTION OF CHILD PORNOGRAPHY (18 U.S.C. §§ 1591,**

18  **2252A, AND 2255)**

19       164.    In response to paragraph 164, Twitter denies this paragraph as moot with respect to

20  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

21  prejudice of this claim.  (*See* ECF No. 69.)

22       165.    In response to paragraph 165, Twitter denies this paragraph as moot with respect to

23  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

24  prejudice of this claim.  (*See* ECF No. 69.)

25       166.    In response to paragraph 166, Twitter denies this paragraph as moot with respect to

26  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

27  prejudice of this claim.  (*See* ECF No. 69.)

28       167.    In response to paragraph 167, Twitter denies this paragraph as moot with respect to

1   Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

2   prejudice of this claim.  (*See* ECF No. 69.)

3        168.    In response to paragraph 168, Twitter denies this paragraph as moot with respect to

4   Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

5   prejudice of this claim.  (*See* ECF No. 69.)

6        169.    In response to paragraph 169, Twitter denies this paragraph as moot with respect to

7   Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

8   prejudice of this claim.  (*See* ECF No. 69.)

9        170.    In response to paragraph 170, Twitter denies this paragraph as moot with respect to

10  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

11  prejudice of this claim.  (*See* ECF No. 69.)

12       171.    In response to paragraph 171, this paragraph is moot with respect to Plaintiffs' claim

13  under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with prejudice of this

14  claim; to the extent a response is required, Twitter admits the allegations in this paragraph.  (*See*

15  ECF No. 69.)

16       172.    In response to paragraph 172, Twitter denies this paragraph as moot with respect to

17  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

18  prejudice of this claim.  (*See* ECF No. 69.)

19       173.    In response to paragraph 173, Twitter denies this paragraph as moot with respect to

20  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

21  prejudice of this claim.  (*See* ECF No. 69.)

22       174.    In response to paragraph 174, Twitter denies this paragraph as moot with respect to

23  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

24  prejudice of this claim.  (*See* ECF No. 69.)

25       175.    In response to paragraph 175, Twitter denies this paragraph as moot with respect to

26  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

27  prejudice of this claim.  (*See* ECF No. 69.)

28       176.    In response to paragraph 176, Twitter denies this paragraph as moot with respect to

1  Plaintiffs' claim under 18 U.S.C. §§ 1591, 2252A, and 2255 in light of the Court's dismissal with

2  prejudice of this claim.  (*See* ECF No. 69.)

3  **COUNT V**

4  **CALIFORNIA PRODUCTS LIABILITY**

5  177.    In response to paragraph 177, Twitter denies this paragraph as moot with respect to

6  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

7  claim.  (*See* ECF No. 69.)

8  178.    In response to paragraph 178, Twitter denies this paragraph as moot with respect to

9  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

10  claim.  (*See* ECF No. 69.)

11  179.    In response to paragraph 179, Twitter denies this paragraph as moot with respect to

12  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

13  claim.  (*See* ECF No. 69.)

14  180.    In response to paragraph 180, Twitter denies this paragraph as moot with respect to

15  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

16  claim.  (*See* ECF No. 69.)

17  181.    In response to paragraph 181, Twitter denies this paragraph as moot with respect to

18  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

19  claim.  (*See* ECF No. 69.)

20  182.    In response to paragraph 182 Twitter denies this paragraph as moot with respect to

21  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

22  claim.  (*See* ECF No. 69.)

23  183.    In response to paragraph 183, Twitter denies this paragraph as moot with respect to

24  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

25  claim.  (*See* ECF No. 69.)

26  184.    In response to paragraph 184, Twitter denies this paragraph as moot with respect to

27  Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this

28  claim.  (*See* ECF No. 69.)

185.   In response to paragraph 185, Twitter denies this paragraph as moot with respect to Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

186.   In response to paragraph 186, Twitter denies this paragraph as moot with respect to Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

187.   In response to paragraph 187, Twitter denies this paragraph as moot with respect to Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

188.   In response to paragraph 188, Twitter denies this paragraph as moot with respect to Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

189.   In response to paragraph 189, Twitter denies this paragraph as moot with respect to Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

190.   In response to paragraph 190, Twitter denies this paragraph as moot with respect to Plaintiffs' California Products Liability claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

## COUNT VI

### NEGLIGENCE

191.   In response to paragraph 191, Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

192.   In response to paragraph 192, Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

193.   In response to paragraph 193, Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF

No. 69.)

194.    In response to paragraph 194 Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

195.    In response to paragraph 195, Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

196.    In response to paragraph 196, Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

197.    In response to paragraph 197, Twitter denies this paragraph as moot with respect to Plaintiffs' Negligence claim in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 69.)

<u>**COUNT VII**</u>

**GROSS NEGLIGENCE**

198.    In response to paragraph 198, Twitter denies this paragraph as moot with respect to Plaintiffs' Gross Negligence claim in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 69.)

199.    In response to paragraph 199, Twitter denies this paragraph as moot with respect to Plaintiffs' Gross Negligence claim in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 69.)

200.    In response to paragraph 200, Twitter denies this paragraph as moot with respect to Plaintiffs' Gross Negligence claim in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 69.)

201.    In response to paragraph 201, Twitter denies this paragraph as moot with respect to Plaintiffs' Gross Negligence claim in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 69.)

202.    In response to paragraph 202, Twitter denies this paragraph as moot with respect to

1    Plaintiffs' Gross Negligence claim in light of the Court's dismissal with prejudice of this claim.

2    (*See* ECF No. 69.)

3          203.    In response to paragraph 203, Twitter denies this paragraph as moot with respect to

4    Plaintiffs' Gross Negligence claim in light of the Court's dismissal with prejudice of this claim.

5    (*See* ECF No. 69.)

6

### <u>COUNT VIII</u>

7

### NEGLIGENCE PER SE

8          204.    In response to paragraph 204, Twitter denies this paragraph as moot with respect to

9    Plaintiffs' Negligence Per Se claim in light of the Court's dismissal with prejudice of this claim.

10    (*See* ECF No. 69.)

11          205.    In response to paragraph 205, Twitter denies this paragraph as moot with respect to

12    Plaintiffs' Negligence Per Se claim in light of the Court's dismissal with prejudice of this claim.

13    (*See* ECF No. 69.)

14          206.    In response to paragraph 206, Twitter denies this paragraph as moot with respect to

15    Plaintiffs' Negligence Per Se claim in light of the Court's dismissal with prejudice of this claim.

16    (*See* ECF No. 69.)

17

### <u>COUNT IX</u>

18

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19          207.    In response to paragraph 207, Twitter denies this paragraph as moot with respect to

20    Plaintiffs' Negligence Infliction of Emotional Distress claim in light of the Court's dismissal with

21    prejudice of this claim.  (*See* ECF No. 69.)

22          208.    In response to paragraph 208, Twitter denies this paragraph as moot with respect to

23    Plaintiffs' Negligence Infliction of Emotional Distress claim in light of the Court's dismissal with

24    prejudice of this claim.  (*See* ECF No. 69.)

25          209.    In response to paragraph 209, Twitter denies this paragraph as moot with respect to

26    Plaintiffs' Negligence Infliction of Emotional Distress claim in light of the Court's dismissal with

27    prejudice of this claim.  (*See* ECF No. 69.)

28          210.    In response to paragraph 210, Twitter denies this paragraph as moot with respect to

1  Plaintiffs' Negligence Infliction of Emotional Distress claim in light of the Court's dismissal with
2  prejudice of this claim.  (*See* ECF No. 69.)

3      211.    In response to paragraph 211, Twitter denies this paragraph as moot with respect to
4  Plaintiffs' Negligence Infliction of Emotional Distress claim in light of the Court's dismissal with
5  prejudice of this claim.  (*See* ECF No. 69.)

6      212.    In response to paragraph 212, Twitter denies this paragraph as moot with respect to
7  Plaintiffs' Negligence Infliction of Emotional Distress claim in light of the Court's dismissal with
8  prejudice of this claim.  (*See* ECF No. 69.)

9  **<u>COUNT X</u>**

10  **DISTRIBUTION OF PRIVATE SEXUALLY EXPLICIT MATERIALS, CAL. CIV. CODE**
11  **§ 1708.85**

12      213.    In response to paragraph 213, Twitter denies this paragraph as moot with respect to
13  Plaintiffs' Cal. Civ. Code. § 1708.85 claim in light of the Court's dismissal with prejudice of this
14  claim.  (*See* ECF No. 69.)

15      214.    In response to paragraph 214 Twitter denies this paragraph as moot with respect to
16  Plaintiffs' Cal. Civ. Code. § 1708.85 claim in light of the Court's dismissal with prejudice of this
17  claim.  (*See* ECF No. 69.)

18      215.    In response to paragraph 215, Twitter denies this paragraph as moot with respect to
19  Plaintiffs' Cal. Civ. Code. § 1708.85 claim in light of the Court's dismissal with prejudice of this
20  claim.  (*See* ECF No. 69.)

21      216.    In response to paragraph 216, Twitter denies this paragraph as moot with respect to
22  Plaintiffs' Cal. Civ. Code. § 1708.85 claim in light of the Court's dismissal with prejudice of this
23  claim.  (*See* ECF No. 69.)

24      217.    In response to paragraph 217, Twitter denies this paragraph as moot with respect to
25  Plaintiffs' Cal. Civ. Code. § 1708.85 claim in light of the Court's dismissal with prejudice of this
26  claim.  (*See* ECF No. 69.)

27      218.    In response to paragraph 218, Twitter denies this paragraph as moot with respect to
28  Plaintiffs' Cal. Civ. Code. § 1708.85 claim in light of the Court's dismissal with prejudice of this

1  claim.  (*See* ECF No. 69.)

2  ## COUNT XI

3  ## INTRUSTION INTO PRIVATE AFFAIRS

4  219.    In response to paragraph 219, Twitter denies this paragraph as moot with respect to

5  Plaintiffs' Intrusion into Private Affairs claim in light of the Court's dismissal with prejudice of

6  this claim.  (*See* ECF No. 69.)

7  220.    In response to paragraph 220, Twitter denies this paragraph as moot with respect to

8  Plaintiffs' Intrusion into Private Affairs claim in light of the Court's dismissal with prejudice of

9  this claim.  (*See* ECF No. 69.)

10  221.    In response to paragraph 221, Twitter denies this paragraph as moot with respect to

11  Plaintiffs' Intrusion into Private Affairs claim in light of the Court's dismissal with prejudice of

12  this claim.  (*See* ECF No. 69.)

13  222.    In response to paragraph 222, Twitter denies this paragraph as moot with respect to

14  Plaintiffs' Intrusion into Private Affairs claim in light of the Court's dismissal with prejudice of

15  this claim.  (*See* ECF No. 69.)

16  223.    In response to paragraph 223, Twitter denies this paragraph as moot with respect to

17  Plaintiffs' Intrusion into Private Affairs claim in light of the Court's dismissal with prejudice of

18  this claim.  (*See* ECF No. 69.)

19  ## COUNT XII

20  ## INVASION OF PRIVACY UNDER THE CALIFORNIA CONSTITUTION, ARTICLE 1,

21  ## SECTION 1

22  224.    In response to paragraph 224, Twitter denies this paragraph as moot with respect to

23  Plaintiffs' Invasion of Privacy claim in light of the Court's dismissal with prejudice of this claim.

24  (*See* ECF No. 69.)

25  225.    In response to paragraph 225, Twitter denies this paragraph as moot with respect to

26  Plaintiffs' Invasion of Privacy claim in light of the Court's dismissal with prejudice of this claim.

27  (*See* ECF No. 69.)

28  226.    In response to paragraph 226, Twitter denies this paragraph as moot with respect to

1   Plaintiffs' Invasion of Privacy claim in light of the Court's dismissal with prejudice of this claim.

2   (*See* ECF No. 69.)

3       227.    In response to paragraph 227, Twitter denies this paragraph as moot with respect to

4   Plaintiffs' Invasion of Privacy claim in light of the Court's dismissal with prejudice of this claim.

5   (*See* ECF No. 69.)

6       228.    In response to paragraph 228, Twitter denies this paragraph as moot with respect to

7   Plaintiffs' Invasion of Privacy claim in light of the Court's dismissal with prejudice of this claim.

8   (*See* ECF No. 69.)

9   **COUNT XIII**

10  **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**

11      229.    In response to paragraph 229, Twitter denies this paragraph as moot with respect to

12  Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

13  prejudice of this claim.  (*See* ECF No. 69.)

14      230.    In response to paragraph 230, Twitter denies this paragraph as moot with respect to

15  Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

16  prejudice of this claim.  (*See* ECF No. 69.)

17      231.    In response to paragraph 231, Twitter denies this paragraph as moot with respect to

18  Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

19  prejudice of this claim.  (*See* ECF No. 69.)

20      232.    In response to paragraph 232, Twitter denies this paragraph as moot with respect to

21  Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

22  prejudice of this claim.  (*See* ECF No. 69.)

23      233.    In response to paragraph 233, Twitter denies this paragraph as moot with respect to

24  Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

25  prejudice of this claim.  (*See* ECF No. 69.)

26      234.    In response to paragraph 234, Twitter denies this paragraph as moot with respect to

27  Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

28  prejudice of this claim.  (*See* ECF No. 69.)

1   235.   In response to paragraph 235, Twitter denies this paragraph as moot with respect to

2   Plaintiffs' Business and Professions Code § 17200 claim in light of the Court's dismissal with

3   prejudice of this claim.  (*See* ECF No. 69.)

4                           <u>**REQUEST FOR RELIEF**</u>

5        In response to Plaintiffs' prayer, Twitter denies that Plaintiffs are entitled to any type of

6   remedy, injunction, relief, damages, restitution, disgorgement, attorneys' fees, or costs.

7                         <u>**DEMAND FOR JURY TRIAL**</u>

8        In response to Plaintiffs' demand for a jury trial, no answer is required to the allegations

9   that state legal conclusions.  To the extent an answer to those allegations is required, Twitter admits

10  that Plaintiffs have demanded a jury trial.

11                          <u>**AFFIRMATIVE DEFENSES**</u>

12       Twitter asserts the following additional defenses to Plaintiffs' FAC, without assuming the

13  burden of proof on such defenses that would otherwise fall on Plaintiffs.  Twitter reserves the right

14  to supplement or amend these defenses as discovery is conducted, and does not knowingly or

15  intentionally waive any applicable affirmative or other defense.

16                           **First Affirmative Defense**

17       Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars Plaintiffs' claims.

18  Twitter is an interactive computer service provider within the meaning of 47 U.S.C. § 230, and

19  Plaintiffs' 18 U.S.C. § 1595 claim against Twitter arises from content created by third parties.

20  Because Plaintiffs do not adequately plead that their claim is exempt from Twitter's immunity

21  under 47 U.S.C. § 230, Twitter is immune from Plaintiffs' claim.

22                          **Second Affirmative Defense**

23       Plaintiffs' claims are barred, in whole or in part, because the incidents in question and all

24  damages complained of and claimed by Plaintiffs, if any, were the result of actions, inactions, or

25  fault of other persons or parties not under the control of Twitter and for which Twitter is not

26  responsible.  Plaintiffs allege that they created the video and photo content depicting them and that

27  the content was shared on Twitter by unknown third parties.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER, INC.'S ANSWER TO FAC
Case No. 3:21-cv-00485-JCS

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any damage, loss, or liability alleged by Plaintiffs must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Twitter, including third parties such as Plaintiffs' alleged trafficker(s) under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, comparative causation, and/or comparative fault.  Plaintiffs allege that they created the photo and video content depicting them and that the content was shared on Twitter by unknown third parties.

### Fourth Affirmative Defense

Unidentified persons referred to in the FAC committed criminal acts that were causes of the alleged loss or injury that is the subject of this suit.  Plaintiffs allege that unknown third parties exploited Plaintiffs and shared the photo and video content depicting Plaintiffs on Twitter.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the statute(s) sued upon are unconstitutionally vague and ambiguous.  Twitter is immune from Plaintiffs' 18 U.S.C. § 1595 claim pursuant to 47 U.S.C. § 230 unless Plaintiffs plead that their claim qualifies for the exemption in 47 U.S.C. § 230(e)(5)(A), which provides that a § 1595 claim is exempt, "if the conduct underlying the claim constitutes a violation of [S]ection 1591."  Ninth Circuit courts have split on the interpretation and application of these statutes.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to name necessary and indispensable parties.  Plaintiffs allege that unknown third parties exploited Plaintiffs and shared the photo and video content depicting Plaintiffs on Twitter.

### Seventh Affirmative Defense

The imposition of punitive damages against Twitter in this case would be fundamentally unfair and would violate the United States Constitution.  Twitter's conduct was reasonable under the circumstances and not reprehensible.  Moreover, Plaintiffs allege that unknown third parties exploited Plaintiffs and shared the photo and video content depicting Plaintiffs on Twitter.  Thus,

1   punitive damages against Twitter would not be proportionate or reasonably related to the harm

2   plaintiffs suffered.  Moreover, punitive damages are barred to the extent not permitted by statute.

3   ### Eighth Affirmative Defense

4   The relief sought by Plaintiffs, if granted, would violate Twitter's rights under the Excessive

5   Fines clauses of the United States Constitution.  Twitter's conduct was reasonable under the

6   circumstances and not reprehensible.  Moreover, Plaintiffs allege that unknown third parties

7   exploited Plaintiffs and shared the photo and video content depicting Plaintiffs on Twitter.  Thus,

8   punitive damages against Twitter would not be proportionate or reasonably related to the harm

9   Plaintiffs suffered.

10  ### Ninth Affirmative Defense

11  Twitter alleges that it acted in substantial compliance with, and good faith reliance upon,

12  the reasonable interpretation of applicable law.  Twitter has zero tolerance for child sexual

13  exploitation content on its platform.  Twitter vigorously combats such content through a

14  combination of methods, including the use of proprietary technology to proactively identify and

15  remove such material.  During the six-month period from January to June 2020, Twitter suspended

16  438,809 accounts for violating its policies prohibiting CSE material, and proactively identified

17  approximately 399,316 of those accounts using its own technological means.

18  ### **RESERVATION OF RIGHTS**

19  Twitter presently has insufficient knowledge or information upon which to form a belief as

20  to whether it may have additional unstated defenses.  Twitter reserves the right to assert any other

21  defense that may be established during discovery and by the evidence and proceedings in this case.

22  Dated: September 22, 2021                    COOLEY LLP

23

24                                                          By: */s/ Michael G. Rhodes*

25                                                          Michael G. Rhodes

26                                                          *Attorneys for Defendant*
                                                           *Twitter, Inc.*

27

28