COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
JAMIE D. ROBERTSON (326003)
(jdrobertson@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE #1 AND JOHN DOE #2,<br><br>       Plaintiffs,<br><br>     v.<br><br>TWITTER, INC.,<br><br>       Defendants. | Case No. 3:21-cv-00485-JCS<br><br>**DEFENDANT TWITTER, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR AN ORDER PERMITTING INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Hearing Date:    November 19, 2021<br>Hearing Time:    9:30 a.m.<br>Judge:    Honorable Joseph C. Spero |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
Case No. 3:21-cv-00485-JCS

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .................................................................. 1

STATEMENT OF RELIEF SOUGHT AND ISSUES TO BE DECIDED .................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.  INTRODUCTION ................................................................... 1

II.  BACKGROUND ................................................................... 3

    A.  Procedural History of Plaintiffs' Section 1595 Claims and the Interpretation of CDA § 230(e)(5)(A) ........................................ 3

    B.  The Court's Order Concerning Claim Two ........................... 5

    C.  Subsequent Events ........................................................ 7

III.  THE COURT SHOULD PERMIT TWITTER TO SEEK RECONSIDERATION OF THE ORDER ................................................................... 9

IV.  ALTERNATIVELY, THE COURT SHOULD CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL ............................................ 11

    A.  Legal Standard for Certification of Interlocutory Appeal. .................... 12

    B.  Interlocutory Review is Warranted to Determine the Standard for Triggering Section 230(e)(5)(A) Immunity Carve-Out. ................... 13

        1.  Whether Twitter Has Immunity in Light of Section 230(e)(5)(A) is a Controlling Question of Law. ............................ 13

        2.  Substantial Grounds for Difference of Opinion Exist on this Issue. .......... 14

        3.  Interlocutory Review May Materially Advance the Ultimate Termination of the Litigation. ........................... 15

    C.  Interlocutory Review is Warranted to Determine the Meaning of "Participation in a Venture" in Sections 1595 and 1591(a)(2). ....................... 16

        1.  The Statutory Interpretation of "Participation in a Venture" Under Sections 1595 and 1591(a)(2) is a Controlling Question of Law. ............. 16

        2.  Substantial Grounds for Disagreement Exist Regarding Whether "Participation in a Venture" Under Sections 1595 and 1591 Requires a "Continuous Business Relationship" Between the ICS Provider and Traffickers. ........................................ 17

        3.  Certification of the Statutory Interpretation of "Participation in a Venture" Under Sections 1595 and 1591(a)(2) Will Materially Advance the Ultimate Termination of the Litigation. ...................... 17

V.  CONCLUSION ................................................................... 18

i

**Twitter, Inc.'s Mot. for**
**Reconsideration or Cert. Order**
**Case No. 3:21-cv-00485-JCS**

# TABLE OF AUTHRORTIES

**Pages**

**Cases**

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
634 F. Supp. 2d 1081 (E.D. Cal. 2008)............................................................. 15, 18

*AXA Rosenberg Grp. v. Gulf Underwriters*,
2004 WL 1844846 (N.D. Cal. Aug. 16, 2004)......................................................... 14

*Brickman v. Facebook, Inc.*,
2017 WL 1508719 (N.D. Cal. Apr. 27, 2017) ........................................................ 12

*Cave Consulting Grp., Inc. v. OptumInsight, Inc.*,
2020 WL 127612 (N.D. Cal. Jan. 10, 2020) ........................................................... 10

*In re Cement Antitrust Litig.*,
673 F.2d 1020 (9th Cir. 1981).................................................... 12, 14, 17, 18

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978)....................................................................................... 12

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010).............................................................................. 13

*Doe #1 et al. v. MG Freesites LTD et al.*,
Case No. 21-cv-00220 (N.D. Ala. Feb. 11, 2021) .................................................. 14

*Doe By & Through Doe v. Petaluma City Sch. Dist.*,
949 F. Supp. 1415 (N.D. Cal. 1996) ..................................................................... 9

*Doe v. Kik Interactive, Inc.*,
482 F. Supp. 3d 1242 (S.D. Fla. 2020) ......................................................... *passim*

*G (a minor), et al. v. Salesforce.com, Inc.*,
Case No. 20-cv-02335 (N.D. Ill. Apr. 15, 2020) .................................................. 14

*Helman v. Alcoa Glob. Fasteners Inc.*,
2009 WL 2058541 (C.D. Cal. June 16, 2009) ............................................. 15, 16, 18

*J.B. v. G6 Hospitality, LLC*,
2021 WL 4079207 (N.D. Cal. Sept. 8, 2021) ................................................. *passim*

*Jane Doe et al. v. Reddit, Inc.*,
Case No. 21-cv-768-JVS (C.D. Cal.)......................................................... 2, 3, 8, 9

*Jane Doe v. Mindgeek USA Incorporated*,
2021 WL 4167054 (C.D. Cal. Sept. 3, 2021)............................................... 3, 8

*Jones v. Dirty World Ent. Recordings LLC*,
755 F.3d 398 (6th Cir. 2014)............................................................................. 13

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir.1990)................................................................................ 14

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

**TWITTER, INC.'S MOT. FOR**
**RECONSIDERATION OR CERT. ORDER**
**CASE NO. 3:21-CV-00485-JCS**

*Kuehner v. Dickinson & Co.*,
    84 F.3d 316 (9th Cir. 1996)...........................................................................................13

*Lee v. Postmates Inc.*,
    2019 WL 1864442 (N.D. Cal. Apr. 25, 2019) ........................................................13

*M.L. v. craigslist Inc.*,
    2020 WL 5494903, at *3-4 (W.D. Wash. Sept. 11, 2020).............................3, 8, 9

*Mohawk Indus., Inc. v. Carpenter*,
    558 U.S. 100 (2009).....................................................................................................13

*N.L.R.B. v. SW Gen., Inc.*,
    137 S. Ct. 929 (2017) ...................................................................................................4

*Ornelas v. Target Corp.*,
    2020 WL 4915774 (C.D. Cal. June 21, 2020) ........................................................12

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011)...........................................................................13, 14, 15

*Scallon v. Scott Henry's Winery Corp.*,
    686 F. App'x 495 (9th Cir. 2017) ...........................................................................16

*Springs Ambulance Serv., Inc. v. City of Rancho Mirage*,
    Cal., 745 F.2d 1270 (9th Cir. 1984) .......................................................................13

*Steering Comm. v. U.S.*,
    6 F.3d 572 (9th Cir. 1993)..................................................................................12, 14

*United Food Grp., LLC v. Cargill, Inc.*,
    2015 WL 13868985 (C.D. Cal. July 27, 2015) ......................................................15

*United States v. Shaw*,
    936 F.2d 412 (9th Cir. 1991).......................................................................................5

*United States v. Todd*,
    627 F.3d 329 (9th Cir. 2010).....................................................................................10

*VIA Techs., Inc. v. SonicBlue Claims, LLC*,
    2011 WL 2437425 (N.D. Cal. June 17, 2011) ................................................14, 15

**Statutes**

47 U.S.C. § 230 ...........................................................................................................*passim*

18 U.S.C.
    § 1591 ...................................................................................................................*passim*
    § 1595 ...................................................................................................................*passim*
    § 2421A ........................................................................................................................5

28 U.S.C. § 1292(b) ....................................................................................................*passim*

Fight Online Sex Trafficking Act ...........................................................................*passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

**Other Authorities**

Federal Rule of Civil Procedure 54(b) ......................................................................... 1, 10

Local Civil Rule 7-9 ................................................................................................... *passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1                                     **NOTICE OF MOTION AND MOTION**

2           **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE**

3 **NOTICE THAT**, on November 19, 2021, at 9:30 a.m., or as soon thereafter as may be heard,

4 Defendant Twitter, Inc. ("Twitter") will and hereby does move this Court (1) pursuant to Federal

5 Rule of Civil Procedure 54(b) and Northern District of California Civil Local Rule 7-9 for leave to

6 file a motion for reconsideration of this Court's August 19, 2021 order denying in part Twitter's

7 motion to dismiss (ECF No. 69, or the "Order") or, (2) in the alternative, for an order certifying the

8 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Twitter's proposed motion for

9 reconsideration is attached as Exhibit A.[1]  This motion is based on this Notice of Motion and

10 Motion, Memorandum of Points and Authorities, the papers on file in this action, and such other

11 and further evidence or argument that the Court may consider.

12             **STATEMENT OF RELIEF SOUGHT AND ISSUES TO BE DECIDED**

13           Twitter seeks leave to file the attached motion for reconsideration of the Order, and for

14 reconsideration of the Order for the reasons set forth in the attached motion.  Alternatively, Twitter

15 requests that the Court certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

16                   **MEMORANDUM OF POINTS AND AUTHORITIES**

17 **I.     INTRODUCTION**

18           Twitter respectfully submits that it should be granted leave to file a motion for

19 reconsideration of the Order, which denied Twitter's motion to dismiss Plaintiffs' Section 1595

20 beneficiary liability claim (Claim Two) based on its interpretation of both the CDA § 230[2]

21 immunity carve-out in Section 230(e)(5)(A) and the term "participation in a venture" in 18 U.S.C.

22 Sections 1591 and 1595.  As the Court is aware, Twitter argued in seeking dismissal of Claim Two

23 that the carve-out from CDA § 230 immunity enacted through the Fight Online Sex Trafficking

24 Act ("FOSTA") does not apply to Plaintiffs' claims because Section 230(e)(5)(A) applies only

---

[1] The Parties stipulated to a briefing schedule for the two motions noticed herein, which the Court adopted by order of September 17, 2021.  (ECF No. 77.)  Per the prevailing practice in this District, Twitter has attached its proposed motion for reconsideration to this motion for leave.  If Plaintiffs attach a substantive opposition to reconsideration to their response to this motion for leave, Twitter will respectfully request the Court permit Twitter to file a consolidated reply on the schedule set forth in ECF No. 77 to Plaintiffs' oppositions to the (1) motion for leave to file for reconsideration, or, alternatively for § 1292(b) certification, and (2) proposed motion for reconsideration.
[2] 47 U.S.C. § 230.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
Case No. 3:21-cv-00485-JCS

where the conduct underlying the claim constitutes a violation of Section 1591.  Persuasive subsequent authority, detailed below and justifying reconsideration, supports this interpretation and elucidates why the Order erroneously denied Twitter immunity under Section 230(e)(5)(A) and incorrectly interpreted the legal requirements to show "participation in a venture."  Alternatively, Twitter respectfully asks the Court to certify the Order for Section 1292(b) interlocutory appeal given the important, disputed, and dispositive nature of the legal questions at issue.

The Order concluded that Twitter, while generally immunized from Plaintiffs' claims under CDA § 230, was not entitled to such immunity with respect to Plaintiffs' beneficiary liability claim because, under the plain language of Section 230(e)(5)(A), that claim "is not subject to the more stringent requirements that apply to criminal violations of that provision." (Order at 42.)  Since the Order, two other courts in the Ninth Circuit have issued rulings to the contrary, reasoning that CDA § 230 immunity is available for Section 1595/1591 claims only if the "more stringent requirements" for a criminal violation are met: (1) Judge Gilliam in *J.B. v. G6 Hospitality, LLC*, 2021 WL 4079207, at *4-12 (N.D. Cal. Sept. 8, 2021), which reconsidered his earlier ruling reaching the opposite conclusion; and (2) Judge Selna in his tentative order in *Jane Doe et al. v. Reddit, Inc*., Case No. 21-cv-768-JVS (C.D. Cal.), issued September 17, 2021 and attached as Exhibit B.  In *J.B.*, Judge Gilliam engaged in an extensive statutory construction and legislative history analysis after briefing by the parties on the issue and concluded that "the most persuasive reading of [S]ection 230(e)(5)(A) is that it provides an exemption from immunity for a section 1595 claim ***if, but only if***, the defendant's conduct amounts to a violation of section 1591." *J.B*, 2021 WL 4079207 at *12.[3]  Judge Selna's tentative order in *Reddit* adopted Judge Gilliam's reconsidered reasoning.  (Exhibit B at 11.)

Permission for filing for reconsideration should be granted pursuant to Local Civil Rule 7-9 because these two subsequent rulings are a "change of law" that Twitter has diligently brought to the Court's attention, and also because the Order's reasoning concerned topics that the parties did not brief to any substantial extent, but rather were raised by the Court at argument *sua sponte*.  Twitter respectfully submits that these circumstances justify reconsideration, particularly given that

---

[3] Unless otherwise noted, all emphasis is added, and all internal quotation marks and citations are omitted.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1    the Order is now contrary to the weight of authority on the interpretation of Section 230(e)(5)(A)

2    as to interactive computer service ("ICS") providers.[4]

3          Alternatively, if the Court denies Twitter leave to file for reconsideration or denies

4    reconsideration, the Court should certify its Order for interlocutory appeal under Section 1292(b).

5    The scope of an ICS provider's CDA § 230 immunity against 1595/1591 claims, and the

6    interpretation of "participation in a venture" in Sections 1591 and 1595, are novel, important, and

7    dispositive issues of law that are ripe for certification.   Numerous courts across the country,

8    including many within the Ninth Circuit, are grappling with these issues but lack controlling

9    guidance.  Absent reconsideration, certifying the Order to the Ninth Circuit will allow the appellate

10   court to provide Circuit-wide clarity, avoid the waste of judicial and party resources litigating

11   claims from which ICS providers may be immune, and avoid the development of inconsistent case

12   law.

13   **II.    BACKGROUND[5]**

14        **A.    Procedural History of Plaintiffs' Section 1595 Claims and the Interpretation of
15              CDA § 230(e)(5)(A).**

16        On May 7, 2021, Twitter moved to dismiss all counts of Plaintiffs' FAC under CDA § 230,

17   including Plaintiffs' claims based on Sections 1595 and 1591 (Claims One and Two).   Twitter

18   asserted that Section 230(e)(5)(a), the carve-out from CDA § 230 immunity created by FOSTA, did

---

[4] *Compare Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1250-51 (S.D. Fla. 2020) (granting motion to dismiss); *J.B.*, 2021 WL 4079207, at *4-*12 (reconsidering prior ruling to the contrary and granting motion to dismiss) (petition for interlocutory review filed Sept. 23, 2021, ECF No. 179); Ex. B (tentative order granting motion to dismiss in *Reddit, Inc.*, Case No. 21-cv-768-JVS (C.D. Cal. Sept. 17, 2021); *M.L. v. craigslist Inc.*, 2020 WL 5494903, at *3-4 (W.D. Wash. Sept. 11, 2020) ("agree[ing] with craigslist's argument that FOSTA does not create an exemption for all § 1595 claims," but concluding that the distinction was irrelevant because the plaintiff adequately alleged that craigslist materially contributed to the development of the advertisements that trafficked plaintiff and therefore was not entitled to CDA § 230 immunity), *with* Order at 33-42; *Jane Doe v. Mindgeek USA Inc.* ("*Mindgeek*"), 2021 WL 4167054, at *4-*5 (C.D. Cal. Sept. 3, 2021) (denying motion to dismiss) (petition for interlocutory review filed Sept. 30, 2021, ECF No. 73).

[5] Given the Court's familiarity with this case, Twitter provides an abbreviated background, focusing on the issues relevant to this motion.  All "FAC" references are to Plaintiffs' First Amended Complaint (ECF No. 39); all "MTD" references are to Twitter's Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion to Dismiss," ECF No. 48), all "Opp." references are to Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Opposition," ECF No. 55), all "Reply" references are to Twitter's Reply in Support of Motion to Dismiss (the "Reply," ECF No. 59). Capitalized terms not defined herein have the meanings set forth in Twitter's Motion to Dismiss.

Cooley LLP
Attorneys at Law
San Francisco

3

**Twitter, Inc.'s Mot. for
Reconsideration or Cert. Order
Case No. 3:21-cv-00485-JCS**

not apply to Plaintiffs' claims because Section 230(e)(5)(A) applies only where "the conduct underlying the claim constitutes a violation of [S]ection 1591[.]"  47 U.S.C. § 230(e)(5)(a); *see* MTD at 1-2, 4-5, 18.  Twitter explained that Plaintiffs did not plead such facts, including the requirement that Twitter had *knowingly* participated in a sex trafficking venture.  (MTD at 12-15.)  In support of its argument that Plaintiffs failed to trigger Section 230(e)(5)(A)'s immunity carve-out, Twitter cited Section 230(e)(5)(A)'s plain text and *Kik*, 482 F. Supp. 3d at 1250-51, which adopted Twitter's interpretation of that provision.  Twitter's MTD quoted several statements by individual legislators and a House committee report on a proposed version of FOSTA (the "Committee Report") to argue that the carve-out from CDA § 230 immunity in Section 230(e)(5)(A) was aimed at companies like Backpage that were purposefully created to promote prostitution and "knowingly" encouraged sex trafficking, as opposed to companies like Twitter that sought to remove trafficking content (even if they did so imperfectly).  (MTD at 4-5, 11-12.)

Plaintiffs' Opposition did not challenge Twitter's interpretation of Section 230(e)(5)(A) in any meaningful respect.  Rather, in a single footnote, Plaintiffs asserted without citation to any legal authority that "the exemption text states that the 'conduct underlying the claim' not the 'defendant's conduct' must violate 1591, 47 U.S.C. § 230 (e)(5)(A), which is almost certainly to limit the exception to sex trafficking claims, as labor trafficking claims are also covered by § 1595."  (Opp. at 16 n.35.)  Notably, Plaintiffs' argument that the "should have known" standard should apply to their Section 1595 claim was not based on a purported interpretation of Section 230(e)(5)(A), and the Opposition did not address (or even mention) the *Kik* case.  Instead, Plaintiffs made two principal arguments: (1) that they adequately alleged that Twitter *knew* it was participating in a venture in violation of Section 1591 and (2) that courts had authorized Section 1595 suits against entities who knew or "should have known" that they were participating in a venture in violation of Section 1591.  (*Id.* at 10-16.)  The Opposition also sparsely referenced legislative history to argue that FOSTA's exception was meant to be applied broadly and not just to "actors as deliberate and organized as Backpage."  (*Id.* at 17-18 n.38-40 (citing rejected amendment to FOSTA and a few ambiguous statements by individual legislators).)[6]

---

[6] Judge Gilliam observed that generally "statements by individual legislators rank among the least illuminating forms of legislative history."  *J.B.*, 2021 WL 4079207, at *7 (quoting *N.L.R.B. v. SW*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1    Given the Opposition's failure to dispute Twitter's construction of Section 230(e)(5)(A)

2    based on any authority or analysis, or to address the reasoning of *Kik* proffered by Twitter, Twitter's

3    Reply did not further address the proper construction of § 230(e)(5)(A).   Rather, Twitter cited

4    additional aspects of FOSTA's legislative history to rebut Plaintiffs' general argument that

5    FOSTA's carve-out from CDA § 230 is broad.  (Reply at 10-12.)  To this end, Twitter referenced

6    the Committee Report and explained how it, together with the structure of FOSTA—including its

7    amendment of Section 1591(e) and addition of a new federal criminal statute, 18 U.S.C.

8    § 2421A[7]—indicated Congress's intent to limit CDA § 230 immunity for Section 1595 claims only

9    where an ICS provider defendant allegedly violated Section 1591.  (*Id.* (citing H.R. Rep. No. 115-

10   572 and Pub. L. No. 115-164, 132 Stat. 1254).)  Twitter's Reply also again distinguished Backpage.

11   (*Id.* at 11-12.)

12       In light of this scope of the briefing, the Court's questions about statutory construction at

13   the oral argument were the first time these issues were raised in earnest.  (Ex. C (oral argument

14   transcript) at 6, 10-14.)  Asked by the Court about the proper construction of Section 230(e)(5)(A)'s

15   language "the conduct underlying the claim constitutes a violation of [S]ection 1591," Twitter

16   pointed out the parallel language used in Section 230(e)(5)(B) and argued that the second clause in

17   both subparts should be given the same meaning.  (Ex. C at 12-14.)  In response, Plaintiffs repeated

18   the conclusory point in their brief's footnote that the second clause was a limitation to sex

19   trafficking (as opposed to other trafficking), but cited no authority for support and did not discuss

20   any statutory construction doctrines.  (*Id.* at 32-35.)  Twitter's argument "resonate[d]" with the

21   Court, (*id.* at 24:24-25:7), and the Court took the MTD under submission.

22   **B.    The Court's Order Concerning Claim Two**

23       On August 19, 2021, the Court issued the Order, dismissing with prejudice all of Plaintiffs'

24   claims except for the Section 1595 beneficiary liability claim based on Twitter's alleged violation

25

26   *Gen., Inc*., 137 S. Ct. 929, 943 (2017)).  However, when statements by individual legislators "are
     consistent with the statutory language and other legislative history, they provide evidence of

27   Congress' intent." *J.B.*, 2021 WL 4079207, at \*7 (quoting *United States v. Shaw*, 936 F.2d 412,
     416 (9th Cir. 1991)).

28   [7] With 18 U.S.C. § 2421A, Congress created a new law that prohibited the promotion or facilitation
     of prostitution "in reckless disregard of the fact that such conduct contributed to sex trafficking[.]"
     Pub. L. No. 115-164, 132 Stat. 1253 (2018).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

of Section 1591(a)(2) (Claim Two), which the Court concluded was subject to the immunity carve-out in Section 230(e)(5)(A).  (ECF No. 69.)  Specifically, the Court held "that Plaintiffs' Section 1595 claim against Twitter based on [an] alleged violation of Section 1591(a)(2) is not subject to the more stringent requirements that apply to criminal violations of that provision," but instead "creates an exemption to Section 230 immunity for civil sex trafficking claims under Section 1591[.]"  (Order at 40, 42.)  To reach this conclusion, the Court analyzed Section 230(e)(5)(A)'s plain language using various doctrines of statutory construction that the parties had not briefed. The Court also examined FOSTA's legislative history, which the parties' briefing referenced with respect to the general issue of whether Congress intended FOSTA's exemption to apply only to companies like Backpage or more broadly, but which the parties did not directly tie to statutory construction given the failure of Plaintiffs to join issue in any meaningful way.  The Court also expressly disagreed with the only other court at the time to have addressed the statutory construction question with detailed analysis, *Kik*, 482 F. Supp. 3d 1242 (holding that the requirements of Section 1591 must be satisfied to trigger the immunity carve-out in Section 230(e)(5)(A)).  (Order at 38-42.)

Accordingly, under the Order, a plaintiff may trigger the Section 230(e)(5)(A) immunity carve-out by alleging the lower showing required by Section 1595 rather than the heightened showing required by Section 1591, namely:  that a defendant (1) participated in a venture, (2) received a benefit from its participation, and (3) "knew or should have known [that the venture] related to sex trafficking[.]"  (Order at 44; *see id*. at 42.)

The Order then concluded that Plaintiffs adequately alleged Twitter's "participation in a venture" under Section 1595's lower "should have known" standard.  (*Id*. at 43-44.)  The Court based this conclusion on the FAC's "general allegations that Twitter enables sex trafficking on its platform," as well as allegations that Twitter was "specifically alerted" to the Videos and their nature on "several occasions" and yet "failed or refused" to remove them.  (*Id*. at 42-44.)  The Court found that these allegations sufficiently pled a Section 1595 "venture," *i.e.*, they "show[ed] [] a continuous business relationship between the trafficker and [Twitter] such that it would appear that the trafficker and [Twitter] have established a pattern of conduct or could be said to have a tacit

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1   agreement." (Order at 42-43.)  Notably, the Order cites no allegation (and there is none) that the

2   individuals who posted the Videos to Twitter were the traffickers or that there was any relationship,

3   business or otherwise between Twitter and the traffickers.[8]

4        Finally, with respect to allegations of knowledge, the Court rejected Twitter's argument

5   that, because the venture "was already over when the Videos were posted on Twitter," the

6   allegations were insufficient to show under Section 1591(a)(2) that Twitter knew its conduct would

7   cause Plaintiffs to engage in future "commercial sex trafficking." (*Id.* at 44 n.6.)  In reaching this

8   conclusion, the Court relied on Twitter's purported "conce[ssion] [at oral argument] that the posting

9   of child pornography is a commercial sex act."[9] (*Id.*)  According to the Court, this meant that

10  "regardless of when the Videos were created, the allegations that the Videos were being retweeted

11  on a massive scale while they remained on the Twitter platform raise[d] a plausible inference that

12  Twitter's failure to remove the Videos would result in *future* commercial sex trafficking." (*Id.*)

13      **C.    Subsequent Events**

14       Since the Court's Order, additional courts have addressed the question of Section

15  230(e)(5)(A)'s scope, as well as the application of Section 1595 to ICS providers, with two courts

16  disagreeing with the Order, one in a lengthy ruling, and one court agreeing with the Order.

17       On September 8, 2021, Judge Gilliam, reconsidering his earlier ruling to the contrary,

18  disagreed with the Order and ruled that "[S]ection 230(e)(5)(A) withdraws immunity only for

19  claims asserting that the defendant's own conduct amounts to a violation of section 1591." *J.B.*,

20  2021 WL 4079207, at *4-12 (granting motion to dismiss filed by craigslist, Inc ("Craigslist")).

21  Judge Gilliam acknowledged his prior ruling concluding that plaintiff's Section 1595 claim was

22  not barred in light of CDA § 230(e)(5)(A), *id.* at *4, but reversed that ruling in light of having

23  "closely reexamined the issue," including through an "in-depth" examination of the statutory text

24

---

25  [8] The Order held that under Section 1595's lower standard, Plaintiffs sufficiently pleaded that
    Twitter received a benefit from its participation.  (Order at 44-46.)  In the event the Court
26  reconsiders the Order and concludes that Section 230(e)(5)(A) requires Plaintiffs to plead that
    Twitter violated Section 1591, then for the reasons stated in Twitter's briefing, Plaintiffs have not
27  adequately alleged that Twitter received a benefit from participation in the sex trafficking venture
    involving Plaintiffs under Section 1591's stricter "knowingly" standard.  (*See* MTD at 16-17 and
28  Reply at 7-8.)
    [9] As explained in Section III, Twitter did not concede this point either in its briefing or at oral
    argument.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-cv-00485-JCS

and legislative history, *see id.* at *4-12 (reviewing in detail various statutory interpretation arguments and comprehensively reviewing the key legislative history).  He also noted as support the intervening court rulings in *Kik* and *M.L.*[10]

On September 17, 2021, Judge Selna in the Central District of California issued a tentative order agreeing with Judge Gilliam's September 8 order in *J.B.*, disagreeing with the Order, and dismissing a complaint against Reddit, Inc. ("Reddit"), which asserted a Section 1595 trafficking claim against an ICS provider.[11]  (Ex. B (tentative order).)  Judge Selna explained that the "most persuasive" interpretation of Section 230(e)(5)(A) was that it limited CDA § 230 immunity "for a section 1595 claim *if, but only if*, the defendant's conduct amounts to a violation of section 1591." (Ex. B at 11-12.)  Judge Selna also reasoned that the plaintiffs failed to allege a violation of Section 1591 (or, for that matter, Section 1595) because they failed to adequately allege Reddit's participation in a venture and because their general allegations (as here) that Reddit enabled sex trafficking on its platform did ***not*** show that the specific traffickers who trafficked the plaintiffs' children were in a "continuous business relationship" with Reddit.  (*Id.* at 12.)

On September 3, 2021, Judge Carney in the Central District of California denied a motion to dismiss asserting that defendant was immune from a Section 1595 claim under CDA § 230. *Mindgeek*, 2021 WL 4167054, at *4-*7.[12]  Judge Carney determined, citing the Order, that Section 230(e)(5)(A) did not require a plaintiff to plead that the defendant violated Section 1591.  *Id.*  Judge Carney's order did independently analyze the question but instead relied on the Order's analysis for that conclusion.[13]  (*Id.*)

---

[10] On September 23, 2021, the *J.B.* plaintiff filed a motion to certify Judge Gilliam's order for interlocutory appeal under 28 U.S.C. § 1292(b). (Case No. 4:19-cv-07848, ECF No. 179.) Craigslist filed a statement of non-opposition to the plaintiff's motion. (*Id.* at ECF No. 183.)  A hearing on the plaintiff's motion is calendared for October 5, 2021.

[11] On September 21, 2021, the plaintiffs in Reddit requested a hearing to contest Judge Selna's tentative order. (*Reddit*, Case No. 8:21-cv-00768, ECF No. 55.)  On September 23, 2021, Judge Selna requested additional briefing from Reddit to respond to the plaintiffs' arguments. (*Id.* at ECF No. 56.)  No hearing has yet been set. (*Id.* at ECF No. 55.)

[12] On September 30, 2021, defendants filed a motion for reconsideration of the order denying defendants' motion to dismiss or, in the alternative, for Section 1292(b) certification. (*MindGeek*, Case No. 8:21-cv-00338 (C.D. Cal.), ECF No. 73.)

[13] Judge Carney also solely relied on this Court's analysis to conclude that "posting child pornography is a commercial sex act." *Mindgeek*, 2021 WL 4167054, at *7.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## III.    THE COURT SHOULD PERMIT TWITTER TO SEEK RECONSIDERATION OF THE ORDER

Pursuant to Local Civil Rule 7-9, a party may obtain leave to move for reconsideration of an interlocutory order upon a showing of "reasonable diligence in bringing the motion" and either of the following circumstances:  the "emergence of new material facts or a change of law occurring after the time of such order" or a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court[.]"  L.R. 7-9(b)(2), (b)(3).[14]

Here, among other things, after the Order issued, a highly pertinent, detailed, and persuasive opinion has been issued in *J.B.* that conflicts with the Order (and reverses the prior *J.B.* opinion that was consistent with the Order).  The new *J.B.* ruling is based on adversarial briefing that raised arguments not presented to the Court in this matter, largely due to Plaintiffs' failure to contest Twitter's statutory interpretation in any specific fashion.  Accordingly, Twitter respectfully submits that it has shown reasonable diligence, that the second and third circumstances cited above apply, and that it should be granted leave to move for reconsideration on three issues.[15]

First, based on both Local Rule 7-9(b)(2) and (b)(3), Twitter seeks reconsideration of the Court's holding that the immunity carve-out in Section 230(e)(5)(A) does not require pleading that the defendant's conduct violated Section 1591.  (Order at 42.)  As explained above, this ruling now conflicts not only with *Kik* and *M.L.*, but also with Judge Gilliam's recent ruling in *J.B.*, which comprehensively examined Section 230(e)(5)(A)'s text, structure, and legislative history after adversarial briefing on that issue.  Judge Selna's tentative order in *Reddit* has since followed Judge Gilliam and disagreed with the Order.  These rulings were not available to the Court at the time of the Order and have rendered the Order's construction of Section 230(e)(5)(A) contrary to the weight of authority in "a rapidly expanding area of law" thus satisfying Local Rule 7-9(b)(2)'s "change of law" requirement.  *See Doe By & Through Doe v. Petaluma City Sch. Dist.*, 949 F. Supp. 1415,

---

[14] Local Civil Rule 7-9(b)(1) also allows for a motion for reconsideration to be filed if "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and the movant "did not know such fact or law at the time" despite the exercise of reasonable diligence; this provision does not apply here.

[15] As noted above, Twitter's proposed motion for reconsideration is attached as Exhibit A.  The key arguments for reconsideration are also the bases upon which Twitter satisfies the criteria of Local Civil Rule 7-9, and accordingly, the points detailed in this section are supported by the attached motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1417 (N.D. Cal. 1996) (concluding that new district court and out of Circuit court opinions constituted a "change of law" warranting reconsideration where the law was still developing on sex harassment issues); *J.B.*, 2021 WL 4079207, at *4 (reconsidering prior motion to dismiss order because of two intervening district court opinions that came to a contrary conclusion).[16]

Although satisfaction of Local Rule 7-9(b)(2) alone is sufficient for the Court to allow Twitter's reconsideration motion on this issue, Twitter also notes the potential applicability of the "manifest failure" prong of Local Rule 7-9(b)(3).  Twitter respectfully submits that this prong should be satisfied where, as here, the relevant issues were first raised and explored at oral argument.  In somewhat similar circumstances, this Court has allowed for the filing of a motion for reconsideration.  *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, 2020 WL 127612, at *4-5 (N.D. Cal. Jan. 10, 2020) (Spero. J) (granting reconsideration based on the movant's argument that the Court granted judgment on an issue not briefed by the parties).

<u>Second</u>, pursuant to Local Rule 7-9(b)(3), Twitter respectfully seeks leave to file for reconsideration to correct two of the Order's erroneous conclusions that led the Court to hold that Plaintiffs' allegations satisfied Section 1591(a)(2): (1) that the posting of child pornography is itself a "commercial sex act," based on Twitter's alleged concession of this point at oral argument, and (2) that Plaintiffs adequately alleged Twitter's knowledge that because of its conduct the victim "***will be*** caused to engage in a ***commercial sex act***."  (*See* Order at 44 n.6).  With respect to the first of these issues, Twitter did not concede at oral argument that posting of child pornography is a "commercial sex act" (*see* Ex. C at 17:7-15.), and the Court's holding on this point disregarded Section 1591's definition of "commercial sex act," which does not include the posting of depictions of sex acts.  Section 1591 pertains to "sex acts" that constitute "trafficking" while *depictions* of "sex acts" are covered by other offenses in Title 18 concerning child pornography that are not subject to the Section 230(e)(5)(A) immunity carve-out, including offenses that Plaintiffs otherwise pled and the Court dismissed.  With respect to the second issue of Twitter's knowledge, the Court's ruling ignores the Ninth Circuit's holding in *United States v. Todd*, 627 F.3d 329, 334 (9th Cir.

---

[16] Local Rule 7-9's allowance for reconsideration upon a "change of law" recognizes, as the Local Rule notes, the "discretion of Court to reconsider its orders prior to entry of final judgment" under Fed. R. Civ. P. 54(b).

2010), that a defendant must know that its conduct will cause the plaintiff to engage in commercial sex acts—here, that was not possible under the facts alleged as Plaintiffs were no longer under their traffickers' control by the time of the alleged posting.

Third, based on both Local Rule 7-9(b)(2) and (b)(3), Twitter respectfully seeks leave to file for reconsideration to correct errors in the Order relating to the application of Section 1595 to Twitter. Section 1595 case law, which Twitter cited, requires a plaintiff to allege facts showing a "continuous business relationship" between a plaintiff's specific traffickers and the defendant. However, the Order concluded that Plaintiffs adequately alleged that Twitter participated in a Section 1595 venture with the traffickers even though there is no allegation that the traffickers were behind the user accounts who posted the Videos to Twitter or that they even use Twitter. (Order at 42-44.) As Judge Selna explained in his tentative ruling, such allegations are legally insufficient because they do not show that there were "business deal[ings]" or a "monetary relationship" between Twitter and the Perpetrators. (Ex. B at 12.)

Twitter has been reasonably diligent in seeking leave to file its motion for reconsideration. Since the Court issued its Order on August 19, 2021, the parties have engaged in ongoing discussions regarding their appellate options. (Declaration of Linh K. Nguyen in Support of Motion for Reconsideration ("Nguyen Decl."), ¶ 5.) Moreover, Twitter's reconsideration arguments are based in part on the changes of law occasioned by Judge Gilliam's September 8, 2021 decision in *J.B.* and Judge Selna's September 17, 2021 tentative ruling following *J.B.* On September 13, 2021, Twitter's counsel informed Plaintiffs' counsel that in light of *J.B.*, Twitter intended to seek leave to move for reconsideration of the Order or, in the alternative, seek certification of the Order for interlocutory appeal under 28 U.S.C. § 1292(b). (Nguyen Decl. ¶ 6.) Plaintiffs' counsel advised that they did not intend to seek reconsideration or appeal. (*Id.*) The parties agreed on a briefing schedule for the instant motion, which the Court granted on September 17, 2021, 9 days after the decision in *J.B.* was issued. (ECF No. 76.)

## IV. ALTERNATIVELY, THE COURT SHOULD CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL

Twitter respectfully submits that reconsideration is warranted and should be granted. If the

Cooley LLP
Attorneys at Law
San Francisco

11

Twitter, Inc.'s Mot. for
Reconsideration or Cert. Order
Case No. 3:21-cv-00485-JCS

1   Court does not permit Twitter to file for reconsideration or denies reconsideration, Twitter requests

2   that the Court certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Specifically,

3   Twitter seeks interlocutory review of the following controlling questions of law: (1) whether the

4   immunity carve-out in Section 230(e)(5)(A) requires that a plaintiff plead a violation of Section

5   1591; and (2) whether "participation in a venture" under Section 1591(a)(2) requires that a

6   defendant have a "continuous business relationship" with the traffickers in the form of business

7   dealings or a monetary relationship.

8               A.      **Legal Standard for Certification of Interlocutory Appeal.**

9           A district court may certify an order for interlocutory appeal under § 1292(b) if it: (1)

10   involves "a controlling question of law"; (2) on which there is "substantial ground[s] for difference

11   of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate

12   termination of the litigation . . . ."  28 U.S.C. § 1292(b); *see In re Cement Antitrust Litig.*, 673 F.2d

13   1020, 1026 (9th Cir. 1981).  "So long as a pure legal question is identified . . . an order can be

14   certified for appeal to resolve all questions material to the order."  *Ornelas v. Target Corp.*, 2020

15   WL 4915774, at *7 (C.D. Cal. June 21, 2020) (quoting *Steering Comm. v. United States*, 6 F.3d

16   572, 576 (9th Cir. 1993) (determining that it is proper to certify a mixed question of law and fact

17   material to the order if coupled with a pure legal question)).  The party seeking certification bears

18   the burden of showing these circumstances exist and that interlocutory appeal is warranted.

19   *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978).

20           To establish a "controlling" question under Section 1292(b), "all that must be shown . . . is

21   that resolution of the issue on appeal could materially affect the outcome of the litigation in the

22   district court."  *In re Cement Antitrust*, 673 F.2d at 1026.  Interlocutory appeals are also frequently

23   allowed "on the question whether the plaintiff has stated a claim if the problem is a difficult one of

24   substantive law[.]"  16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

25   § 3931 (3d ed. 2021); *see, e.g., Brickman v. Facebook, Inc.*, 2017 WL 1508719, at *5 (N.D. Cal.

26   Apr. 27, 2017) (granting motion to certify order denying motion to dismiss because if reversed,

27   "the litigation could completely end or take a decidedly different path").  A question may also be

28   controlling even though its resolution does not determine who will prevail on the merits.  *See*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1   *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 318–19 (9th Cir. 1996).

2          "Courts traditionally will find that a substantial ground for difference of opinion exists . . .

3   if novel and difficult questions of first impression are presented."  *Lee v. Postmates Inc.*, 2019 WL

4   1864442, at *2 (N.D. Cal. Apr. 25, 2019) (Spero, J.) (quoting  *v. Telescope Inc.*, 611 F.3d 629, 633

5   (9th Cir. 2010)).   Moreover, where an order "involves a new legal question or is of special

6   consequence," a district court "should not hesitate to certify an interlocutory appeal[.]"  *Mohawk*

7   *Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009); *see also Reese v. BP Expl. (Alaska) Inc.*, 643

8   F.3d 681, 688 (9th Cir. 2011) ("Stated another way, when novel legal issues are presented, on which

9   fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for

10  interlocutory appeal without first awaiting development of contradictory precedent.").

11         The Ninth Circuit rejects a "rigid approach" to section 1292(b), favoring instead a "flexible

12  approach," "wisely targeted to avoid . . . undesirable consequences" such as "unnecessary,

13  protracted litigation and a considerable waste of judicial resources."  *Reese*, 643 F.3d at 688 n.5.

14         **B.     Interlocutory Review is Warranted to Determine the Standard for Triggering**
           **Section 230(e)(5)(A) Immunity Carve-Out.**
15
16         The Court's Order should be certified for interlocutory review because the standard for

17  triggering Section 230(e)(5)(A)'s immunity carve-out is an issue that is potentially dispositive of

18  Plaintiffs' remaining claim; involves a novel and important question of law which is the subject of

19  clear disagreement among multiple courts; and would materially advance the ultimate termination

20  of this case by an immediate appeal.

21         **1.     Whether Twitter Has Immunity in Light of Section 230(e)(5)(A) is a**
                  **Controlling Question of Law.**

22         Whether Twitter is immune from Plaintiffs' Section 1595 claims in light of Section

23  230(e)(5)(A) presents a controlling question of law.  *See Springs Ambulance Serv., Inc. v. City of*

24  *Rancho Mirage, Cal*., 745 F.2d 1270, 1272 (9th Cir. 1984) (questions of immunity meet the first

25  prong of Section 1292(b)); *see also Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 417

26  (6th Cir. 2014) (recognizing that interlocutory appeal would have been appropriate on the scope of

27  CDA § 230 immunity).

28         Reversal of the Order on this question by the Ninth Circuit would undoubtedly "materially

Cooley LLP
Attorneys at Law
San Francisco

13

Twitter, Inc.'s Mot. for
Reconsideration or Cert. Order
Case No. 3:21-cv-00485-JCS

affect" this litigation.  *See In re Cement Antitrust*, 673 F.2d at 1026.  If the Ninth Circuit determines, as Twitter argues and as the majority of courts have held, that the § 230(e)(5)(A) immunity carve-out applies only where a defendant's conduct meets the Section 1591 standard for criminal liability, the only remaining claim in this litigation may be conclusively resolved in favor of Twitter.  *See AXA Rosenberg Grp. v. Gulf Underwriters*, 2004 WL 1844846, at *10 (N.D. Cal. Aug. 16, 2004) (Spero, J.) (certifying order for interlocutory appeal because "if the Ninth Circuit determines . . . that the Court has erred . . . such a ruling may be dispositive of the entire case"); *VIA Techs., Inc. v. SonicBlue Claims, LLC*, 2011 WL 2437425, at *1 (N.D. Cal. June 17, 2011) ("it is clear that a question of law is controlling if reversal of the district court's order would terminate the action"). Because this is a "pure legal question," an interlocutory appeal is especially appropriate.  *See Steering Comm.*, 6 F.3d at 575–76.

Courts also have recognized that legal questions that could affect other cases may be particularly warranted for interlocutory appeal.  *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("the impact that an appeal will have on other cases is a factor" in determining whether a question is controlling).  The scope of an ICS provider's immunity in light of Section 230(e)(5)(A) could have a significant effect on numerous other cases pending before district courts within this circuit and across the country.  Indeed, there are currently at least eight cases litigating this exact issue in seven district courts, including six cases in this Circuit alone.[17]  Interlocutory appeal to resolve the standard for triggering the Section 230(e)(5)(A) immunity carve-out would help resolve those pending litigations and preserve judicial resources.  *See Reese*, 643 F.3d at 688 n.5 (noting approach to Section 1292(b) certification should be "flexible" and aimed to prevent waste of judicial resources).

### 2.     Substantial Grounds for Difference of Opinion Exist on this Issue.

As of the filing of this motion, there exists both an intra- and inter- district split of authority, across multiple circuits, as to the novel and important question of the standard for triggering the Section 230(e)(5)(A) immunity carve-out for Section 1595 claims, and no Circuit has yet weighed

---

[17]  *See supra* note 4.  In addition to courts in this circuit, at least two other district courts are addressing these same issues: *G (a minor), et al. v. Salesforce.com, Inc.*, Case No. 20-cv-02335 (N.D. Ill. Apr. 15, 2020) and *Doe #1 et al. v. MG Freesites LTD et al.,* Case No. 21-cv-00220 (N.D. Ala. Feb. 11, 2021).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

in on this issue.[18]  This Court has expressly recognized this split in authority, having stated in the Order that it "respectfully disagrees with the *Kik* court's analysis" on CDA § 230's application to Section 1595 claims.  (Order at 39-40.)  In the month since this Court's Order disagreed with *Kik*, three district courts in this Circuit confronted this precise question, with two following *Kik* and disagreeing with this Court's Order, and one agreeing with the Order.  *See supra* Section III.  This indicates the substantial grounds for difference of opinion justifying interlocutory review.  *See Reese*, 643 F.3d at 688 ("A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution[.]"); *see, e.g.*, *United Food Grp., LLC v. Cargill, Inc.*, 2015 WL 13868985, at *2 (C.D. Cal. July 27, 2015) (certifying order involving "an issue over which reasonable judges might differ" (citation omitted)).

### 3.   Interlocutory Review May Materially Advance the Ultimate Termination of the Litigation.

A litigation is materially advanced by interlocutory appeal if reversal of the Order at issue would more quickly dispose of the litigation.  *VIA Techs.*, 2011 WL 2437425, at *1.  Here, immediate appeal of the Court's interpretation of Section 230(e)(5)(A) will materially advance the litigation and save the parties and the Court significant expense.  *Helman v. Alcoa Glob. Fasteners Inc.*, 2009 WL 2058541, at *6 (C.D. Cal. June 16, 2009), *aff'd*, 637 F.3d 986 (9th Cir. 2011) ("Immediate appeal should be granted where there is a highly debatable question that is easily separated from the rest of the case, that offers an opportunity to terminate the litigation completely, and that may spare the parties the burden of a trial that is expensive for them even if not for the judicial system.").

Specifically, if Twitter successfully obtains reversal based on its proffered interpretation of Section 230(e)(5)(A), the remaining Section 1595 claim in this case will likely be dismissed because plaintiffs' allegations have failed to meet the more stringent standards of Section 1591, obviating the need for any discovery, further motion practice, and trial.  *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092–93 (E.D. Cal. 2008); *Jones*, 755 F.3d at 417 (recognizing that if certification of the order rejecting defendants' claim for CDA immunity

---

[18] *Supra* note 4.

Cooley LLP
Attorneys at Law
San Francisco

15

Twitter, Inc.'s Mot. for
Reconsideration or Cert. Order
Case No. 3:21-cv-00485-JCS

had been granted earlier the case would have been resolved before trial).

### C.   Interlocutory Review is Warranted to Determine the Meaning of "Participation in a Venture" in Sections 1595 and 1591(a)(2).

Plaintiffs' Section 1595 beneficiary liability claim against Twitter is based on Twitter's alleged violation of Section 1591(a)(2).   (FAC ¶¶ 144-155.)   Section 1591(a)(2) punishes "[w]hoever knowingly. . . benefits, financially or by receiving anything of value, from *participation in a venture* which has engaged in an act described in violation of [Section 1591(a)(1)], knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act[.]"  18 U.S.C. § 1591(a)(2).  As with the meaning of Section 230(e)(5)(A), the question whether "*participation in a venture*" requires a "continuous business relationship" with the traffickers in the form of business dealings or a monetary relationship also meets each of the three criteria required for certification under Section 1292(b).[19]

### 1.   The Statutory Interpretation of "Participation in a Venture" Under Sections 1595 and 1591(a)(2) is a Controlling Question of Law.

The statutory interpretation of "participation in a venture" under Sections 1595 and 1591(a)(2) is a controlling question of law that is appropriate for interlocutory review because the Ninth Circuit could resolve this question without needing to delve deeply into the factual record. *Cf. Scallon v. Scott Henry's Winery Corp.*, 686 F. App'x 495, 495 (9th Cir. 2017) (reviewing interpretation of state statute pursuant to Section 1292(b)); *see also Helman*, 2009 WL 2058541, at *7 (The "issue of statutory interpretation involves a controlling issue of law where there is substantial ground for disagreement[.]")

Courts interpreting "participation in a venture" under Section 1595 have found that plaintiffs must allege facts showing that a defendant was "associated in fact" or had a "continuous business relationship" with the plaintiffs' traffickers.  Plaintiffs, however, have alleged no facts to support the existence of a "continuous business relations" – or *any relationship* – between Twitter and Plaintiffs' alleged traffickers, and yet the Order determined that Plaintiffs alleged "participation

---

[19] If the Ninth Circuit finds that the CDA § 230 immunity carve-out in Section 230(e)(5)(A) requires a showing that the ICS provider's conduct constitutes a violation of Section 1591, the court must still address whether Plaintiffs established "participation in a venture" under the more stringent Section 1591 standard.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

in a venture."  Reversal of that ruling would undoubtedly "materially affect" this litigation as it would require dismissal of Plaintiffs' only remaining claim.  *See In re Cement Antitrust*, 673 F.2d at 1026.

> **2.     Substantial Grounds for Disagreement Exist Regarding Whether "Participation in a Venture" Under Sections 1595 and 1591 Requires a "Continuous Business Relationship" Between the ICS Provider and Traffickers.**

Reasonable jurists have recently disagreed on the statutory interpretation of "participation in a venture" under Sections 1595 and 1591(a)(2).  This Court concluded that "Plaintiffs' allegations are sufficient" to allege participation in a venture because Twitter "enables sex trafficking on its platform" and "Twitter was specifically alerted that the Videos contained sexual images of children obtained without their consent on several occasions but either failed or refused to take action."  (Order at 43.)

Other courts, however, have required that "in the absence of direct association," there must be "a showing of a ***continuous business relationship*** between ***the trafficker*** and the [ICS provider] such that it would appear that the trafficker and the [ICS provider] have established a pattern of conduct or could be said to have a tacit agreement."  *J.B.*, 2020 WL 4901196, at *9 (citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019); *see also* Order at 36 ("District courts, including in this district, have found the statutory analysis in *M.A.* supporting its interpretation of Section 1595 to be persuasive."); s*ee also* Ex. B at 12 (Plaintiffs were required to allege facts demonstrating the ICS provider "made a business deal with" the Perpetrators or had a "monetary relationship with [the Perpetrators]"—to establish a venture under Section 1595.)

Certification of the proper interpretation of "participation in a venture" is appropriate because jurists within the Ninth Circuit and across the country have expressly disagreed about the proper application of this element under Sections 1595 and 1591(a)(2).

> **3.     Certification of the Statutory Interpretation of "Participation in a Venture" Under Sections 1595 and 1591(a)(2) Will Materially Advance the Ultimate Termination of the Litigation.**

Immediate appeal of the Court's ruling on this controlling question of the meaning of "participation in a venture" will also materially advance the litigation and save the parties and the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS

1  Court significant expense.  *Helman*, 2009 WL 2058541, at *6 ("Immediate appeal should be

2  granted where . . . [it] may spare the parties the burden of a trial that is expensive for them even if

3  not for the judicial system.").

4  Like the Section 230(e)(5)(A) issue discussed in section B, *supra*, reversal on appeal of the

5  Court's "participation in a venture" interpretation is likely to obviate the need for any discovery,

6  further motion practice, and trial.  *See Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1092–93.  If,

7  for example, the Ninth Circuit construes Sections 1595 and 1591(a)(2) to require more than

8  conclusory suggestions of an undefined relationship between an ICS provider and a plaintiff's

9  unknown and unidentified traffickers, Plaintiffs will have failed to state a facially valid claim for

10  relief on their only remaining claim because they make no allegation of any relationship that

11  between Twitter and the traffickers or even that the traffickers posted the video on Twitter.  Thus,

12  an immediate appeal could lead to the ultimate termination of the case.  *See In re Cement Antitrust*

13  *Litig.*, 673 F.2d at 1020.

14  **V.  CONCLUSION**

15  Based on the foregoing, Twitter respectfully requests the Court grant leave for Twitter to

16  move for reconsideration of the Court's Order.  Alternatively, Twitter respectfully requests that the

17  Court enter an order or amend its Order to allow Twitter to seek interlocutory appeal.

18  Dated: October 4, 2021                          COOLEY LLP

19

20                                                          By: */s/ Michael G. Rhodes*

21                                                               Michael G. Rhodes

22                                                          *Attorneys for Defendant*
                                                             *Twitter, Inc.*

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

TWITTER, INC.'S MOT. FOR
RECONSIDERATION OR CERT. ORDER
CASE NO. 3:21-CV-00485-JCS