1   COOLEY LLP
    MICHAEL G. RHODES (116127)
2   (rhodesmg@cooley.com)
    KATHLEEN HARTNETT (314267)
3   (khartnett@cooley.com)
    KYLE C. WONG (224021)
4   (kwong@cooley.com)
    3 Embarcadero Center, 20th Floor
5   San Francisco, CA 94111-4004
    Telephone:    (415) 693-2000
6   Facsimile:    (415) 693-2222

7   LINH K. NGUYEN (305737)
    (lknguyen@cooley.com)
8   JAMIE D. ROBERTSON (326003)
    (jdrobertson@cooley.com)
9   4401 Eastgate Mall
    San Diego, California 92121
10   Telephone:    (858) 550-6000
    Facsimile:    (858) 550-6420

11

12   Attorneys for Defendant
    TWITTER, INC.

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17

18   JOHN DOE #1 AND JOHN DOE #2,      Case No. 3:21-cv-00485-JCS

19           Plaintiffs,      **DEFENDANT TWITTER, INC.'S MOTION FOR STAY**

20      v.      Hearing Date:    November 19, 2021

21   TWITTER, INC.,      Hearing Time:    9:30 a.m.
     Judge:    Honorable Joseph C. Spero

22           Defendants.

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT TWITTER, INC.'S
MOT. FOR STAY
Case No. 3:21-cv-00485-JCS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ......................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL BACKGROUND ......................................................................... 2

        A.      *Doe v. Twitter* ................................................................................... 2

        B.      Other Section 1595 Cases Likely to Reach the Ninth Circuit ............... 3

III.    ARGUMENT ................................................................................................... 5

        A.      Legal Standard ...................................................................................... 5

        B.      The Court Should Stay the Action Pending Resolution of Twitter's Motion
                and Any Appeal the Ninth Circuit Agrees to Consider ......................... 6

                1.      Twitter has made a strong showing that it is likely to succeed on the
                        merits ......................................................................................... 6

                2.      The irreparable harm to Twitter resulting from failure to stay the
                        case outweighs any harm or prejudice to Plaintiffs ..................... 8

                3.      A stay is in the public interest ..................................................... 9

IV.     CONCLUSION ............................................................................................... 10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT TWITTER, INC.'S
MOT. FOR STAY
Case No. 3:21-cv-00485-JCS

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4
*Asis Internet Servs. v. Active Response Grp.*,
    2008 WL 4279695 (N.D. Cal. Sept. 16, 2008) ........................................................... 9

5

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
6
    634 F. Supp. 2d 1081 (E.D. Cal. 2008) ................................................................. 5, 6

7
*Bradshaw v. City of Los Angeles*,
    2020 WL 2065007 (C.D. Cal. Mar. 23, 2020) ........................................................... 5

8

*Canela v. Costco Wholesale Corp.*,
9
    2018 WL 3008532 (N.D. Cal. June 15, 2018) ....................................................... 7, 10

10
*Chronicle Publishing Co. v. National Broadcasting Co.*,
    294 F.2d 744 (9th Cir. 1961) ..................................................................................... 5

11

*City of Los Angeles v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
12
    2014 WL 12573322 (C.D. Cal. Apr. 29, 2014) .......................................................... 9

13
*Doe v. Mindgeek USA Inc.*,
    2021 WL 4167054 (C.D. Cal. Sept. 3, 2021) ............................................................. 5

14

*Doe v. Reddit, Inc.*,
15
    Case No. 21-cv-00768-JVS-KES, (C.D. Cal.) ................................................... 4, 7, 10

16
*Filtrol Corp. v. Kelleher*,
    467 F.2d 242 (9th Cir. 1972) ...................................................................................... 5

17

*Goddard v. Google, Inc.*,
18
    640 F. Supp. 2d 1193 (N.D. Cal. 2009) .................................................................. 2, 8

19
*Gray v. Golden Gate Nat. Recreational Area*,
    2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ........................................................... 9

20

*J.B v. G6 Hospitality, LLC*,
21
    2021 WL 4079207 (N.D. Cal. Sept. 8, 2021) ............................................................ 4

22
*J.B. v. G6 Hospitality LLC*,
    Case No. 19-cv-07848-HSG (N.D. Cal.) .................................................................... 4

23

*Landis v. North American Co.*,
24
    299 U.S. 248 (1936) .................................................................................................. 5

25
*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) ...................................................................................... 6

26

*Levitt v. Yelp! Inc.*,
27
    2011 WL 5079526 (N.D. Cal. Oct. 26, 2011), *aff'd,* 765 F.3d 1123 (9th Cir. 2014) .............. 8

28

Cooley LLP
Attorneys at Law
San Francisco

ii

DEFENDANT TWITTER, INC.'S
MOT. FOR STAY
Case No. 3:21-cv-00485-JCS

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Mauia v. Petrochem Insulation, Inc.*,
   2020 WL 1031911 (N.D. Cal. Mar. 3, 2020) ........................................................................ 6, 7

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
   708 F.2d 1458 (9th Cir. 1983) ................................................................................................ 5

*Senne v. Kansas City Royals Baseball Corp.*,
   2017 WL 5973487 (N.D. Cal. May 5, 2017) ................................................................. *passim*

*Silbersher v. Allergan Inc.*,
   2021 WL 292244 (N.D. Cal. Jan. 28, 2021) ................................................................. *passim*

**Statutes**

18 U.S.C.
   § 1591 ............................................................................................................................. *passim*
   § 1595 ............................................................................................................................. *passim*

28 U.S.C. § 1292(b) ....................................................................................................... 1, 3, 5, 6

47 U.S.C.
   § 230 ............................................................................................................................... *passim*
   § 230(e)(5)(A) ................................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 54(b) ............................................................................................................... 3

L. R. 7-9 ................................................................................................................................... 3

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT**, on November 19, 2021, at 9:30 a.m., or as soon thereafter as may be heard, Defendant Twitter, Inc. ("Twitter") will and hereby does move this Court for an order staying these proceedings if the Court certifies the order denying in part Twitter's motion to Dismiss (ECF No. 69, or the "Order") for interlocutory appeal as requested in Twitter's previously filed motion for leave to file motion for reconsideration or, in the alternative, motion for an order permitting interlocutory appeal of the Order pursuant to 28 U.S.C. § 1292(b) (the "Motion," ECF No. 80).[1] Twitter further requests that any such stay should extend through final resolution of any appeal taken up by the Ninth Circuit.  This motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the papers on file in this action, and such other and further evidence or argument that the Court may consider.

**STATEMENT OF ISSUES TO BE DECIDED**

Twitter respectfully submits, as detailed below, that the Court should stay the proceedings if the Court grants certification of the Order as requested in Twitter's Motion and that any stay should extend until all further proceedings in the Ninth Circuit regarding Twitter's request for interlocutory appeal are finally resolved because: (1) Twitter has made a "strong showing" that it is likely to succeed on the merits; (2) Twitter will be irreparably injured without a stay; (3) a stay will not substantially injure Plaintiffs; and (4) a stay is in the public interest.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

If the Court grants certification of the Order, Twitter seeks an order staying the proceedings in this case through final resolution of any appeal taken up by the Ninth Circuit.  Courts, including this one, have not hesitated to issue stays when certifying questions for interlocutory appeal.  The outcome should be no different here as Twitter meets each criteria that courts traditionally analyze for a stay in such circumstances.  First, as explained in Twitter's Motion, the Order raises

---

[1] In the event the Court grants Twitter's motion for reconsideration attached as Exhibit A to the Motion, Twitter's motion for a stay will be moot.

controlling, case dispositive questions of law that go directly to the merits of Plaintiffs' sole remaining claim, which strongly counsel in favor of a stay until these issues are finally resolved.

Second, as to the balance of harms, there is no doubt that Twitter will be irreparably injured if the case is not stayed and it must provide discovery and continue to defend itself against claims to which it is immune, or which are inadequately pled.  Courts in the Northern District routinely find irreparable injury where, as here, but a party would otherwise have to continue to litigate despite appealing a case dispositive issue.  As to Plaintiffs, this case is in its early stages and there is no threat of future or continuing harm; thus, any alleged injury to Plaintiffs resulting from a stay will be minimal and is, in any event, outweighed by the substantial harm to Twitter.

Third, the interests of judicial (and litigant) efficiency and preservation of resources favors a stay where, as here, the potential appeal may lead to final dismissal of the case.  A stay also makes eminent sense here because one of the questions Twitter seeks to certify involves immunity from suit.  CDA § 230 protects Defendants "not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1202 (N.D. Cal. 2009).  Because the entire purpose of such immunity is to avoid subjecting the defendant to litigation in the first instance, CDA § 230 immunity should be definitively resolved before the parties engage in costly discovery.

As such, Twitter respectfully moves this Court to stay these proceedings if the Court grants certification of the Order as requested in Twitter's Motion.  Twitter further requests that the Court stay proceedings pending final resolution of any appeal taken up by the Ninth Circuit.

## II.    FACTUAL BACKGROUND

Given the Court's familiarity with this case, Twitter provides an abbreviated background, focusing on the procedural issues and other Section 1591 and 1595 litigation relevant to this motion.[2]

### A.    Doe v. Twitter

On May 7, 2021, Twitter moved to dismiss Plaintiffs' First Amended Complaint ("FAC") under CDA § 230.  ("MTD", ECF No. 48.)  Twitter asserted that the carve-out from CDA § 230

---

[2] For a more comprehensive discussion of the background of the action leading up to this motion, see the Background section of Twitter's Motion.  (ECF No. 80 at 3-8.)

immunity created by FOSTA ("Section 230(e)(5)(A)"), did not apply to Plaintiffs' Section 1595 claims because Section 230(e)(5)(A) applies only where "the conduct underlying the claim constitutes a violation of [S]ection 1591," and Plaintiffs did not adequately plead that Twitter's conduct met that high bar.  47 U.S.C. § 230(e)(5)(A); *see* MTD at 1-2, 4-5, 18.

On August 19, 2021, the Court dismissed with prejudice all of Plaintiffs' claims except for the Section 1595 beneficiary liability claim based on Twitter's alleged violation of Section 1591(a)(2) ("Claim Two").  (ECF No. 69.)  The Court held "that Plaintiffs' Section 1595 claim against Twitter based on [an] alleged violation of Section 1591(a)(2) is not subject to the more stringent requirements that apply to criminal violations of that provision," but instead "creates an exemption to Section 230 immunity for civil sex trafficking claims under Section 1591[.]"  (Order at 40, 42.)

On October 4, 2021, Twitter filed a motion seeking leave to file a motion for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 54(b) and Northern District of California Civil Local Rule 7-9 or, in the alternative, for an order certifying the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Twitter attached to the Motion its proposed motion for reconsideration.

That same day, Plaintiffs served on Twitter a First Combined Set of Interrogatories, Requests for Production of Documents, and Requests for Admission" (the "Discovery Requests"). The Discovery Requests include twenty-three interrogatories, twenty-three requests for production, some with subparts, and nine requests for admission.  Many are incredibly broad, and more than 20 Requests are unbounded by any time limits.  (Nguyen Decl., ¶ 2.)  Prior to this, the parties had informally agreed to stay discovery pending the Court's order on Twitter's motion to dismiss the FAC.  (ECF No. 67 at 4-5.)  In light of the Motion, Twitter's counsel met and conferred with Plaintiffs' counsel regarding a stay of discovery on October 7, 2021.  Plaintiffs' counsel again declined to agree to stay discovery or the proceedings pending the outcome of the Motion on October 15, 2021.  (Nguyen Decl., ¶ 3.)

### B.    Other Section 1595 Cases Likely to Reach the Ninth Circuit

Numerous other courts within this Circuit (and outside it) are also currently grappling with how to interpret Section 230(e)(5)(A)'s scope, how to apply Section 1595 to ICS providers, and

1    how to apply the required elements to establish participation in a venture under both Sections 1595

2    and 1591.  The conflicting conclusions reached by the courts of this Circuit indicate that Twitter's

3    Motion raises serious questions going to the merits of this case that will likely be considered by the

4    Ninth Circuit, if not because this Court certifies these questions, then because others likely will.

5         ***J.B. v. G6 Hospitality LLC* (N.D. Cal.).**  As explained in Twitter's Motion (Dkt. 80), on

6    September 8, 2021, Judge Gilliam reconsidered his earlier ruling and dismissed the plaintiff's

7    complaint against Craigslist after concluding that "the most persuasive reading of [S]ection

8    230(e)(5)(A) is that it provides an exemption from immunity for a section 1595 claim if, but only

9    if, the defendant's conduct amounts to a violation of section 1591." *J.B v. G6 Hospitality, LLC*,

10   2021 WL 4079207, at *12 (N.D. Cal. Sept. 8, 2021).  The plaintiff filed a motion to certify the

11   order for interlocutory appeal on September 23, 2021, seeking certification of the proper

12   interpretation of Section 230(e)(5)(A).  (*J.B. v. G6 Hospitality LLC*, Case No. 19-cv-07848-HSG

13   (N.D. Cal.), ECF No. 179.)  Craigslist filed a statement of non-opposition.  (*Id.*, ECF No. 183.)

14   Since Twitter's Motion (Dkt. 80), Judge Gilliam held a hearing on the plaintiff's certification

15   motion on October 5, 2021 and ordered the parties to meet and confer on options "to facilitate a

16   potential appeal."  (*Id.*, ECF No. 187.)  On October 12th, the parties filed a stipulation with the

17   court proposing various methods to accomplish an interlocutory appeal.  (*Id.*, ECF No. 188.)

18   Pursuant to the parties' stipulation entered by Judge Gilliam, the plaintiff has until 14 days after the

19   final resolution by Judge Gilliam of her request for interlocutory review to amend her complaint

20   against Craigslist (*id.*, ECF No. 184); thus, as to Craigslist, which at present has been dismissed

21   from the action, the case is effectively stayed.

22        ***Doe v. Reddit* (C.D. Cal.).**  On October 7, 2021, Judge Selna adhered to his tentative ruling

23   described in Twitter's Motion (Dkt. 80) and dismissed a complaint against Reddit, Inc. ("Reddit"),

24   agreeing with Judge Gilliam's interpretation of Section 230(e)(5)(A) in *J.B.*, and disagreeing with

25   the Order.  (Case No. 21-cv-00768-JVS-KES, ECF No. 58.)  Judge Selna also reasoned that the

26   plaintiffs failed to allege a violation of Section 1591 (and Section 1595) because they failed to

27   adequately allege Reddit's participation in a venture.  (*Id.* at 12.)  Judge Selna concluded that

28   general allegations that Reddit enabled sex trafficking on its platform (as here) did not show a

"continuous business relationship" between Reddit and the specific traffickers who trafficked the plaintiffs' children.  (*Id.* at 12.)

*Doe v. MindGeek* **(C.D. Cal.).**  On September 23, 2021, Judge Carney determined that Section 230(e)(5)(A) did not require a plaintiff to plead that a defendant violated section 1591.  *Doe v. Mindgeek USA Inc.*, 2021 WL 4167054, at \*4-\*7 (C.D. Cal. Sept. 3, 2021).  On September 30, 2021, MindGeek filed a motion for reconsideration or, in the alternative, a motion to certify the order for interlocutory appeal under Section 1292(b).  (Case No. 21-cv-0338-CJC-ADS, ECF No. 73.)  Plaintiff opposed.  (*Id.*, ECF No. 74.)  A hearing is calendared for November 1, 2021.

## III.    ARGUMENT

### A.    Legal Standard

It is well settled that a district court has the inherent power to grant a stay to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it.  *See Landis v. North American Co.*, 299 U.S. 248, 253-54 (1936).  Thus, courts may grant a stay as to discovery, pretrial proceedings, and trial to achieve the desired result of conserving the resources of the parties and the court.  *Chronicle Publishing Co. v. National Broadcasting Co.*, 294 F.2d 744, 749 (9th Cir. 1961); *Bradshaw v. City of Los Angeles*, 2020 WL 2065007, at \*4 (C.D. Cal. Mar. 23, 2020) (staying case).

In the 28 U.S.C. § 1292(b) context, courts enjoy "broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008) (*quoting Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)); *see also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (district court "may . . . find it is efficient for its own docket and the fairest course for the parties" to enter a stay pending appeal).

In determining whether a stay is warranted, the district court should consider: (1) whether the stay applicant has made a "strong showing" that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured without a stay; (3) whether the stay will substantially injure the other parties in the proceedings; and (4) whether a stay is in the public interest.  *Silbersher v. Allergan Inc.*, 2021 WL 292244, at \*3 (N.D. Cal. Jan. 28, 2021) (Spero, J.) (citing *Leiva-Perez v.*

*Holder*, 640 F.3d 962, 964 (9th Cir. 2011)).  "Courts apply these factors flexibly, taking a 'sliding scale approach' akin to the approach taken with respect to preliminary injunctions."  *Id.*  Ninth Circuit district courts, including this one, regularly stay proceedings pending interlocutory appeal when the outcome of the appeal might "alter the direction of the current proceedings."  *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1094; *Silbersher*, 2021 WL 292244, at *3 (staying proceedings pending interlocutory review under Section 1292(b) and any appeal that the Ninth Circuit might agree to consider); *Senne v. Kansas City Royals Baseball Corp.*, 2017 WL 5973487, at *3-*4 (N.D. Cal. May 5, 2017) (Spero, J.) (staying case pending interlocutory review).

### B.    The Court Should Stay the Action Pending Resolution of Twitter's Motion and Any Appeal the Ninth Circuit Agrees to Consider.

#### 1.    Twitter has made a strong showing that it is likely to succeed on the merits.

In examining whether to stay a case pending appellate proceedings under Section 1292(b), the Ninth Circuit has "explained that the first factor, a 'strong showing' on the merits, does not require that a party seeking a stay must demonstrate that it is more likely than not to prevail on its appeal."  *Silbersher*, 2021 WL 292244, at *3 (citing *Leiva-Perez*, 640 F.3d 962 at 968).  Instead, "it is enough that there are 'serious questions going to the merits.'"  *Id.*  Twitter respectfully submits that a stay is clearly warranted under these standards, where the issues raised in the Order, including the scope of Section 230's immunity carve-out in Section 230(e)(5)(A) and the interpretation of "participation in a venture" in 18 U.S.C. Sections 1591 and 1595, are novel, important and dispositive issues of law that present "serious questions going to the merits" of Plaintiffs' sole remaining claim.  *See Silbersher*, 2021 WL 292244, at *3.

*Silbersher* is particularly instructive.  In that case, this Court found a "controlling question[] of law" as to which there was "substantial ground for difference of opinion" where its decision conflicted with another district court on the same dispositive issue.  *See id*. at *2-3; *Mauia v. Petrochem Insulation, Inc.*, 2020 WL 1031911, at *3-4 (N.D. Cal. Mar. 3, 2020) (noting that three district courts reached conflicting conclusions on the same critical issue, granting certification of that issue for interlocutory appeal, and staying case).  Here, this case clearly involves controlling questions of law that have given rise to differences of opinion: multiple courts within this Circuit

1    and outside of it—at least eight in total—have come to conflicting conclusions in the past year

2    alone when faced with the question of an ICS provider's immunity from Section 1595 claims and,

3    as a result, there are multiple reconsideration and certification motions pending in district courts in

4    this Circuit.  Moreover, contrary to this Court's conclusion, other district courts have found that a

5    plaintiff is required to plead that an ICS provider had a "business relationship" with a trafficker in

6    order to establish "participation in a venture" under Section 1595.  (*See Doe v. Reddit, Inc.*, Case

7    No. 21-cv-00768-JVS-KES, ECF No. 58 at 12.)

8         This Court also concluded in *Silbersher* that the legal questions raised by the interlocutory

9    appeal weighed in favor of a stay because the plaintiff's claim would be barred if the Court's

10   conclusion as to those issues were reversed on appeal.  *Silbersher*, 2021 WL 292244, at *2-3.  The

11   same logic applies here.  Were this Court or the Ninth Circuit to find in Twitter's favor, it would

12   be dispositive of Plaintiffs' only remaining claim because—for the reasons discussed in Twitter's

13   motion to dismiss and Motion—Plaintiffs' allegations do not meet the more stringent requirements

14   of Section 1591 nor have they pleaded Twitter's participation in a Section 1591 or 1595 venture.

15   (*See* ECF Nos. 48 at 11-18; 80 at 3-5; 80-2 at 4-15.)

16        As such, the same concerns that counsel in favor of reconsidering or permitting immediate

17   appeal of the Order support the imposition of a stay: the standard for triggering Section 230's

18   immunity carve-out and the statutory interpretation of "participation in a venture" are controlling,

19   pure questions of law for which there is reasonable grounds for difference of opinion and resolution

20   of which will materially advance (and likely terminate) this litigation.  *See, e.g.*, *Mauia*, 2020 WL

21   1031911, at *4 (N.D. Cal. Mar. 3, 2020) ("[T]his [c]ourt's certification for interlocutory review

22   becomes illogical if the parties continue to litigate before this [c]ourt [plaintiff's] remaining claims,

23   which claims would be subject to dismissal if the Ninth Circuit reverse."); *Canela v. Costco

24   Wholesale Corp.*, 2018 WL 3008532, at *4 (N.D. Cal. June 15, 2018) (noting that refusing a stay

25   but granting certification would result in "much of the efficiency and benefit of an interlocutory

26   appeal [] be[ing] lost"); *see also Senne*, 2017 WL 5973487, at *3 (granting motion to certify

27   because there was substantial ground for difference of opinion due to "the dearth of relevant case

28   law and tension in the relevant legal standards" and granting motion to stay on the same ground).

1

2

**2.** **The irreparable harm to Twitter resulting from failure to stay the case outweighs any harm or prejudice to Plaintiffs.**

3      The second and third factors also support a stay here.  These factors address the "relative

4  harms to the parties of entering a stay as opposed to allowing the case to move forward in the trial

5  court."  *Silbersher*, 2021 WL 292244, at *3.  As to Twitter, it faces significant and unnecessary

6  harm should it be required to proceed with this litigation before the controlling question of its

7  immunity under CDA § 230 is finally decided.  Immunity under CDA § 230 protects Defendants

8  "not merely from ultimate liability, but from having to fight costly and protracted legal battles."

9  *Goddard*, 640 F. Supp. 2d at 1202.  Thus, subjecting Twitter to costly, invasive, and protracted

10 litigation now before the Ninth Circuit can (and should) resolve the important question of the scope

11 of CDA § 230 would undermine the entire purpose of the Congressional grant of immunity through

12 CDA § 230 in the first place.  *See Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *6, *8–9 (N.D. Cal.

13 Oct. 26, 2011), *aff'd*, 765 F.3d 1123 (9th Cir. 2014).  And because "[c]lose cases . . . must be

14 resolved in favor of immunity," Twitter respectfully submits that the Court should not allow

15 Plaintiffs to take discovery unless and until it is finally decided that their Section 1595 beneficiary

16 liability claim based on Twitter's alleged violation of Section 1591(a)(2) survives.  *Id.*

17     Moreover, courts have stayed cases where reversal of the certified order would terminate

18 the case or eliminate claims, making any time and expense on discovery and motion practice

19 unnecessary.  In *Silbersher*, this Court found that the "substantial harm" suffered by the party

20 requesting the stay caused by "going forward in the trial court . . . will result in burdensome and

21 expensive cost that may be needless" and outweighs any prejudice to plaintiffs from a delay

22 pending appeal.  *Id.* at *3.  Similarly, in *Senne*, the Court concluded that the harm to defendants

23 who "will have devoted very substantial time and resources on the litigation, particularly with

24 respect to the completion of discovery, dispositive motions and trial preparation" outweighs any

25 prejudice to plaintiffs "arising from the delay associated with the entry of a stay."  *Senne*, 2017 WL

26 5973487, at *3.

27     Here, the same considerations animating the stays in *Silbersher* and *Senne* are present.

28 Failure to stay this case pending resolution of Twitter's Motion and any subsequent appeal

1   considered by the Ninth Circuit on either or both of the questions Twitter seeks to certify will result

2   in "burdensome and expensive discovery" and potentially summary judgment and trial preparation

3   that will have been unnecessary if the Ninth Circuit determines Twitter is immune from or not liable

4   for Plaintiffs' only remaining claim.  *Id.*

5        Plaintiffs will also face no substantial injury if this case is stayed pending resolution of

6   Twitter's Motion.  First, this litigation is in early stages and no trial date has been set.  *See*

7   *Silbersher*, 2021 WL 292244, at *3 (prejudice to plaintiff outweighed by harm to defendant if

8   caused to proceed while order on motion to dismiss is on appeal).  Second, staying the case presents

9   no risk that documentary evidence will be lost because relevant evidence has been preserved and

10  immediate appeal will materially advance the litigation such that it will be less likely that memories

11  and knowledge of any percipient witnesses will fade or be lost.  *See City of Los Angeles v. Nat'l*

12  *Union Fire Ins. Co. of Pittsburgh, PA*, 2014 WL 12573322, at *11 (C.D. Cal. Apr. 29, 2014)

13  (granting stay and certifying for interlocutory appeal because "[t]he risk of faded memories is an

14  even greater reason the Ninth Circuit should decide this controlling, novel legal issue prior to trial,

15  lest the parties have to return after a reversal on appeal post final adjudication").  And finally,

16  Twitter has already removed the Videos from its platform; therefore, a temporary stay presents no

17  possibility of future harm to Plaintiffs.  *Asis Internet Servs. v. Active Response Grp.*, 2008 WL

18  4279695, at *4 (N.D. Cal. Sept. 16, 2008) (stay appropriate while order pending appeal where, *inter*

19  *alia*, plaintiffs' alleged harm had already occurred).

20       **3.**     **A stay is in the public interest.**

21       The final factor, judicial efficiency, also favors entry of a stay.  Northern District courts

22  have held that the "public interest lies" in a court "avoid[ing] wasting resources on . . . litigation

23  which might be changed in scope on appeal."  *Gray v. Golden Gate Nat. Recreational Area*, 2011

24  WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (noting that "a court should not waste its resources

25  on matters which did not belong before it in the first place").  In *Silbersher*, for example, this Court

26  concluded that "it is in the public interest to stay the case while it is on appeal because doing so is

27  likely to save judicial resources." 2021 WL 292244, at *3.

28       Proceeding on Plaintiffs' claims, including ruling on discovery disputes, summary

1    judgment motions, and trial, will be a significant waste of judicial resources if the Court certifies

2    the Order and the Ninth Circuit determines Section 230(e)(5)(A)'s immunity carve-out is only

3    triggered if Twitter's conduct violated Section 1591 and orders dismissal.  Likewise, if the Ninth

4    Circuit remands having reversed on either or both questions regarding Section 230(e)(5)(A)'s scope

5    and "participation in a venture" under Section 1595, that will necessitate the entire case being

6    relitigated according to higher pleading and evidentiary burdens.  Courts in the Northern District

7    routinely conclude that this factor weighs in favor of a stay under similar circumstances.  *E.g.*,

8    *Senne*, 2017 WL 5973487, at *4 (granting stay because the Ninth Circuit's decision on appeal might

9    make it "necessary to decide a second round of dispositive motions and conduct a second trial");

10   *Silbersher*, 2021 WL 292244, at *3 (granting stay "because going forward in the trial court will

11   result in burdensome and expensive discovery and this cost may be needless"); *Canela*, 2018 WL

12   3008532, at *4.

13         Moreover, staying the case pending final resolution of Twitter's Motion will give the Ninth

14   Circuit an opportunity to provide the Circuit-wide clarity necessary for district courts to adjudicate

15   these claims.  This will result in judicial efficiency as there are currently at least three motions for

16   interlocutory appeal pending before different district courts in this Circuit on this precise issue: *JB*,

17   *Reddit*, and this action.  Thus, both judicial economy and the efficient use of the parties' resources

18   militate in favor of staying these proceedings until the certification motions in this Court and others

19   in this Circuit are decided and the Ninth Circuit resolves any appeal on these issues.

20   **IV.    CONCLUSION**

21         To avoid potentially needless expenditures of resources by the parties and this Court, the

22   Court should stay these proceedings if the Court certifies the Order and until either (1) the Ninth

23   Circuit declines the petition for discretionary review; or (2) if the Ninth Circuit grants the petition

24   for review, until thirty (30) calendar days after that court returns the mandate.

25

26

27

28

1   Dated: October 15, 2021                    COOLEY LLP

2

3                                              By: */s/ Michael G. Rhodes*
                                                    Michael G. Rhodes
4
                                               *Attorneys for Defendant*
5                                              *Twitter, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28