COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
JAMIE D. ROBERTSON (326003)
(jdrobertson@cooley.com)
4401 Eastgate Mall
San Diego, California  92121
Telephone:      (858) 550-6000
Facsimile:      (858) 550-6420

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE #1 AND JOHN DOE #2, | Case No. 3:21-cv-00485-JCS |
| Plaintiffs, | **DEFENDANT TWITTER, INC.'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY REQUESTS** |
| v. | |
| TWITTER, INC., | Judge:      Honorable Joseph C. Spero |
| Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT TWITTER, INC.'S
MOT. TO ENLARGE TIME
Case No. 3:21-cv-00485-JCS

**NOTICE OF MOTION AND MOTION TO ENLARGE TIME
TO RESPOND TO DISCOVERY REQUESTS**

**TO ALL THE PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Twitter, Inc. ("Twitter") will and hereby does move this Court for an order pursuant to the Northern District of California Civil Local Rules 6-3 and 7-11 to extend Twitter's time to respond to Plaintiffs' First Combined Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions" (the "Discovery Requests") until 28 days after the Court rules on Twitter's Motion for Stay filed on October 15, 2021.  (ECF No. 81.)  This application is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Linh K. Nguyen, filed concurrently, all records, pleadings and Orders in this Action, and such further argument as the Court may permit.

**MEMORANDUM OF POINTS OF AUTHORITIES**

**I.    INTRODUCTION**

Last week, Twitter filed a Motion for Stay, in which it asks this Court to stay the proceedings if the Court grants Twitter's Motion for Leave to File Motion for Reconsideration or, in the Alternative, Motion for an Order permitting Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion for Leave or Certification," ECF No. 80), and certifies the order denying in part Twitter's motion to Dismiss (ECF No. 69, or the "Order") for interlocutory appeal.  Twitter based that request, among other things, on recent developments in the law regarding the proper scope and application of FOSTA's civil sex trafficking carveout from CDA § 230 immunity.

Because close cases should be resolved in favor of immunity and Twitter's Motion for Leave or Certification identifies recent decisions calling this Court's order on the scope of CDA § 230 immunity into question, this Court should, in an abundance of caution, hear and decide the Motion for Leave or Certification before Twitter's deadline to respond and object to Plaintiffs' Discovery Requests.  This brief extension would thus protect the immunity granted under CDA § 230 if this Court or the Ninth Circuit decides to revisit this Court's prior holding.

**II.    BACKGROUND**

As the Court is aware, on August 19, 2021, the Court dismissed all of Plaintiffs' claims in

the First Amended Complaint (the "FAC") except their Section 1595 beneficiary liability claim based on Twitter's alleged violation of Section 1591(a)(2). (ECF No. 69.)

On October 4, 2021, in light of other Ninth Circuit courts coming to conflicting conclusions regarding the scope of FOSTA's carveout to CDA § 230 immunity and the proper application of the "participation in a venture" element of Sections 1591 and 1595, Twitter filed the Motion for Leave or Certification seeking leave to file a motion for reconsideration or, in the alternative, certification of the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 80.) The same day, Plaintiffs served their Discovery Requests on Twitter including twenty-three interrogatories, twenty-three requests for production, some with subparts, and nine requests for admission. (Nguyen Decl. ¶ 4.) Many of the requests are very broad, and approximately 20 requests are unbounded by any time limits. (Nguyen Decl. ¶ 5.) Under the Federal Rules of Civil Procedure, Twitter must respond to the Discovery Requests on November 3, 2021.[1]

On October 15, 2021, Twitter filed a Motion for Stay requesting that, if the Court grants certification of the Order, that it stay these proceedings until final resolution of any appeal taken up by the Ninth Circuit. (ECF No. 81.) The hearing on Twitter's pending motions is currently calendared for November 19, 2021; thus, without the requested extension, Twitter must respond to the Discovery Requests before this Court will rule on the Motion for Leave or Certification and Motion for Stay.

### III.    ARGUMENT

Pursuant to Civil L.R. 6-3, Twitter submits as follows:

**Reasons for Extending Time:** If the Court does not grant an order extending time, by the time of the hearing on Twitter's Motion for Leave or Certification on November 19, 2021, Twitter will have already been required to respond to the voluminous and extensive Discovery Requests. As is further described in Twitter's Motion for Stay, resolution of the Motion for Leave or Certification could significantly impact the proceedings because both questions Twitter seeks to certify are case dispositive and one also involves immunity from suit. As such, forcing Twitter to respond to the Discovery Requests before the Court rules on the Motion for Leave or Certification

---

[1] The parties had previously and informally agreed to stay discovery pending the Court's order on Twitter's motion to dismiss the FAC. (ECF No. 67 at 4-5.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT TWITTER, INC.'S
MOT. TO ENLARGE TIME
Case No. 3:21-cv-00485-JCS

and Twitter's Motion for Stay could result in burdensome and expensive discovery that may be needless (and, in fact, statutorily barred) if the Court rules in Twitter's favor.  On the other hand, extending Twitter's deadline to respond to the Discovery Requests to 28 days after the Court decides Twitter's Motion for Stay presents no prejudice to Plaintiffs for the same reasons as Twitter detailed in its Motion to Stay, (ECF No. 81 at 9).

**Twitter's Efforts to Obtain Stipulation for Extending Time:** In light of the Motion for Leave or Certification, Twitter's counsel met and conferred with Plaintiffs' counsel regarding a stay of discovery on October 7, 2021.  Plaintiffs' counsel refused to stay discovery pending the Court's resolution of the Motion for Leave or Certification. (Nguyen Decl., ¶ 6.)  Plaintiffs' counsel again declined to stay discovery or extend Twitter's deadline to respond to the Discovery Requests pending the outcome of the Motion for Leave or Certification on October 15, 2021.  (Nguyen Decl., ¶ 7.)

**Substantial Harm and Prejudice Will Occur:** Twitter will face substantial and irreparable harm if it is required to engage in discovery prior to final resolution of the Motion for Leave or Certification.  *See Silbersher v. Allergan Inc.*, 2021 WL 292244, at *3 (N.D. Cal. Jan. 28, 2021) (Spero, J.) (concluding movant would be "irreparably injured without a stay" if required to engage in "burdensome and expensive discovery . . .[that] may be needless" depending on the decision on appeal); *see* ECF No. 81 at 8-10.  The immunity for interactive computer service providers under CDA § 230 is immunity against suit.  *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1202 (N.D. Cal. 2009) (noting that immunity under CDA § 230 protects Defendants "not merely from ultimate liability, but from having to fight costly and protracted legal battles").  Whether the immunity applies should therefore be resolved before the parties engage in costly discovery.  *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254–55, 260 (4th Cir. 2009) (noting that immunity must be resolved before "unlock[ing] the doors of discovery").  Yet since the Order, two other courts in the Ninth Circuit have issued detailed and well-reasoned rulings that conflict with the Order's conclusions regarding the scope of Section 230(e)(5)(A) and the proper application of the "participation in a venture" element of Sections 1591 and 1595. (*See* ECF No. 80 at 5-11, ECF No. 81 at 4-5.)  These conflicting rulings raise serious questions regarding Twitter's CDA

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT TWITTER, INC.'S
MOT. TO ENLARGE TIME
Case No. 3:21-cv-00485-JCS

§ 230 immunity.  Thus, subjecting Twitter to costly, invasive, and protracted litigation now before the Court or the Ninth Circuit can (and should) resolve the important question of the scope of CDA § 230 would undermine the entire purpose of the Congressional grant of immunity through CDA § 230.  *See Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *6, *8–9 (N.D. Cal. Oct. 26, 2011), *aff'd*, 765 F.3d 1123 (9th Cir. 2014); *see also Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 408 (6th Cir. 2014) (noting that CDA § 230 immunity was intended to prevent ICS providers from being subjected to "death by ten thousand duck-bites").  And because "[c]lose cases . . . must be resolved in favor of immunity," *Levitt*, 2011 WL 5079526, at *8, Twitter respectfully submits that the Court should not allow Plaintiffs to take discovery unless and until it is finally decided that their Section 1595 beneficiary liability claim based on Twitter's alleged violation of Section 1591(a)(2) survives.

**Previous Time Modification in This Case:** The Court previously entered the parties' stipulations for briefing schedules for Twitter's motions to dismiss Plaintiffs Complaint and FAC.  (ECF Nos. 34, 45.)  The Court also previously entered the parties' stipulations to extend Twitter's time to answer Plaintiffs' FAC.  (ECF Nos. 73, 76.)

**Effect the Modification Would Have on the Case:** Twitter's requested relief will not have any effect on the case.  There is no risk of prejudice to Plaintiffs from a short extension of Twitter's deadline to respond to the Discovery Requests.  The litigation is not in a critical stage—the parties have not yet submitted a proposed case schedule, no trial date has been set, and the pleadings are not yet finally settled.

As such, there is good cause for the Court to grant Twitter an extension until 28 days after the Court resolves Twitter's Motion for Stay.

Dated: October 18, 2021                    COOLEY LLP

                                           By: */s/ Kyle C. Wong*
                                               Kyle C. Wong

                                           *Attorneys for Defendant*
                                           *Twitter, Inc.*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT TWITTER, INC.'S
MOT. TO ENLARGE TIME
Case No. 3:21-cv-00485-JCS