COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KATHLEEN HARTNETT (314267)
(khartnett@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
3 Embarcadero Center 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
JAMIE D. ROBERTSON (326003)
(jdrobertson@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

Attorneys for Defendant
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE #1 AND JOHN DOE #2,<br><br>            Plaintiff,<br><br>     v.<br><br>TWITTER, INC.,<br><br>            Defendant. | Case No. 3:21-cv-00485-JCS<br><br>**DECLARATION OF LINH K. NGUYEN IN SUPPORT OF DEFENDANT TWITTER, INC.'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY REQUESTS**<br><br>Judge:    Honorable Joseph C. Spero |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NGUYEN DECL. ISO
MOT. TO ENLARGE TIME
CASE NO. 3:21-CV-00485-JCS

I, Linh K. Nguyen, declare as follows:

1. I am an attorney licensed to practice law in California and am an associate at Cooley, LLP and counsel of record for Defendant Twitter, Inc. ("Twitter") in this matter. I make this declaration based on my personal knowledge of this matter and information I obtained following a reasonable investigation of the events described below. If called as a witness, I could and would testify competently to the matters stated herein.

2. On August 19, 2021, the Court granted in part and denied in part Twitter's Motion to Dismiss Plaintiffs' First Amended Complaint. (the "Order", ECF No. 69.) The Court concluded that although Twitter was entitled to immunity under CDA Section 230, the immunity carve-out in 47 U.S.C. 230(e)(5)(A) deprived Twitter of its immunity for Plaintiffs' Section 1595 beneficiary liability claim based on Twitter's alleged violation of Section 1591(a)(2). (ECF No. 69.)

3. On October 4, 2021 and pursuant to a prior stipulation by the parties which was entered by the Court (ECF No. 77), Twitter filed a Motion for Leave to File Motion for Reconsideration or, in the Alternative, Motion for an Order permitting Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) ("Motion for Leave or Certification", ECF No. 80.)

4. On October 4, 2021, Plaintiffs served on Twitter a First Combined Set of Interrogatories, Requests for Production of Documents, and Requests for Admission ("Discovery Requests"). The Discovery Requests include twenty-three interrogatories, twenty-three requests for production, some with subparts, and nine requests for admission.

5. Many of the Requests are very broad. For example, Interrogatory No. 9 asks Twitter to identify "the policy, method, process, and criteria Twitter uses to determine when content and/or a user should be suspended. . . or otherwise limited in distribution on Twitter"; Interrogatory No. 20 asks Twitter to identify and describe "all the ways that [Twitter] monetize[s] [its] platform"; RFP Nos. 10 and 11 seek all versions from 2019 to the present of, among other policies, Twitter's Hateful Conduct Policy, and all communications relating to any changes of that policy; RFP No. 17 seeks "company records . . . for each Twitter user that engaged with the Doe Video(s)"; and RFA No. 6 asks Twitter to admit that it is "aware of the illegal nature of the content associated with certain hashtags." Additionally, approximately 20 Requests are unbounded by any time limits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NGUYEN DECL. ISO
MOT. TO ENLARGE TIME
CASE NO. 3:21-CV-00485-JCS

6. On October 7, 2021, the parties met and conferred with Plaintiffs' counsel regarding a stay of discovery in light of recent developments in cases asserting 18 U.S.C. § 1595 claims and involving CDA § 230(e)(5)(A) before California federal courts and pending the outcome of Twitter's Motion for Leave or Certification. Plaintiffs' counsel refused to agree to a stay of discovery.

7. On October 15, 2021, Twitter's counsel informed Plaintiffs' counsel that Twitter would be filing its Motion for Stay that day and requested that Plaintiffs agree to stay the proceedings or extend Twitter's deadline to respond to the Discovery Requests until 28 days after the Court resolves Twitter's Motion for Stay; Plaintiffs' counsel again refused.

8. Twitter will face substantial and irreparable harm if it is required to engage in discovery before the Court resolves Twitter's Motion for Leave or Certification and Motion for Stay because Twitter will have been forced to engage in costly and burdensome discovery that may be completely unnecessary and, as a result, will have lost the protection of its immunity from suit under CDA § 230 before the Court or the Ninth Circuit can finally determine the scope of Twitter's immunity and the proper application of CDA § 230(e)(5)(A).

9. On February 10, 2021, the Parties sought, and the court granted, an extension for Twitter to respond to the Complaint and to extend the Initial Case Management Conference. (ECF No. 34.) On April 13, 2021, the Parties sought, and the court granted, a stipulated briefing schedule for Twitter's motion to dismiss the FAC and to extend the Initial Case Management Conference. (ECF No. 45.) On September 1, 2021, the Parties sought, and the court granted, an extension for Twitter to answer the FAC. (ECF No. 73.) On September 16, 2021, the Parties sought, and the court granted another extension for Twitter to answer the FAC. (ECF No. 76.)

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on October 18, 2021 in San Diego, California.

/s/ *Linh K. Nguyen*
Linh K. Nguyen
.

Cooley LLP
Attorneys at Law
San Francisco

3

Nguyen Decl. ISO
Mot. to Enlarge Time
Case No. 3:21-cv-00485-JCS