**NATIONAL CENTER ON
SEXUAL EXPLOITATION**
Benjamin W. Bull*
Peter A. Gentala*
Danielle Bianculli Pinter*
Christen M. Price*
1201 F St. NW, Suite 200
Washington, DC, 20004
Telephone: (202) 393-7245
lawcenter@ncose.com

**THE HABA LAW FIRM, P.A.**
Lisa D. Haba*
Adam A. Haba*
1220 Commerce Park Dr., Suite 207
Longwood, FL 32779
Telephone: (844) 422-2529
lisahaba@habalaw.com
adamhaba@habalaw.com

**THE MATIASIC FIRM, P.C.**
Paul A. Matiasic (SBN 226448)
Hannah E. Mohr (SBN 294193)
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 675-1089
matiasic@mjlawoffice.com

*Attorneys for Plaintiffs*
*Admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE #1 AND JOHN DOE #2,

   Plaintiffs,

vs.

TWITTER, INC.,

   Defendant.

Case No. 3:21-cv-00485-JCS

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S ADMINISTRATIVE
MOTION TO ENLARGE TIME TO
RESPOND TO DISCOVERY REQUESTS**

Judge: Honorable Joseph C. Spero

John Doe #1 and John Doe #2 ("Plaintiffs") hereby oppose Defendant Twitter, Inc.'s ("Twitter") Motion to Enlarge Time to Respond to Discovery Requests, ECF No. 82 ("Admn. Mtn."). This Opposition is based on this Memorandum of Points and Authorities, the Declaration of Peter A. Gentala, Plaintiffs' proposed order (both filed concurrently), all records, pleadings, and Orders in this Case, and such further arguments as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This motion, along with the pending motion to stay discovery, is part of Twitter's strategic effort to prevent discovery from ever taking place in this case. Discovery should move forward for Plaintiffs' claim for beneficiary liability under 18 U.S.C. §§ 1591 and 1595 because the Court denied the motion to dismiss as to that claim. Fundamentally, Twitter seeks to reverse the Court's determination—either through reconsideration or appeal—and it maintains that it should not have to respond to discovery until it has exhausted all its efforts.[1]

The Court should deny this Administrative Motion because it is premised on the wrong "harm," and is Twitter's effort to avoid its discovery obligations. Twitter argues that it faces "substantial harm" because "close cases" should be resolved in favor of CDA 230 immunity. But the interlocutory appeal Twitter seeks is not about immunity; it is about the appropriate legal standard to state a claim under 18 U.S.C. §§ 1591(a)(2) and 1595, which has already been determined by this Court. Moreover, after Congress enacted FOSTA in 2018, the "close case"

---

[1] Twitter's Administrative Motion characterizes the discovery requests that it has received as "broad," "voluminous," and "extensive." (Admn. Mtn. at 3.). But when contacted by Plaintiffs' counsel to see if a compromise could be reached as to the scope of Twitter's initial discovery responses, Twitter declined, saying that it should not be subject to any discovery until its Motion for Reconsideration or Appeal was finally decided. (Gentala Decl. at ¶ 9.) Plaintiffs respectfully submit that the current dispute is not about the scope of discovery requests—it is about whether discovery should be halted while Twitter attempts to unwind this Court's Order.

rationale does not apply to civil claims brought by victims of sex trafficking. The "harm" that matters in this case, and for the purpose of this motion, is the one that Congress identified when it enacted FOSTA—the harm victims of online sex trafficking face when they do not have the opportunity to prove their case. Furthermore, this Court has not ruled on the stay of discovery to date, and as such, Twitter's discovery obligations should not be postponed; as Twitter decided to file its Motion to Stay a full two (2) months after the Motion to Dismiss Order was issued.

## II.   BACKGROUND

This action was filed on January 20, 2021. The First Amended Complaint (FAC") was filed on April 7, 2021, adding the second Plaintiff, John Doe #2. (Gentala Decl. ¶ 3.) On April 13, the parties stipulated to a briefing schedule for Twitter's Motion to Dismiss the FAC ("MTD"), which this Court signed as modified the next day. (ECF Nos. 44-5.) Informally, the parties agreed to a stay of discovery during the pendency of Twitter's MTD. (Gentala Decl. at 4.) On August 19, 2021, the Court entered its order granting and denying in part Twitter's MTD. Plaintiffs submitted their First Combined Set of Discovery Requests to Twitter on October 4, 2021. That same day, Twitter filed its Motion for Reconsideration or Certification of the Court's Order. (ECF No. 80.) On October 15, 2021, a full two (2) months after the MTD Order was issued, Twitter filed its Motion to Stay Discovery, which is pending before the Court. (ECF No. 81.)

## III.   TWITTER'S REASONS FOR EXTENDING TIME LACK MERIT

Twitter offers that both questions for which it is seeking certification from this Court are "case dispositive and one involves immunity from suit." (Admn. Mtn. at 3.) This is incorrect.

First, neither is dispositive. In its Order, this Court ruled that, under FOSTA, civil plaintiffs are required to meet a constructive-knowledge standard. This Court then determined

that Plaintiffs' allegations met this standard. (MTD Order at 42-7.) This Court did not reach the question of whether Plaintiffs could meet an actual-knowledge standard, and did not analyze whether Plaintiffs' allegations could satisfy the elevated "participation in a venture" standards argued for by Twitter. If the Ninth Circuit were to reverse this Court regarding the standards required under the statutory framework, it would not necessarily be dispositive of Plaintiffs' claim. As this Court found in its Order, Plaintiffs have made "specific allegations that support an inference that Twitter participated in a 'venture' involving these Plaintiffs." (MTD Order at 43.) Additionally, Plaintiffs allege actual knowledge on Twitter's part—not just constructive knowledge. (FAC ¶¶ 101-02, 112, 114, 121-23.)

Second, Twitter's proposed interlocutory appeal is not about immunity; rather, it is about the statutory *standards* applicable to state claims brought under 18 U.S.C. §§ 1591(a)(2) and 1595. When this Court dismissed Plaintiffs' direct-trafficking claim under 18 U.S.C. § 1591(a)(1) it did "not reach the question of Section 230 immunity as to that claim." By the same token, a finding that Plaintiffs do not state a claim under § 1591(a)(2) would not necessarily reach the question of Section 230 immunity. Simply put, the interlocutory appeal Twitter seeks would not result in a final resolution for this case. Twitter's argument that discovery in the ordinary course of litigation would be "needless (and, in fact statutorily barred) if the Court rules in Twitter's favor" is wrong. (Admn. Mtn. at 4.)

## IV. THE PARTIES' RESPECTIVE POSITIONS REGARDING THIS PROPOSED EXTENSION ARE PART OF THEIR POSITIONS ABOUT WHETHER DISCOVERY SHOULD MOVE FORWARD.

Plaintiffs agreed to a stay of discovery pending the resolution of Twitter's MTD. (Gentala Decl. at ¶ 4.) After this Court's Order denying dismissal of their claim under 18 U.S.C. § 1591(a)(2) and 1595, Plaintiffs have opposed any stay of discovery. (Gentala Decl. at ¶ 6.)

Additionally, Plaintiffs have explored whether a compromise concerning discovery is possible. Specifically, after reviewing Twitter's Motion for Extension, Counsel for Plaintiffs offered to enter into a stipulation limiting Twitter's discovery response obligation. (Gentala Decl. at ¶ 9.) Twitter responded that engaging in discovery was inappropriate until the immunity issues raised in its Motion for Reconsideration were finally settled. (*Id.*)

## V.    TWITTER'S NOTION OF "SUBSTANTIAL HARM" AND "PREJUDICE" IS UNFOUNDED.

Twitter's argument that it will face "substantial and irreparable harm" by discovery is based on a faulty premise—that an interlocutory appeal of the Court's MTD Order would be about CDA 230 immunity *vel non*. (Admn. Mtn. at 4.) It is not for three reasons. First, as discussed above, the question presented by Twitter's interlocutory appeal is the legal standard for civil plaintiffs under the TVPRA and FOSTA. Second, *all* the cases Twitter cites for the proposition that "close cases" should be resolved in favor of immunity are inapposite. Each case focuses on whether allegations sufficiently allege content creation on the part of an interactive computer service provider to exclude them from immunity under CDA 230.[2] By contrast, here Twitter is not liable because it created or materially contributed to the CSAM of the Plaintiffs; it

---

[2] *See*, *Goddard v. Google, Inc.*, 640 F. Supp. 2d 1193, 1201 (N.D. Cal. 2009) (failure to allege "Google created or developed, in whole or in part, any of the [challenged content]"); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (plaintiff had not pled "sufficient facts to show Consumeraffairs.com is an information content provider for purposes of denying statutory immunity"); *Levitt v. Yelp! Inc.*, No. C-10-1321 EMC, 2011 WL 5079526, at *6 (N.D. Cal. Oct. 26, 2011) (Plaintiffs argue CDA 230 immunity doesn't apply to "editorial content created by Yelp"); *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 409 (6th Cir. 2014) (addressing claim ICS providers were also "information content providers with respect to the information underlying [plaintiff's] claims because they developed that information.").

is liable because it knowingly possessed, distributed, and profited from it.[3] Third and finally, with FOSTA, Congress has expressed its intention to override the application of CDA 230 to civil claims brought under §§ 1595 and 1591. Tellingly, none of the cases Twitter cites for its "close case" argument were decided after Congress modified CDA 230 through FOSTA. The concept simply does not apply here. With FOSTA, Congress focused on a different harm—the harm that survivors of sex trafficking on online platforms face when the courthouse doors are closed to them before they have a chance to prove their case.

## VI.      PREVIOUS TIME MODIFICATIONS IN THIS CASE

The Parties have agreed to, and the Court has entered, stipulations for extensions of time for briefing the MTD (ECF Nos. 34-5); to extend Twitter's time to answer the FAC (ECF Nos. 73, 76); and to enlarge Twitter's time to reply to in support of its Motion for Reconsideration/Certification for Interlocutory Appeal (ECF Nos. 76-7; Gentala Decl. ¶ 7).

## VII.     EFFECT THE MODIFICATION WOULD HAVE ON THE CASE

Plaintiffs have been waiting for the opportunity to conduct discovery since they brought this action in January. The parties agreed to an informal stay of discovery pending this Court's determination of Twitter's MTD. (Gentala Decl. at 4.) Plaintiffs do not agree that the Court's Order is appropriate for either reconsideration or for certification for interlocutory appeal. Continued delay in discovery is continued prejudice to Plaintiffs. Under these circumstances discovery should proceed.

//

//

---

[3] Indeed, the Ninth Circuit's decision in *Roommates.com*—the source of the famous "close cases" and death by "ten thousand duck-bites" passage—specifically concludes that "cases of enhancement by implication or development by inference" fall short of avoiding immunity under CDA 230. *See Fair Hous. Council of San Fernando Valley v. Roommates.Com*, LLC, 521 F.3d 1157, 1174–75 (9th Cir. 2008). This issue is simply not relevant to this case.

DATED this 22nd day of October, 2021:

By:     _/s/ *Paul A. Matiasic*_____
        Paul A. Matiasic
        Hannah E. Mohr
        **THE MATIASIC FIRM, P.C.**
        4 Embarcadero Center, Suite 1400
        San Francisco, CA 94111
        Telephone: (415) 675-1089
        *matiasic@mjlawoffice.com*


        Lisa D. Haba*
        Adam A. Haba*
        **THE HABA LAW FIRM, P.A.**
        1220 Commerce Park Dr., Suite 207
        Longwood, FL 32779
        Telephone: (844) 422-2529
        *lisahaba@habalaw.com*
        *adamhaba@habalaw.com*


        Benjamin W. Bull*
        Peter A. Gentala*
        Dani Bianculli Pinter*
        Christen M. Price*
        **NATIONAL CENTER ON SEXUAL**
        **EXPLOITATION**
        1201 F St, NW, Suite 200
        Washington, DC 20004
        Telephone: (202) 393-7245
        *lawcenter@ncose.com*

        ***Attorneys for Plaintiffs***

        *Admitted Pro Hac Vice

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email address denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of October, 2021.

      _/s/ Hannah E. Mohr_
Paul A. Matiasic
Hannah E. Mohr
**THE MATIASIC FIRM, P.C.**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 675-1089
matiasic@mjlawoffice.com
_mohr@mjlawoffice.com_