**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Derek L. Shaffer (Bar No. 212746)
derekshaffer@quinnemanuel.com
1300 I Street NW
Washington, D.C. 20005
Telephone: (202) 538 8000
Facsimile: (213) 538 8100

Dylan C. Bonfigli (Bar No. 317185)
dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443 3000
Facsimile: (213) 443 3100

Attorneys for Defendant X Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE #1 and JOHN DOE #2,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 3:21-cv-00485-JCS<br><br>**DEFENDANT X CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: December 15, 2023<br>Time: 9:30 a.m.<br>Judge: Honorable Joseph C. Spero |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom D of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant X Corp., successor in interest to Twitter, Inc., will and hereby does respectfully move for an order dismissing the plaintiffs' first amended complaint (ECF No. 39) with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the records and files herein; and upon such other oral and documentary evidence as may be presented at the hearing on this Motion.

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........ I

INTRODUCTION ........ 1

BACKGROUND ........ 2

A. Factual Allegations ........ 2

B. Procedural Background ........ 3

ARGUMENT ........ 4

I. THE PLAINTIFFS FAIL TO STATE A CLAIM UNDER 18 U.S.C. §§ 1591(A)(2) AND 1595 ........ 4

A. Under *Reddit*, The Plaintiffs Must Allege That Twitter Violated 18 U.S.C. §§ 1591(a)(2) ........ 5

B. The Plaintiffs Fail To Allege That Twitter, As Opposed To Third Parties, Violated 18 U.S.C. § 1591(a)(2) ........ 7

C. The Plaintiffs Fail To Allege That The Persons Who Posted Content To Twitter Participated In A Sex-Trafficking Venture ........ 10

II. GRANTING LEAVE TO AMEND WOULD BE FUTILE ........ 11

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A.B. v. Shilo Inn, Salem, LLC*,
2023 WL 5237714 (D. Or. Aug. 15, 2023) .......... 6, 8

*Ascon Props., Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) .......... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*Canosa v. Ziff*,
2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) .......... 8

*Does v. Reddit, Inc.*,
Case No. 8:21-CV-00768-JVS-KES, ECF No. 39 .......... 7

*Does v. Reddit, Inc.*,
143 S. Ct. 2560 (2023) .......... 3

*Geiss v. Weinstein Co. Holdings LLC*,
383 F. Supp. 3d 156 (S.D.N.Y. 2019) .......... 6

*J.B. v. Craigslist, Inc.*,
No. 22-15290, 2023 WL 3220913 (9th Cir. May 3, 2023) .......... 6

*Jane Does 1-6 v. Reddit, Inc.*,
51 F.4th 1137 (9th Cir. 2022) .......... passim

*L.W. through Doe v. Snap Inc.*,
2023 WL 3830365 (S.D. Cal. June 5, 2023) .......... 1, 8

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) .......... 11

*Twitter, Inc. v. Taamneh*,
598 U.S. 471 (2023) .......... 9

*United States v. Afyare*,
632 F. App'x 272 (6th Cir. 2016) .......... 6

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6) ........ 4

**Statutes**

18 U.S.C. § 1591 ........ 3, 4, 5, 8

18 U.S.C. § 1591(a)(1) ........ 4, 5, 10, 11

18 U.S.C. § 1591(a)(2) ........ passim

18 U.S.C. § 1591(e)(4) ........ 6

18 U.S.C. § 1592(a)(2) ........ 10

18 U.S.C. § 1595(a) ........ 1

18 U.S.C. § 2333(d)(2) ........ 9

47 U.S.C. § 230(c)(1) ........ 4

47 U.S.C. § 230(e)(5)(A) ........ 4, 5

# INTRODUCTION

The Ninth Circuit's resolution of the parties' interlocutory appeals has left one question for this Court to answer on remand: whether Count II of the Plaintiffs' first amended complaint states a claim under 18 U.S.C. §§ 1591(a)(2) and 1595(a) against X Corp., successor in interest to Twitter, Inc.,[1] for benefitting from third-party trafficking activities. *See* ECF No. 105 at 6. The Ninth Circuit's opinion in *Jane Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022) (dismissing like allegations against Reddit), when read alongside the allegations in this case, compels only one answer to that dispositive question: these Plaintiffs have not stated a valid claim any more than the *Reddit* plaintiffs did.

The Plaintiffs' instant allegations mirror those in *Reddit*. As in *Reddit*, the Plaintiffs allege that Twitter did not adequately police unlawful content on its platform. FAC ¶ 61; *cf. Reddit*, 51 F.4th at 1139 ("The plaintiffs allege that the presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue."). As in *Reddit*, the Plaintiffs allege that such content generates advertising revenue. FAC ¶ 54; *cf. Reddit*, 51 F.4th at 1139 ("Plaintiffs allege that Reddit earns substantial advertising revenue from subreddits that feature child pornography."). And as in *Reddit*, the Plaintiffs allege that Twitter allowed explicit images of them to remain on Twitter after the Plaintiffs reported them. FAC ¶¶ 124, 152; *cf. Reddit*, 51 F.4th at 1139 (noting that "Reddit sometimes—though not always—removed the content" of which the plaintiffs complained).

These allegations fail to show that Twitter "***knowingly*** participated in or benefited from a ***sex trafficking venture***." *Reddit*, 51 F.4th at 1145 (emphasis added). That is because "failing to efficiently monitor or police user-generated content is not punishable under Section 1591[(a)(2)]." *L.W. through Doe v. Snap Inc.*, 2023 WL 3830365, at *2 (S.D. Cal. June 5, 2023) (citing *Reddit*, 51 F.4th at 1145). Rather, this criminal statute requires "knowing participation in the form of assistance, support, or facilitation." *Reddit*, 51 F.4th at 1145. The Plaintiffs have no more alleged

[1] Twitter, Inc. merged into X Corp. and no longer exists. The Twitter platform was renamed to "X." For the sake of clarity and simplicity, however, X Corp. will refer to itself and the X platform as "Twitter" for purposes of this case.

any such criminality on the part of Twitter than the *Reddit* plaintiffs did on the part of Reddit. Nor did the Plaintiffs allege that whoever posted the offending content to Twitter—years after the precipitating episode had concluded—engaged in a sex-trafficking venture. Additionally, granting leave to amend would be futile because the Plaintiffs cannot allege facts showing that Twitter knowingly supported any sex-trafficking venture. Accordingly, this Court should dismiss the one remaining claim in the Plaintiffs' first amended complaint with prejudice and deny leave to amend.

## BACKGROUND

### A. Factual Allegations

The following facts, which Twitter accepts as true for this motion only, are alleged in the first amended complaint:

In 2017, when the Plaintiffs were minors, they were tricked into sending nude photos and videos of themselves to unnamed perpetrators using Snapchat, an online messaging app. FAC ¶¶ 87-89. The perpetrators used the photos to blackmail the Plaintiffs into sending additional photos and videos. *Id.* ¶ 90. John Doe No. 1, who had sent the photos and videos, eventually cut off communications with the perpetrators. *Id.* ¶¶ 94-96.

In January 2020, the Plaintiffs learned that the videos had been posted to Twitter. *Id.* ¶¶ 105, 107. John Doe No. 1 and his mother reported the videos to Twitter using Twitter's reporting process three times beginning on January 21. *Id.* ¶¶ 112-17. They also emailed Twitter about the videos. *Id.* ¶¶ 114, 119, 123. On January 28, 2020, Twitter told John Doe No. 1 that it had reviewed the videos and found no violation. *Id.* ¶ 120. Shortly after, John Doe No. 1's mother contacted an agent of the U.S. Department of Homeland Security, who sent Twitter a takedown request. *Id.* ¶ 128. On January 30, immediately after receiving the takedown request, Twitter removed the videos and suspended the accounts of the users who had posted them. *Id.*

The Plaintiffs do not allege that Twitter played any role in any of the perpetrators' misconduct. There is no allegation that Twitter was involved in creating the photos and videos. Nor is there any allegation that Twitter knowingly assisted the perpetrators who tricked the Plaintiffs into creating the photos and videos. Indeed, the Plaintiffs allege that they were exploited

in 2017, *id.* ¶¶ 87-91, years before the videos surfaced on Twitter, *id.* ¶ 99.

### B. Procedural Background

The Plaintiffs filed their complaint on January 20, 2021, ECF No. 1, and amended it on April 7, 2021, ECF No. 39. As relevant here, the amended complaint asserted a claim for benefitting from a sex trafficking venture in violation of the Trafficking Victims Protection Act, §§ 1591(a)(2) and 1595 (Count II). FAC ¶¶ 144-55.

Twitter moved to dismiss, ECF No. 48, and the Court granted in part and denied in part the motion, ECF No. 69. As to the Plaintiffs' claim under §§ 1591(a)(2) and 1595, the Court rejected Twitter's argument that the Fight Online Sex Trafficking Act (FOSTA) required that the Plaintiffs allege that Twitter—as opposed to third parties who posted content—violated 18 U.S.C. § 1591. ECF No. 69 at 33-42. Based on a broader interpretation of the statutory standard, the Court ruled that the Plaintiffs stated a claim. *Id.* 47. The parties pursued interlocutory appeals, and this Court stayed the case pending resolution of the appeals. ECF No. 85 at 1-2.

While the appeals were pending, the Ninth Circuit issued an opinion in *Does v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022). *Reddit* rejected this Court's approach and held that, "for a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that ***the website's own conduct*** violated section 1591." *Id.* at 1141 (emphasis added). Further, *Reddit* held that this standard is not satisfied when a website allegedly "provides a platform where it is easy to share child pornography, highlights [webpages] that feature child pornography to sell advertising on those pages, allows users who share child pornography to serve as … moderators, and fails to remove child pornography even when users report it." *Id.* at 1145. The *Reddit* plaintiffs petitioned for certiorari, which the Supreme Court denied. *Does v. Reddit, Inc.*, 143 S. Ct. 2560 (2023).

On appeal in this case, the Ninth Circuit affirmed in part and reversed in part. ECF No. 105 at 6. The Ninth Circuit affirmed this Court's order to the extent it dismissed the Plaintiffs' claims. *Id.* The Ninth Circuit reversed to the extent this Court held that the Plaintiffs had stated a claim for benefitting from a sex-trafficking venture in violation of §§ 1591(a)(2) and 1595, holding that the ruling was contrary to *Reddit*. *Id.* at 4-5. The Ninth Circuit remanded "for

further proceedings to be conducted in a manner consistent with … *Reddit*." *Id.* at 6. Twitter now respectfully moves to dismiss the Plaintiffs' sole remaining claim.

## ARGUMENT

This Court must dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil procedure if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When stripped of "conclusory statement[s]," the complaint must do more than "create[] a suspicion of a legally cognizable right of action"; it must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 561 (2007).

### I. THE PLAINTIFFS FAIL TO STATE A CLAIM UNDER 18 U.S.C. §§ 1591(A)(2) AND 1595

As a provider of an "interactive computer service," Twitter is protected by § 230(c)(1) of the Communications Decency Act. 47 U.S.C. § 230(c)(1). The provision states: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id.* This statute "protects websites from liability for material posted on the website by someone else." *Reddit*, 51 F.4th at 1141. In 2018, Congress created a narrow exception to this immunity by passing FOSTA. *Reddit*, 51 F.4th at 1140. That amendment provides: "Nothing in [section 230] … shall be construed to impair or limit … any claim in a civil action brought under section 1595 of title 18***, if the conduct underlying the claim constitutes a violation of section 1591 of that title***." 47 U.S.C. § 230(e)(5)(A) (emphasis added).

Section 1591 "is the federal criminal sex trafficking statute." *Reddit*, 51 F.4th at 1141. Two provisions of § 1591 are relevant here. First, § 1591(a)(1) imposes criminal liability on anyone who "knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1). Second, § 1591(a)(2) imposes criminal liability on anyone who "knowingly …

benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [§ 1591(a)(1)]." 18 U.S.C. § 1591(a)(2). "[S]ection 1595 … provides a civil cause of action for violations of the[se] federal trafficking laws." *Reddit*, 51 F.4th at 1141.

**A. Under *Reddit*, The Plaintiffs Must Allege That Twitter Violated 18 U.S.C. §§ 1591(a)(2)**

In *Reddit*, the Ninth Circuit decided whether the language in § 230(e)(5)(A) referring to the "conduct underlying the claim" requires that the defendant website itself, as opposed to a third party, engage in conduct that violates § 1591. *Reddit* answered yes, holding that "a website's own conduct must violate 18 U.S.C. § 1591 for the immunity exception to apply.'" 51 F.4th at 1143.

*Reddit* further decided whether the plaintiffs there had alleged facts showing that Reddit violated § 1591. The plaintiffs were "the parents of minors, and one former minor, who … had sexually explicit images and videos of them posted to Reddit." *Id.* at 1139. They alleged that, "after discovering explicit images or videos of their children (or themselves) posted to one or more subreddits, they immediately reported the content to the subreddit moderators and to Reddit employees." *Id.* "In response, Reddit sometimes—though not always—removed the content, only for it to be reposted shortly afterward." *Id.* "This cycle repeated again and again across different subreddits." *Id.* "Collectively, the plaintiffs contacted Reddit hundreds of times to report the explicit posts." *Id.*

The plaintiffs also alleged that the "presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue." *Id.* According to those plaintiffs, "Reddit earns substantial advertising revenue from subreddits that feature child pornography because they generate controversy and attract viewers." *Id.* at 1139-40. Further still, the plaintiffs maintained that "Reddit financially benefits from openly hosting child pornography." *Id.* at 1140. And the plaintiffs therefore brought claims under 18 U.S.C. §§ 1591(a)(2) and 1595, "claiming that Reddit is liable as a beneficiary of child sex trafficking." *Id.*

*Reddit* held that these allegations failed to show that Reddit violated § 1591(a)(2). The

plaintiffs needed to allege facts showing that Reddit "knowingly … benefit[ed], financially or by receiving anything of value, from participation in a venture which has engaged in [a sex trafficking act], knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(2). "Participation in a venture," in turn, is defined as "knowingly assisting, supporting, or facilitating" sex trafficking activities. *Reddit*, 51 F.4th at 1145 (quoting 18 U.S.C. § 1591(e)(4)). Construing this language, the Ninth Circuit concluded that, "to hold a defendant criminally liable as a beneficiary of sex trafficking, the defendant must have actually 'engaged in some aspect of the sex trafficking.'" *Id.* (quoting *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)); *accord J.B. v. Craigslist, Inc.*, No. 22-15290, 2023 WL 3220913, at *1 (9th Cir. May 3, 2023).

Accordingly, '[t]he statute does not target those that merely 'turn a blind eye to the source of their [revenue].'" *Reddit*, 51 F.4th at 1145. Rather, "knowingly benefiting from participation in such a venture requires actual knowledge and 'a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit.'" *Id.* (quoting *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019)). "In the absence of direct association with traffickers, [a plaintiff] must 'allege at least a showing of a continuous business relationship between the trafficker and [the defendant] such that it would appear that the trafficker and [the defendant] have established a pattern of conduct or could be said to have a tacit agreement.'" *A.B. v. Shilo Inn, Salem, LLC*, 2023 WL 5237714, at *5 (D. Or. Aug. 15, 2023).

In *Reddit*, the plaintiffs had "not alleged that Reddit knowingly participated in or benefitted from a sex trafficking venture." 51 F.4th at 1145. At most, their allegations "suggest[ed] only that Reddit 'turned a blind eye' to the unlawful content posted on its platform, not that it actively participated in sex trafficking." *Id.* And "the plaintiffs ha[d] not alleged a connection between the child pornography posted on Reddit and the revenue Reddit generates, other than the fact that Reddit makes money from advertising on all popular subreddits." *Id.* at 1145-46. In sum, a website does not violate § 1591(a)(2) if it merely "provides a platform where it is easy to share child pornography, highlights [webpages] that feature child pornography to sell advertising on those pages, allows users who share child pornography to serve as … moderators,

and fails to remove child pornography even when users report it." *Id.* at 1145.

**B. The Plaintiffs Fail To Allege That Twitter, As Opposed To Third Parties, Violated 18 U.S.C. § 1591(a)(2)**

It follows inexorably from *Reddit* that the Plaintiffs have failed to allege facts translating to a valid claim that Twitter violated section 1591(a)(2).

The allegations here substantively match those in *Reddit*. As in *Reddit*, the Plaintiffs allege that "Twitter permits large amounts of human trafficking and commercial sexual exploitation material on its platform, despite having both the ability to monitor it, and actual and/or constructive knowledge of its posting on the platform." FAC ¶ 61; *cf. Reddit*, 51 F.4th at 1139 ("The plaintiffs allege that the presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue."). As in *Reddit*, the Plaintiffs allege that Twitter "profits from content on its platform that depicts rape, sex trafficking, child sexual abuse, and other illegal activity." FAC ¶ 54; *cf. Reddit*, 51 F.4th at 1139 ("Plaintiffs allege that Reddit earns substantial advertising revenue from subreddits that feature child pornography."). And as in *Reddit*, the Plaintiffs allege that Twitter allowed explicit videos of them to remain on Twitter after the Plaintiffs reported them to Twitter. FAC ¶¶ 124, 152; *cf. Reddit*, 51 F.4th at 1139 (noting that "Reddit sometimes—though not always—removed the content" of which the plaintiffs complained). Notably, in *Reddit*, the plaintiffs specifically alleged that "Reddit was made aware of the specific CSEM depicting Plaintiffs and/or their daughters posted to its website, and although it had access to free technology to automatically locate and put an end to further distribution of that CSEM, it failed to do so." *Does v. Reddit, Inc.*, Case No. 8:21-CV-00768-JVS-KES, ECF No. 39 (First Am. Compl.) ¶ 142 (filed July 7, 2021). That well presaged the Plaintiffs' allegations in this case. *See* FAC ¶¶ 124, 152.

Although Twitter strongly disputes the Plaintiffs' allegations, they evidence the same defect that was fatal in *Reddit*: they fail to show that Twitter "knowingly participated in or benefited from a sex trafficking venture." 51 F.4th at 1145. There is no allegation that Twitter "engaged in some aspect of [any] sex trafficking." *Id.* At most, the allegations suggest that

Twitter could have done a better job policing content that traced back to alleged sex trafficking, which had concluded years earlier. *See* FAC ¶¶ 111-20. But "turn[ing] a blind eye" to content is not "active[] participat[ion] in sex trafficking." *Reddit*, 51 F.4th at 1145. As in *Reddit*, "the plaintiffs have not alleged a connection between the child pornography posted on [Twitter] and the revenue [Twitter] generates, other than the fact that [Twitter] makes money from advertising" generally. *Id.*; *see* FAC ¶¶ 31-33.

By contrast, plaintiffs who have alleged beneficiary liability for sex trafficking "have charged defendants with much more active forms of participation"—such as "lur[ing] victims 'through the promise of … deals,' provid[ing] [the perpetrator with] 'medications he required to perform sexual acts," and 'clean[ing] up after his sexual assaults.'" *Reddit*, 51 F.4th at 1145 (quoting *Canosa v. Ziff*, 2019 WL 498865, at *23–24 (S.D.N.Y. Jan. 28, 2019)). No such allegations have been hinted at here. Indeed, the Plaintiffs fall far short of alleging that Twitter and the people who posted images to Twitter had "established a pattern of conduct or could be said to have a tacit agreement.'" *A.B.*, 2023 WL 5237714, at *5. Just as in *Reddit*, therefore, the Plaintiffs here fail to allege that Twitter actively participated in a sex-trafficking venture.

This conclusion is confirmed by *Snap Inc.*, 2023 WL 3830365, at *1, a post-*Reddit* case that applies its teachings. There, the plaintiffs brought claims against Snapchat, alleging that the app was used to facilitate the creation of child pornography. *Id.* at *1-2. Applying "Section 1591's heightened standard" from *Reddit*, the court held that the "Plaintiffs' TVPRA claim [was] plainly deficient." *Id.* at *7. Although the plaintiffs alleged "that Snap knew of the trafficking conduct because it regularly collect[ed] 'troves of [user] data and information,'" the court could not "conclude that Snap's *knowledge* of illicit activity [was] tantamount to *participation* in the activity." *Id.* The "most that [could] be gleaned from Plaintiffs' allegations [was] that Snap should have done a better job monitoring and policing content distributed by its users." *Id.* "But failing to efficiently monitor or police user-generated content is not punishable under Section 1591." *Id.* That reasoning applies here: Twitter's delay in removing the videos of the Plaintiffs should not be mistaken for the commission of a crime under § 1591(a)(2) through knowing, active participation in a sex-trafficking venture. *See id.*

Recent Supreme Court authority highlights why the Plaintiffs cannot validly claim that Twitter actively participated in a sex-trafficking venture. In *Twitter, Inc. v. Taamneh*, the Supreme Court considered a statute, similar to the one here, that imposes civil liability on anyone "who aids and abets, by ***knowingly providing substantial assistance***, or who conspires with the person who committed … an act of international terrorism." 598 U.S. 471, 478 (2023) (emphasis added) (quoting 18 U.S.C. § 2333(d)(2)). There, the plaintiffs alleged that "ISIS was able to upload content to [social-media] platforms and connect with third parties," that "recommendation algorithms matched ISIS-related content to users most likely to be interested in that content," and that the social-media platforms "took insufficient steps to ensure that ISIS supporters and ISIS-related content were removed from their platform." *Id.* at 498.

Those allegations failed to show that the social-media platforms "knowingly provid[ed] substantial assistance" to ISIS. *Id.* at 498-99. The allegations did not "suggest that [the social-media platforms] culpably 'associate[d themselves] with" [a terrorist] attack, "participate[d] in it as something that [they] wishe[d] to bring about," or sought "by [their] action to make it succeed.'" *Id.* at 498. The Supreme Court specifically rejected the argument that the social-media platforms' algorithms resulted in the provision of substantial assistance because "[o]nce the platform and sorting-tool algorithms were up and running, defendants at most allegedly stood back and watched." *Id.* at 499.

This reasoning confirms beyond all doubt that Twitter has not knowingly participated in a sex-trafficking venture. At most, as in *Taamneh*, the Plaintiffs have alleged that "Twitter has not adequately used the technology that is within its power and control to effectively remove" offending content "from its platform," FAC ¶ 63, and catered to users' preferences by maintaining popular content, *id.* ¶ 79. As in *Taamneh*, that falls short of establishing that Twitter knowingly assisted an underlying, ongoing criminal enterprise. 598 U.S. at 498.

For all of these reasons, the Plaintiffs failed to allege that Twitter "knowingly participated in or benefited from a sex trafficking venture." *Reddit*, 51 F.4th at 1145. As such, the Court should dismiss Count II of the plaintiffs' first amended complaint. *See id.*

### C. The Plaintiffs Fail To Allege That The Persons Who Posted Content To Twitter Participated In A Sex-Trafficking Venture

Count II fails for the additional reason that the plaintiffs have not alleged that the persons who posted images of them to Twitter participated in a venture that violated § 1591(a)(1). As noted above, § 1591(a)(1) imposes criminal liability on anyone who "knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person … knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1). And § 1592(a)(2) imposes criminal liability on anyone who "knowingly … benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [§ 1591(a)(1)]." 18 U.S.C. § 1591(a)(2).

Here, the Plaintiffs failed to allege that the persons who posted the offending content on Twitter violated § 1591(a)(1). The Plaintiffs allege that, in 20**17**, unnamed perpetrators tricked them into sending nude images and videos of themselves using an online messaging app. FAC ¶¶ 87-89. From there, the Plaintiffs allege that,"[a]t some point in 20**19**, those images and videos appeared in a compilation video surfaced on Twitter," and that the content was "posted by the Twitter user handles @StraightBross and @fitmalesblog." *Id.* ¶ 99 (emphasis added). But the Plaintiffs do not allege facts establishing a connection between the persons using those Twitter handles and the persons who blackmailed them into sending the content two years earlier, in 2017. *See id.* ¶¶ 87-89, 99.

Another case may decide whether the persons who first procured the offending content in fact violated § 1591(a)(1) by "solicit[ing]" the plaintiffs to engage in a "commercial sex act." 18 U.S.C. § 1591(a)(1). But that case can have no bearing whatsoever on this one, because there is no allegation here that the persons who posted the content are the same ones who procured it. Nor does it follow that the persons who ***posted*** the offending content thereby violated § 1591(a)(1). Simply posting an ***image*** that qualifies as child pornography is not the same thing as trafficking in the ***actual person*** who is depicted. For the latter crime, an offender is someone who "knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or

solicits by any means a person … knowing … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1).

Put simply, the Plaintiffs have not connected the dots between the persons who procured the offending content in 2017, the persons who posted it in 2020, and Twitter. Because the Plaintiffs have not even alleged that the persons who posted the offending content to Twitter were engaged in a sex-trafficking venture, the basis for dismissal is clear-cut. Mere use of Twitter by persons who upload illicit images cannot possibly equate with Twitter "knowingly … benefit[ing], financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of [§ 1591(a)(1)]." 18 U.S.C. § 1591(a)(2). Count II fails for this additional reason.

## II. GRANTING LEAVE TO AMEND WOULD BE FUTILE

In light of *Reddit*, the Plaintiffs cannot amend their complaint to state a valid claim under § 1591(a)(2). This Court has considerable discretion to deny leave to amend. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). Its discretion is "particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). And "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Salameh*, 726 F.3d at 1133.

Here, the Plaintiffs allege that third parties posted offending content to Twitter and that Twitter did not promptly remove that content in response to their complaints. But the Plaintiffs have not alleged any connection between the persons who posted the content and Twitter beyond the fact that the persons who posted the content had Twitter accounts. Under *Reddit*, these allegations do not show that Twitter "knowingly participated in or benefited from a sex trafficking venture." *Reddit*, 51 F.4th at 1145. Nor can Plaintiffs realistically allege game-changing facts that would fundamentally transform their theory. Indeed, the Plaintiffs have already amended their complaint and even had the opportunity to amend their complaint in response to the arguments presented by this motion. The absence of any suggestion that they might have basis to amend confirms that they perceive no additional facts that would make a legal difference under the relevant statutes. *See* ECF No. 38 (Twitter's first motion to dismiss); ECF No. 39 (first amended

complaint). Accordingly, the Court should deny any last-minute request by the Plaintiffs for leave to amend.

**CONCLUSION**

The Court should dismiss the one remaining claim in the Plaintiffs' first amended complaint with prejudice and deny leave to amend.

Dated: October 13, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Derek L. Shaffer*
Derek L. Shaffer
Dylan C. Bonfigli

*Attorneys for Defendant X Corp., formerly Twitter, Inc.*