UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-00485-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 117 |

## I.   INTRODUCTION

Following an interlocutory appeal of this Court's August 19, 2021 order granting in part and denying in part Defendant's motion to dismiss, dkt. no. 69 ("August 19 Order"), one claim remains in this case. Presently before the Court is Defendant X Corp.'s Motion to Dismiss Plaintiffs' First Amended Complaint, dkt. no. 117 ("Motion"), in which it contends this remaining claim must be dismissed under *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1139 (9th Cir. 2022), cert. denied sub nom. *Does v. Reddit, Inc.*, 143 S. Ct. 2560 (2023).[1] The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the hearing scheduled for December 15, 2023. The Case Management Conference scheduled for the same date is also vacated. For the reasons stated below, the Motion is GRANTED.[2]

---

[1] Although Twitter, Inc. has now merged into X Corp., Defendant continues to refer to itself and its platform as "Twitter" for the purposes of this case "for the sake of clarity and simplicity." Motion at 1 n. 1. The Court does the same.

[2] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

## II.   BACKGROUND

### A.   The First Amended Complaint[3]

Plaintiffs' First Amended Complaint ("FAC"), which is the operative complaint, contains detailed allegations describing: 1) Twitter's platform, business model and content moderation policies and practices (FAC ¶¶ 23-51); 2) the ways Twitter allegedly permits and even aids in the distribution of child pornography on its platform and profits from doing so (FAC ¶¶ 52-84); 3) how pornographic content featuring John Doe #1 and John Doe #2 was created and eventually ended up on Twitter's platform (FAC ¶¶ 85-100); and 4) Twitter's response to requests that the pornographic photos and videos containing Plaintiffs' images be removed from Twitter (FAC ¶¶ 101-132).

Based on these allegations, Plaintiffs assert the following claims:

1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591(a)(1) and 1595(a) based on the allegation that "Twitter knew, or was in reckless disregard of the fact, that through monetization and providing, obtaining, and maintaining [child sexual abuse material ("CSAM")] on its platform, Twitter and Twitter users received something of value for the video depicting sex acts of John Doe #1 and John Doe #2 as minors."  FAC ¶¶ 133-143 (Claim One);

2) violation of the TVPRA, 18 U.S.C. §§ 1591(a)(2) and 1595(a), based on the allegation that Twitter "knowingly benefited, or should have known that it was benefiting, from assisting, supporting, or facilitating a violation of 1591(a)(1)." FAC ¶¶ 144-155 (Claim Two);

3)  violation of the duty to report child sexual abuse material under 18 U.S.C. §§ 2258A and 2258B.  FAC ¶¶ 156-163 (Claim Three);

4) civil remedies for personal injuries related to sex trafficking and receipt and distribution of child pornography under 18 U.S.C. §§ 1591, 2252A, and 2255, based on the allegations that Twitter was "notified of the CSAM material depicting John Doe #1 and John Doe #2 as minors on its platform and still knowingly received, maintained, and distributed this child pornography after

---

[3] This section is taken verbatim from the Court's August 19 Order.  It is repeated here for the convenience of the reader.

such notice[,]" causing Plaintiffs to suffer "serious harm and personal injury, including, without limitation, physical, psychological, financial, and reputational harm." FAC ¶¶ 164-176 (Claim Four);

5) California products liability based on the allegedly defective design of the Twitter platform, which is "designed so that search terms and hashtags utilized for trading CSAM return suggestions for other search terms and hashtags related to CSAM" and through use of "algorithm(s), API, and other proprietary technology" allows "child predators and sex traffickers to distribute CSAM on a massive scale" while also making it difficult for users to report CSAM and not allowing for immediate blocking of CSAM material once reported pending review. FAC ¶¶ 177-190 (Claim Five);

6) negligence based on allegations that Twitter had a duty to protect Plaintiffs, had actual knowledge that CSAM containing their images was being disseminated on its platform and failed to promptly remove it once notified. FAC ¶¶ 191-197 (Claim Six);

7) gross negligence based on the same theory as Plaintiffs' negligence claim. FAC ¶¶ 198-203 (Claim Seven);

8) negligence per se based on the allegation that Twitter's conduct violated numerous laws, including 18 U.S.C. §§ 1591 and 1595 (benefiting from a sex trafficking venture), 18 U.S.C. § 2258A (failing to report known child sexual abuse material), 18 U.S.C. § 2552A (knowingly distributing child pornography), Cal. Civ. Code § 1708.85 (intentionally distributing non-consensually shared pornography), and Cal. Penal Code § 311.1 (possessing child pornography). FAC ¶¶ 204-26 (Claim Eight);

9) negligent infliction of emotional distress. FAC ¶¶ 207-212 (Claim Nine);

10) distribution of private sexually explicit materials, in violation of Cal. Civ. Code § 1708.85, based on the allegation that "[b]y refusing to remove or block the photographic images and video depicting him after Plaintiff John Doe #1 notified Twitter that both he and John Doe #2 were minors, Twitter intentionally distributed on its online platform photographic images and video of the Plaintiffs." FAC ¶¶ 213-218 (Claim Ten);

11) intrusion into private affairs, based on the allegation that "Twitter intentionally

3

intruded into Plaintiffs' reasonable expectation of privacy by continuing to distribute the photographic images and video depicting them after John Doe #1 notified Twitter that Plaintiffs were minors and the material had been posted on its platform without their consent." FAC ¶¶ 219-223 (Claim Eleven);

12) invasion of privacy under the California Constitution, Article 1, Section 1.  FAC ¶¶ 224-228 (Claim Twelve); and

13) violation of California Business and Professions Code § 17200 ("UCL") based on allegations that "Twitter utilized and exploited Plaintiffs for its own benefit and profit" and "Plaintiffs, to their detriment, reasonably relied upon Twitter's willful and deceitful conduct and assurances that it effectively moderates and otherwise controls third-party user content on its platforms."  FAC ¶¶ 229-234 (Claim Thirteen).

Plaintiffs seek compensatory and punitive damages, injunctive relief, restitution, disgorgement of profits and unjust enrichment and attorneys' fees and costs.

### B.     The August 19 Order

As relevant here, the Court found in its August 19 Order that Plaintiffs' TVPRA claim for direct sex trafficking in violation of U.S.C. §§ 1591(a)(1) and 1595(a) (Claim One) and for possessing, receiving, maintaining, and distributing child pornography in violation of 18 U.S.C. §§ 2252A, 2255 (Claim Four) failed to state a claim.  With respect to the former, the Court reasoned that the verbs in Section 1591(a)(1) relate to a "person" and that here, Twitter's alleged conduct related not to a person but to the videos of Plaintiffs that were posted on the Twitter platform.  August 19 Order at 33.  As to Claim Four, the Court found that Section 230(c) of the Communications Decency Act ("CDA") precluded Plaintiffs from stating a viable claim for possession and distribution of child pornography because that claim was aimed at Twitter's failure to remove content from its platform, thus treating Twitter as a traditional publisher.  *Id.* at 49-52.

On the other hand, the Court rejected Twitter's argument that Plaintiffs' TVPRA claim for beneficiary liability under 18 U.S.C. §§ 1591(a)(2) and 1595(a) (Claim Two) ("beneficiary liability claim") failed to state a claim.  Acknowledging that the case law addressing the interplay between these two provisions in the context of interactive computer service ("ICS") providers and

third-party content was scant, the Court addressed three questions: 1) "[H]ow stringent is the *mens rea* requirement as to Twitter's knowledge of whether Plaintiffs were victims of sex trafficking[?]"; 2) [W]hat must be alleged to show that Twitter participated in a 'venture[?]' "; and 3) "[W]hat must be alleged to show that Twitter received a benefit from the sex trafficking venture and that the benefit motivated its conduct." *Id.* at 33-47.

With respect to the first question, the Court concluded that where a plaintiff seeks to impose civil liability under Section 1595 based on a violation of Section 1591(a)(2), the constructive knowledge language in Section 1595 ("knew or should have known") applies rather than the actual knowledge standard of Section 1591(a)(2). *Id.*

The Court further found that to meet the "participation in a venture" requirement, a plaintiff is not required to meet the stringent requirements that apply to criminal liability under Section 1591, namely, actual knowledge of the sex trafficking and some overt act that furthered the sex trafficking aspect of the venture. *Id.* Instead, the Court found that it was sufficient to allege a continuous business relationship between the sex trafficker and the defendant such that it would appear that the trafficker and the defendant had a tacit agreement. *Id.*

Finally, the Court found that a plaintiff seeking to impose beneficiary liability under Section 1595 and 1591(a)(2) does not need to allege facts establishing that the "benefit" in these sections derived directly from – and was knowingly received in exchange for – participating in a sex-trafficking venture. *Id.* Instead, the Court concluded that a plaintiff must establish only that the defendant knowingly received a financial benefit from its relationship with the sex trafficker. *Id.*

With respect to the exemption from CDA § 230 immunity adopted under FOSTA (codified at 47 U.S.C. § 230(e)(5)), the Court concluded that that exemption was not limited to claims that meet the stringent criminal law standards applicable to claims asserted under Section 1591, relying on FOSTA's remedial purpose and the broader framework of the TVPRA. *Id.*

Applying these standards, the Court found that the allegations in the FAC were sufficient to state a claim for beneficiary liability under the TVPRA and therefore, that Claim Two was sufficiently pled.

5

For reasons that are not relevant here, the Court dismissed Plaintiffs' remaining claims (Claim Three and Claims Five through Thirteen) with prejudice. Plaintiffs did not challenge the Court's dismissal of those claims on appeal.

### C. The *Reddit* Decision

On August 24, 2022, while the interlocutory appeal in this case was pending, the Ninth Circuit decided *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1139 (9th Cir. 2022), cert. denied sub nom. *Does v. Reddit, Inc.*, 143 S. Ct. 2560 (2023) ("*Reddit*"). In that case, users of the social media platform Reddit "posted and circulated sexually explicit images and videos of minors online" and "the victims, or their parents, sued Reddit pursuant to 18 U.S.C. § 1595." 51 F.4th at 1139. The court held, as a matter of first impression, that FOSTA's immunity exception to CDA § 230 in this context is "contingent upon a plaintiff proving that a defendant-website's own conduct—rather than its users' conduct—resulted in a violation of 18 U.S.C. § 1591." *Id.* In particular, the court found that "FOSTA requires that a defendant-website violate the criminal statute by directly sex trafficking or, with actual knowledge, 'assisting, supporting, or facilitating' trafficking, for the immunity exception to apply." *Id.* at 1145.

The court in *Reddit* went on to hold that on the facts of that case, the plaintiffs failed to state a claim for beneficiary liability under the TVPRA. *Id.* at 1146. In reaching this conclusion, the court reasoned that the allegations did not meet the requirement that Reddit must have "participat[ed] in a venture" under § 1591(a)(2) because they did not establish that Reddit "knowingly benefit[ted] from knowingly participating in child sex trafficking." *Id.* at 1145. This requirement, the court stated, "requires actual knowledge and a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit." *Id.* (internal quotation and citation omitted). The court explained:

> In this case, the plaintiffs have not alleged that Reddit knowingly participated in or benefitted from a sex trafficking venture. They allege that Reddit provides a platform where it is easy to share child pornography, highlights subreddits that feature child pornography to sell advertising on those pages, allows users who share child pornography to serve as subreddit moderators, and fails to remove child pornography even when users report it, as the plaintiffs did in this case. Together, they say, this amounts to knowing participation in a sex trafficking venture.

6

> Taken as true, these allegations suggest only that Reddit "turned a blind eye" to the unlawful content posted on its platform, not that it actively participated in sex trafficking. *See Afyare*, 632 F. App'x at 286. Moreover, the plaintiffs have not alleged a connection between the child pornography posted on Reddit and the revenue Reddit generates, other than the fact that Reddit makes money from advertising on all popular subreddits. *See Noble*, 335 F. Supp. 3d at 524 (finding insufficient connection between general benefits defendant received from working for individual who perpetrated sex trafficking and the perpetrator's conduct toward the victim). Plaintiffs who have successfully alleged beneficiary liability for sex trafficking have charged defendants with far more active forms of participation than the plaintiffs allege here. *See, e.g., Canosa v. Ziff*, No. 18 CIV. 4115 (PAE), 2019 WL 498865, at *23–24 (S.D.N.Y. Jan. 28, 2019) (denying motion to dismiss beneficiary liability claims where plaintiffs alleged affiliates of Harvey Weinstein lured victims "through the promise of production deals," provided Weinstein "medications he required to perform sexual acts," and "cleaned up after his sexual assaults"). As such, the plaintiffs have failed to state a claim that Reddit violated 18 U.S.C. § 1591.

*Id.* at 1145-46.

### D.  The Ninth Circuit's Opinion

On appeal, Plaintiffs challenged the Court's dismissal of Claims One and Four. The court of appeals affirmed this Court's dismissal of those claims. *Doe #1 v. Twitter, Inc.*, No. 22-15103, 2023 WL 3220912, at *2 (9th Cir. May 3, 2023). Twitter challenged the Court's denial of its motion to dismiss as to Claim Two, certifying the following questions for interlocutory appeal: "1) whether the immunity carve-out in Section 230(e)(5)(A) requires that a plaintiff plead a violation of Section 1591; and 2) whether 'participation in a venture' under Section 1591(a)(2) requires that a defendant have a 'continuous business relationship' with the traffickers in the form of business dealings or a monetary relationship." *Id.* at *1. The court of appeals reversed this Court's holding as to Claim Two, finding that it was contrary to *Reddit* on the two questions that were certified for interlocutory appeal as to this claim. *Id.*

The Court of Appeals explained its holding as to Claim Two as follows:

> With respect to Count 2, the legal standard applicable to that issue has now been decided by *Jane Does 1–6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022), petition for cert. filed, —— U.S.L.W. —— (U.S. Jan. 25, 2023) (No. 22-695). *Reddit* answered the first certified question in the affirmative: "[F]or a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that the website's own conduct violated section 1591." 51 F.4th at 1141. *Reddit* answered the second question in the negative: "In a sex trafficking beneficiary suit against a defendant-website, the most important component is the defendant

7

> website's own conduct—its 'participation in the venture.' " *Id*. at 1142. "A complaint against a website that merely alleges trafficking by the website's users—without the participation of the website—would not survive." *Id*. The term " '[p]articipation in a venture,' in turn, is defined as 'knowingly assisting, supporting, or facilitating' sex trafficking activities. [18 U.S.C.] § 1591(e)(4). Accordingly, establishing criminal liability requires that a defendant knowingly benefit from knowingly participating in child sex trafficking." *Id*. at 1145. *Reddit* therefore requires a more active degree of "participation in the venture" than a "continuous business relationship" between a platform and its users. Because these questions certified for interlocutory appeal are controlled by *Reddit*, the district court's contrary holding is reversed.

*Id.* Accordingly, the court of appeals reversed this Court's order with respect to Claim Two and remanded "for further proceedings to be conducted in a manner consistent with this court's *Reddit* decision." *Id.* at *2.

### E.   Contentions of the Parties

In the Motion, Twitter contends the rule announced in *Reddit* supports the same conclusion in this case as the court reached in *Reddit* with respect to Plaintiffs' beneficiary liability claim because the facts alleged in the FAC match the facts in *Reddit.* Motion at 5-8. In particular, Twitter argues:

> As in *Reddit*, the Plaintiffs allege that Twitter did not adequately police unlawful content on its platform. FAC ¶ 61; *cf. Reddit*, 51 F.4th at 1139 ("The plaintiffs allege that the presence of child pornography on Reddit is blatant, but Reddit has done little to remove the unlawful content or prevent it from being posted, because it drives user traffic and revenue."). As in *Reddit*, the Plaintiffs allege that such content generates advertising revenue. FAC ¶ 54; *cf. Reddit*, 51 F.4th at 1139 ("Plaintiffs allege that Reddit earns substantial advertising revenue from subreddits that feature child pornography."). And as in *Reddit*, the Plaintiffs allege that Twitter allowed explicit images of them to remain on Twitter after the Plaintiffs reported them. FAC ¶¶ 124, 152; *cf. Reddit*, 51 F.4th at 1139 (noting that "Reddit sometimes—though not always—removed the content" of which the plaintiffs complained).

*Id.* at 1; *see also* Reply at 9-10 (summarizing allegations in the operative complaint in *Reddit*, No. 8:21-CV-00768-JVS-KES, ECF No. 39 (First Am. Compl.) (filed July 7, 2021) ("*Reddit* FAC")). Consequently, Twitter asserts, Plaintiffs' beneficiary liability claim fails for the same reason the beneficiary liability claim asserted in *Reddit* failed, namely, because they have not alleged facts establishing that the Twitter "knowingly participated in or benefited from a sex trafficking

8

venture." *Id.*

Plaintiffs contend *Reddit* is distinguishable and therefore, that it does not bar their beneficiary liability claim because this case, unlike *Reddit,* is an "actual knowledge" case. Opposition at 1, 12-13. In particular, Plaintiffs contend, their FAC alleges that Twitter "knew that child sexual abuse material ('CSAM') presenting two 13-year-old boys engaged in sex acts was on their servers and was being widely distributed on their platform[;]" "knew that this CSAM was created through an act of sex trafficking, and that the sex trafficking was ongoing on its platform, as thousands of users interacted with and received value for the CSAM[; and] deliberately refused to remove the CSAM, instead choosing to leave the material on its platform and affirmatively electing not to report it to the National Center of Missing and Exploited Children[.]" *Id.* at 1.   In contrast, Plaintiffs assert, "the platform in *Reddit* was not aware of the ages of the child victims, did not confirm its review of their specific CSAM and the associated user interaction, and did not write to the victims telling them that the CSAM would remain on the platform." *Id.*

Plaintiffs contend Twitter's Motion should be denied because: 1) they have plausibly alleged a claim for beneficiary liability; 2) their claim meets the standards set forth in *Reddit* for the FOSTA exemption to CDA § 230 immunity to apply; and 3) their beneficiary-liability claim does not treat Twitter as a "publisher" or "speaker" and therefore falls outside the scope of CDA § 230. *Id.* at 1-2.

### III. ANALYSIS

#### A. Legal Standards Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted.  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

1    takes "all allegations of material fact as true and construe[s] them in the light most favorable to the
2    non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).
3    Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that
4    would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
5    1990). A complaint must "contain either direct or inferential allegations respecting all the material
6    elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v.
7    Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
8    1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation
9    of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
10   (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion
11   couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.
12   265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of
13   'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)
14   (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the
15   plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable
16   inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S.
17   at 570).

**B.    Discussion**

19   The Ninth Circuit remanded this case for consideration of whether the FOSTA exemption
20   from CDA § 230 immunity applies in this case under the standards set forth in *Reddit*. The Court
21   finds that it does not.[4]

---

[4] The Court rejects Plaintiffs' assertion that Claim Two should be permitted to go forward because it does not treat Twitter as a publisher and therefore falls outside of Section 230 immunity altogether. In its August 19 Order, this Court assumed Plaintiffs' beneficiary liability claim treated Twitter as a publisher but did not decide that question. *See* August 19 Order at 38 ("The hotel line of cases, however, does not answer the question of whether the same standards apply where a civil claim is asserted under Section 1591(a)(2) against an ICS provider and thus (arguably) falls within the ambit of Section 230 immunity."). The Ninth Circuit, however, explicitly held that "[b]ecause the complaint targets 'activity that can be boiled down to deciding whether to exclude material that third parties seek to post online,' such activity 'is perforce immune under section 230.'" 2023 WL 3220912, at *2 (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170-1171 (9th Cir. 2008)). While that statement was made in the context of discussing Claim Four, it is broad enough to encompass

10

The principal teaching of *Reddit* is that in order for Plaintiffs to invoke FOSTA's exemption to CDA § 230, they must show that Twitter's own conduct violated Section 1591. *See* 51 F.th at 1142. The court in *Reddit* made clear that "[a] complaint against a website that merely alleges trafficking by the website's users—without the participation of the website—would not survive." *Id.* Plaintiffs argue that they have met the *Reddit* standard because they have alleged facts showing Twitter had "actual knowledge" that the photos were the product of child sex trafficking and affirmatively refused to remove them. The material facts alleged by Plaintiffs, however, are essentially the same as the ones alleged in *Reddit* as to the website's awareness of and participation in alleged sex trafficking and that were found to be insufficient by the Ninth Circuit.[5]

In *Reddit,* as in this case, the plaintiffs alleged that the website had both general knowledge that child sexual abuse material ("CSAM") proliferated on its platform and specific knowledge that CSAM depicting the plaintiffs was being posted and shared on it. *See, e.g. Reddit* FAC ¶¶ 4 (despite Reddit's "ability to enforce" its policy banning child pornography "and awareness of the continued prevalence of child pornography on its websites, Reddit continues to serve as a safe haven for such content."), 5 ("Reddit has taken no real action to prevent users from uploading child pornography in the first place."), 53 ("Reddit famously refuses to take down content, including content that violates its no child pornography policy, largely because Reddit benefits

---

the conduct that is at issue in Claim Two as well. It is also consistent with the Ninth Circuit's holding in *Reddit* to the extent the Court found in that case that the plaintiffs' beneficiary liability claim based on Reddit's alleged failure to remove child pornography treated Reddit as a "publisher or speaker" under Section 230. Therefore, the Court concludes that this question has already been decided by the Court of Appeals, both in this case and under *Reddit*.

[5] Plaintiffs contend that their allegations are similar to the ones in *Doe v. Mindgeek USA Inc.*, 558 F.Supp.3d 828, 837 (C.D. Cal. 2021), in which the court found that a plaintiff could sue a pornographic website operator under the TVPRA based on allegations that the operator knowingly posted, enabled posting of, and profited from pornographic videos featuring persons under the age of 18. The facts of that case are distinguishable, however, in that the website operator in that case affirmatively encouraged the posting of CSAM in various ways, including using video playlists and tags highlighting that the videos featured minors, directing posters to a "How to Succeed" page encouraging them them to use tags such as "teen" and "school" and suggesting search terms to their users, such as "young girls," "middle school girls," "middle school sex," "middle schools," and "middle student." 558 F.Supp. 3d at 832. *Mindgeek* also does not shed light on the application of the *Reddit* standard because it was decided before the Ninth Circuit decided *Reddit* and moreover, it relied on the reasoning of this Court in the opinion that the Ninth Circuit has now reversed. *Id.* at 836.

financially from the user traffic these posts drive to the site, not to mention because Reddit receives advertising revenue by maintaining controversial yet popular content on the subreddits.).

Further, in *Reddit*, as in this case, the plaintiffs alleged that at least in some instances, Reddit affirmatively "refused" to remove "child pornography" containing sexually explicit images and video of the plaintiffs when they or their parents alerted Reddit of the child pornography. *Reddit* FAC ¶ 53 ("Despite repeated requests, in many instances, it took weeks, if not months, for Reddit to take down illegal videos and images depicting Plaintiffs (and/or their daughters) in a sexually explicit manner. *In other instances, Reddit refused to remove the images*, or simply failed to respond to the requests. This was despite Plaintiffs' repeated outreach to individual moderators, as well as Reddit administrators, informing them of the fact that there was child pornography on their subreddits.") (emphasis added). The Ninth Circuit in *Reddit* alludes to this allegation when it states in the fact section of its opinion that "[i]n response [to requests to remove explicit images and videos of plaintiffs], Reddit sometimes—*though not always*—removed the content." 51 F.4th at 1139 (emphasis added).

Plaintiffs attempt to distinguish *Reddit* on the basis that Reddit "used non-employee, volunteer moderators to supervise the subreddits" where CSAM proliferated, Opposition at 12, but the plaintiffs in *Reddit* alleged – and the Ninth Circuit recognized – that requests to remove the offensive posts were also made directly to Reddit employees, just as the requests in this case are alleged to have been made directly to Twitter.  *See* 51 F.4th at 1139 ("Each plaintiff tells a similar story: after discovering explicit images or videos of their children (or themselves) posted to one or more subreddits, they immediately reported the content to the subreddit moderators *and to Reddit employees*.").   Therefore, the Court concludes that under *Reddit,* the conduct alleged in this case amounts to "turning a blind eye" rather than "active participation" in sex trafficking and therefore does not amount to a criminal violation of section 1591(a)(2) as is required to fall outside of the immunity established under CDA § 230.[6]

---

[6] The Court need not reach Twitter's argument that Plaintiffs' beneficiary liability claim fails for the separate reason that the CSAM of Plaintiffs is not alleged to have been uploaded by the same

## IV. CONCLUSION

The Court finds that Plaintiffs' beneficiary liability claim fails under the standard set forth in *Reddit*. Further, Plaintiffs have not pointed to any way they can salvage this claim by amendment. Therefore, the Court GRANTS Twitter's Motion and dismisses Plaintiffs' remaining claim with prejudice and without leave to amend. The Clerk is instructed to enter judgment in favor of Twitter and close the case.

**IT IS SO ORDERED.**

Dated: December 11, 2023

JOSEPH C. SPERO
United States Magistrate Judge

---

individuals who allegedly engaged in sex trafficking three years earlier, when the original images were procured. The Court notes, however, that the allegations on that question are unclear. Although Plaintiffs do not explicitly allege that the images were uploaded to Twitter by the same individuals who are alleged to have procured the explicit content, they do suggest that it could have been the same individuals when they allege that "[a]t some point in 2019, those saved images and videos appeared in a compilation video surfaced on Twitter" FAC ¶ 99, and that "[t]he fact that the CSAM images and video appeared outside of the Snapchat platform shows that the Traffickers saved copies of the images and videos." FAC ¶ 100.

13